# Exhibit 25G

1233 Twentieth Street NW
Suite 800
Washington, DC 20036-2396
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

# PROSKAUER ROSE LLP

**Christopher Wolf**
Member of the Firm

Direct Dial 202.416.6818
cwolf@proskauer.com

January 5, 2006

**<u>Via Telecopy & Certified Mail, Return Receipt Requested</u>**

Federal Bureau of Investigation
Record Information/Dissemination Section
Service Request Unit, Room 6359
935 Pennsylvania Avenue, NW
Washington, DC 20535

Re:    <u>Freedom of Information Act Request (Expedited Processing Requested)</u>

Dear Sir or Madam:

This letter constitutes a request for records on behalf of the Servicemembers Legal Defense
Network pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and regulations
promulgated thereunder by the Department of Justice, 28 C.F.R. part 16.  In addition, other
organizations have asked that the Servicemembers Legal Defense Network submit this request
on their behalf.  These groups include Gay & Lesbians Against Defamation; the Gay and Lesbian
Medical Association; the International Gay and Lesbian Human Rights Commission; the LA
Lesbian & Gay Center; the Lambda Legal Defense and Education Fund; Lambdas, Chicago–
Kent College of Law; the Mautner Project; the National Coalition of Anti-Violence Projects; the
National Youth Advocacy Coalition; Outlaws, University of Michigan School of Law; Pride at
Work, AFL-CIO; QLaw, University of Wisconsin School of Law; OUTLAW, Stanford Law
School; and the Human Rights Campaign.

**I.      DEFINITIONS**

As used throughout this request:

1.      "FBI" means the Federal Bureau of Investigation, a component of the Department
of Justice;

2.      "Document" and/or "record" includes all handwritten, typed or printed material,
and all magnetic, electronic or other records or documentation of any kind or
description including, without limitation, agreements, contracts, correspondence,
issuances, instructions, ledger entries or non-ledger bookkeeping documentation,

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 2

letters, memoranda, e-mails, notations of telephone conversations, notes, and any other records, including drafts and copies not identical to the originals, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your possession, custody or control, including those in the possession, custody or control of any and all Department of Justice personnel, administrators, attorneys, agents or contractors, whether or not prepared by Department of Justice personnel, administrators, attorneys, agents or contractors;

3.    "DOJ" means the Department of Justice;

4.    "Don't Ask, Don't Tell" means the homosexual conduct policy enacted by Congress in 1993, which is currently codified at 10 U.S.C. § 654 and implemented through Department of Defense Directives 1304.26, 1332.14, 1332.30, and 1332.40;

5.    "FOIA" means the Freedom of Information Act, 5 U.S.C. § 552;

6.    "LGBT organizations" means organizations representing the interests of lesbians, gay men, bisexuals and/or transgendered people;

7.    "Meeting(s)" includes meetings, symposia, conferences, demonstrations and/or rallies, whether in-person or conducted via electronic or other means;

8.    "SLDN" means the Servicemembers Legal Defense Network; and

9.    "VoIP" means Voice over Internet Protocol.

## II.    RECORDS REQUESTED

1.    Any and all documents concerning the FBI's surveillance[1] of:

   A.    meetings involving people and/or organizations discussing, considering or stating opposition to "Don't Ask, Don't Tell";

---

[1]    This request includes surveillance conducted, directed, supervised or recommended by FBI personnel, as well as surveillance performed by non-FBI personnel (e.g., military personnel or local law enforcement), the products of which were forwarded to the FBI. This request also includes any and all documents concerning proposed surveillance of the groups listed in paragraph 1.

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 3

    B.    SLDN meetings, including, but not limited to, reports, video recordings, audio recordings and photographs;

    C.    communications involving, but not necessarily between, SLDN directors, staff, clients, prospective clients, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

    D.    meetings involving LGBT organizations, which include the following:

        i.    a February 2005 protest at New York University involving the LGBT organization known as "OUTlaw"; and

        ii.    an April 2005 demonstration at the University of California-Santa Cruz.

    E.    communications involving, but not necessarily between, LGBT organizations and/or their employees, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

2.    Any and all documents related to or concerning how the FBI selected the targets of surveillance described in paragraph 1 above;

3.    Any and all documents related to or concerning what entities or personnel the FBI distributed information gathered under the surveillance described in paragraph 1 above;

4.    Any and all documents related to or concerning in any way the FBI's actual or supposed authority to engage in the surveillance described in paragraph 1 above, including, but not limited to, presidential orders, statutes, regulations or legal reviews conducted by DOJ or any other government agency;

5.    Any policies, procedures or manuals related to the surveillance described in paragraph 1 above;

6.    Any and all documents related to or concerning in any way investigations, inquiries or disciplinary proceedings initiated in response to any actual or

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 4

> potential violations of, or deviations from, any policy, procedure or manual
> related to the surveillance described in paragraph 1 above; and

7.   Any and all documents related to or concerning a proposal authored by the
     presidential commission on intelligence chaired by Laurence H. Silberman and
     former Senator Charles S. Robb (D-VA) urging that the federal government be
     given greater authority to carry out domestic criminal investigations and
     clandestine operations against potential threats inside the United States, and all
     documents responding or relating thereto.

## III.   EXPEDITED PROCESSING REQUEST

Expedited processing of this FOIA request is warranted because (1) the records being requested
are urgently needed and (2) SLDN is an organization "primarily engaged in disseminating
information." *See* 5 U.S.C. § 552(a)(6)(E)(i)(II), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). In addition,
expedited processing should be granted because this FOIA request concerns a matter of
widespread and exceptional media interest in which there exist possible questions about the
government's integrity which affect public confidence, and because failure to grant expedited
processing may result in an imminent loss of due process rights. *See* 28 C.F.R. § 16.5(d)(1)(iii)-
(iv).

### A.   The Records Requested Are Urgently Needed

Under DOJ regulations, this FOIA request implicates an urgent matter of public concern about
activity of the federal government—namely, the federal government's warrantless surveillance
of citizens and activist groups within the United States. *See ACLU v. U.S. Dep't of Justice*, 321
F. Supp. 2d 24, 29 (D.D.C. 2004) (finding that section 215 of the Patriot Act, which substantially
expanded the powers of the FBI under the Foreign Intelligence Surveillance Act of 1978,
"unquestionably implicates important individual liberties and privacy concerns which are of
immediate public interest"). Such surveillance has not only included LGBT organizations, *see,
e.g.*, Anthony Glassman, *The Pentagon is spying on 'don't ask' protestors*, Gay People's Chron.,
Dec. 23, 2005; David Yaffett, *Pentagon calls gay student groups 'credible threat'*, Dallas Voice,
Dec. 23, 2005; Andrew Keegan, *Peeping Pentagon?*, Wash. Blade, Dec. 23, 2005, it also appears
to have encompassed other types of organizations critical of federal government policies, *see,
e.g.*, Kevin Deutsch, *Activist group plans to sue over spying*, Miami Herald, Dec. 23, 2005, at
B8; Mike Clary, *Target of Spying Demands Inquiry*, Sun-Sentinel (Fort Lauderdale, Fla.), Dec.
21, 2005, at 1B; Eric Lichtblau, *F.B.I. Watched Activist Groups, New Files Show*, N.Y. Times,
Dec. 20, 2005, at A1.

Moreover, the recent widespread and sustained media coverage of the federal government's
domestic surveillance activities provides further evidence that the information sought by SLDN

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 5

is "urgently needed" and of current public concern. *See, e.g.,* Carol D. Leonnig, *Surveillance Court Is Seeking Answers*, Wash. Post, Jan. 5, 2006, at A2; Scott Shane, *Key Democrat Says Spying Violated Law*, N.Y. Times, Jan. 5, 2006, at A16; Dafna Linzer, *Secret Surveillance May Have Occurred Before Authorization*, Wash. Post, Jan. 4, 2006, at A3; Eric Lichtblau & Scott Shane, *Files Say Agency Initiated Growth of Spying Effort*, N.Y. Times, Jan. 4, 2006, at A1; Lisa Rein, *Bush Defends Spying Program As 'Necessary' to Protect U.S.*, Wash. Post, Jan. 2, 2006, at A2; Eric Lichtblau, *Bush Defends Spy Program and Denies Misleading Public*, N.Y. Times, Jan. 2, 2006, at A11; Eric Lichtblau & James Risen, *Justice Deputy Resisted Parts of Spy Program*, N.Y. Times, Jan. 1, 2006, at A1; Eric Lichtblau & James Risen, *Defense Lawyers in Terror Cases Plan Challenges Over Spy Efforts*, N.Y. Times, Dec. 28, 2005, at A1; David Ignatius, Op-Ed, *Eavesdropping and Evading the Law*, Wash. Post, Dec. 28, 2005, at A21; Eric Lichtblau & James Risen, *Spy Agency Mined Vast Data Trove, Officials Report*, N.Y. Times, Dec. 24, 2005, at A1; Eric Mink, Editorial, *Who's Listening out there?*, St. Louis Post-Dispatch, Dec. 21, 2005, at C13; Walter Pincus, *Pentagon's Intelligence Authority Widens*, Wash. Post, Dec. 19, 2005, at A10; Lisa Myers et al., *Senator Demands Investigation of Spy Database*, MSNBC.com, Dec. 15, 2005, http://www.msnbc.msn.com/id/10481600; Walter Pincus, *Pentagon Will Review Database on U.S. Citizens*, Wash. Post, Dec. 15, 2005, at A1; Lisa Meyers et al., *Is the Pentagon spying on Americans?*, MSNBC.com, Dec. 14, 2005, http://msnbc.msn.com/id/10454316; *Pentagon May Be Tracking Activists*, L.A. Times, Dec. 14, 2005, at A22; Walter Pincus, *Defense Facilities Pass Along Reports of Suspicious Activity*, Wash. Post, Dec. 11, 2005, at A12; Walter Pincus, *Pentagon Expanding Its Domestic Surveillance Activity*, Wash. Post, Nov. 27, 2005, at A6.

Any delay in processing this FOIA request may decrease the value of the information sought. For example, members of the Senate Judiciary Committee have made clear their intention to raise the issue of domestic surveillance in their upcoming hearings on the nomination of Judge Samuel A. Alito to the position of Associate Justice of the United States Supreme Court, which are scheduled to begin on January 9, 2006. *See* Jo Becker & Christopher Lee, *Alito Urged Wiretap Immunity*, Wash. Post, Dec. 24, 2005, at A1 (noting Senate Judiciary Committee Chairman Arlen Specter's (R-PA) intention to "press Alito for his views" on domestic wiretapping); Adam Liptak & David E. Rosenbaum, *Alito Memo in '84 Favored Immunity for Top Officials*, N.Y. Times, Dec. 24, 2005, at A12 (noting Senator Charles Schumer's (D-NY) intention to question Judge Alito on the issue of warrantless domestic wiretapping). This same committee has also indicated that it will hold separate hearings on the issue of domestic surveillance. *See* Charles Hurt, *Democrats to hit White House, Republicans on privacy issues*, Wash. Times, Jan. 3, 2006, at A1; Eric Lichtblau & James Risen, *Justice Deputy Resisted Parts of Spy Program*, N.Y. Times, Jan. 1, 2006, at A1; Eric Lichtblau, *Officials Want to Expand Review of Domestic Spying*, N.Y. Times, Dec. 25, 2005, at A28. Therefore, the records sought by this FOIA request are needed in a timely fashion to help produce an informed debate in Congress about the proper scope of domestic surveillance activities by entities such as the FBI.

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 6

*See ACLU*, 321 F. Supp. 2d at 30-31 (noting that the need for informed congressional debate may justify expedited processing).

### B.    SLDN Qualifies as an Organization "Primarily Engaged in Disseminating Information to the Public"

SLDN is a national, non-profit watchdog and policy organization dedicated to ending discrimination against, and harassment of, United States military personnel under "Don't Ask, Don't Tell." As the most prominent organization in the United States dedicated to protecting the rights of LGBT servicemembers, SLDN publishes periodic "action alerts" that are distributed electronically to over 50,000 persons. Among other things, these "action alerts" apprise SLDN members of developments in the fight to overturn "Don't Ask, Don't Tell."

SLDN also maintains a website on the World Wide Web, which is located at http://www.sldn.org. SLDN's website includes resources for servicemembers and the press explaining the history of "Don't Ask, Don't Tell" and its legal and lobbying efforts to see it overturned. For a two-day period following recent revelations regarding the federal government's domestic surveillance activities, traffic on SLDN's website swelled to 45,000 "hits," up from normal monthly traffic of 25,000 hits.

SLDN also hosts a weblog, or "blog," that allows individuals to follow SLDN's efforts to end discrimination in the armed forces. The official SLDN blog includes articles by SLDN staff, supporters and clients impacted by "Don't Ask, Don't Tell." In addition, SLDN disseminates numerous informational releases to the public and the press on the aforementioned issues via its website and otherwise, and is a frequent source of information on these issues for both the news media and the federal government itself. *See* U.S. Gov't Accountability Office, *Military Personnel: Financial Costs and Loss of Critical Skills Due to DOD's Homosexual Conduct Policy Cannot Be Completely Estimated* 6 n.17 (2005) (citing SLDN statistics for the number of servicemembers separated from military service under "Don't Ask, Don't Tell" and directing readers to SLDN's website). SLDN also publishes more than 6,000 copies of its quarterly reports detailing the organization's progress in overturning "Don't Ask, Don't Tell." The fact that SLDN does not publish a newspaper or broadcast a television news report does not disqualify it from receiving expedited processing. *See ACLU*, 321 F. Supp. 2d at 29 n.5; *cf. Nat'l Sec. Archive v. Dep't of Defense*, 880 F.2d 1381, 1385-86 (D.C. Cir. 1989); *EPIC v. Dep't of Defense*, 241 F. Supp. 2d 5, 14 (D.D.C. 2003).

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 7

      C.      **The Records Requested Concern a Matter of Widespread and Exceptional Media Interest in Which There Exist Possible Questions About the Government's Integrity**

As evidenced by the numerous media reports cited above, the records sought by this FOIA request concern a matter of widespread and exceptional media interest—specifically, the federal government's alleged warrantless surveillance of United States citizens, residents and domestic organizations. These alleged surveillance activities taken by the federal government raise numerous questions about the government's integrity that could significantly affect public confidence in the federal government, since, as again noted in the media reports cited above, any such warrantless surveillance may have been carried out in violation of federal law and in violation of rights guaranteed by the United States Constitution. The existence of widespread media interest, and the questions these issues raise about the integrity of the federal government, provide another independent basis upon which our request for expedited processing should be granted. *See* 28 C.F.R. § 16.5(d)(1)(iv).

      D.      **Failure to Grant Expedited Processing May Result in an Imminent Loss of Due Process Rights**

DOJ regulations also provide that expedited processing should be granted in cases involving a loss of substantial due process rights. *See* § 16.5(d)(1)(iii). Domestic surveillance of LGBT organizations such as SLDN may have infringed, and may continue to infringe, upon the free speech, free association and privacy rights of those individuals or entities that were, or currently are, the subject of such surveillance. Any delay in processing SLDN's request for documents may compromise the significant interests at stake by delaying SLDN, and therefore the public at large, from understanding the full scope of any government violations of SLDN's and other LGBT organizations' constitutional rights. *See ACLU*, 321 F. Supp. 2d at 30 ("Because the records that plaintiffs seek relate to current surveillance efforts, the potential invasion of the public's privacy interests is of immediate concern, weighing in favor of a finding of expediency."). Therefore, an imminent loss of due process rights may be suffered if the above FOIA request is not processed on an expedited basis.

## IV.    FEE WAIVER REQUEST

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k), we also request a waiver of all fees associated with responding to this FOIA request. The statute and regulations authorize a waiver of fees where disclosure of the information requested (1) is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of DOJ and (2) is not primarily in the commercial interest of the requestor. SLDN's FOIA request satisfies both criteria.

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 8

### A.    Disclosure of the Records Sought Is in the Public Interest

SLDN's FOIA request seeks information regarding domestic surveillance conducted by the federal government that, as noted above, has drawn considerable attention and criticism in the past few weeks from members of Congress and the media. Disclosure of the records requested will help the general public understand the full scope and extent to which the FBI has been collecting information against SLDN and other LGBT organizations within the United States.

SLDN's FOIA request also seeks meaningful information not already in the public domain. *See* 28 C.F.R. § 16.11(k)(2)(ii). The general public has shown great interest in recent revelations regarding domestic surveillance conducted by the federal government. SLDN will use its electronic communication capabilities to disseminate to the general public information collected as a result of its FOIA request. *See* § 16.11(k)(2)(iii). As previously noted, SLDN has been asked by numerous other organizations to submit this FOIA request on their behalf. Needless to say, should SLDN discover through its FOIA request that these groups have indeed been the target of domestic surveillance, SLDN will forward such information to these respective groups in a timely fashion.

The public currently understands very little about the extent to which DOJ and its components, such as the FBI, have observed groups and individuals in the United States critical of federal government policies. SLDN's FOIA request, and the subsequent dissemination of the information obtained as a result of that request, counsels in favor of granting a fee waiver. *See* § 16.11(k)(2)(iv).

### B.    Disclosure of the Records Sought Is Not Primarily in SLDN's Commercial Interest

In order to qualify for a fee waiver, disclosure of the information sought cannot be "primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k)(1)(ii). In making this determination, DOJ regulations provide that two factors are to be considered: (1) the existence and magnitude of the requestor's commercial interest, and (2) the primary interest in disclosure. 28 C.F.R. § 16.11(k)(3)(ii). As noted above, SLDN is a national, non-profit policy organization dedicated to ending discrimination against, and harassment of, United States military personnel under "Don't Ask, Don't Tell." SLDN has no commercial interest in the records sought by this FOIA request. Instead, by submitting this FOIA request, SLDN hopes to obtain information in order to educate the general public regarding the extent to which domestic surveillance has been used against LGBT organizations and other organizations that disagree with policies of the federal government.

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 9

## V.    REQUEST FOR "REPRESENTATIVE OF THE NEWS MEDIA" FEE STATUS

In the event that the FBI determines that SLDN's FOIA request does not qualify for a fee waiver, we would request the SLDN be afforded "representative of the news media" fee status pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 28 C.F.R. § 16.11(d)(1). A "representative of the news media" is an entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *Nat'l Sec. Archive*, 880 F.2d at 1387. SLDN qualifies as a "representative of the news media" because it uses multiple channels, including its website, email lists, newsletters and print media, to educate the general public and federal policymakers about "Don't Ask, Don't Tell" and its shortcomings. The fact that its principal means of educating persons is via the Internet has no bearing on whether SLDN qualifies as a "representative of the news media." *See EPIC*, 241 F. Supp. 2d at 14 (explaining that the fact that an entity distributes its publication "via Internet to subscribers' email addresses does not change the [news media] analysis").

\* \* \*

I thank you for your prompt attention to this matter. In accordance with 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(d)(4), we expect your determination of our request for expedited processing within ten (10) calendar days and your determination of our request for records within twenty (20) days. We also expect the release of all segregable portions of otherwise exempt material. If our request for documents is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions under FOIA.

If you have any questions, please feel free to call me at (202) 416-6818. I hereby certify that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully yours,

Christopher Wolf

cc:    C. Dixon Osburn, SLDN Executive Director

```
** JOB STATUS REPORT **              AS OF   JAN 05 2006 12:38    PAGE.01

                                              PROSKAURE ROSE LLP

        JOB #064

        DATE   TIME        TO/FROM          MODE    MIN/SEC    PGS    STATUS
   001  1/05  12:32  00019#041#3243752,,.#  EC--S   05'06"    010      OK
```

# PROSKAUER ROSE LLP

1233 Twentieth Street NW, Suite 800
Washington DC 20036-2396
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

| | | **Fax Transmittal** | |
|---|---|---|---|
| Date | January 5, 2006 | Client-Matter | 00019-041 |
| Total Pages (Including Cover) | 10 | | |
| From | Christopher Wolf | | |
| Sender's Voice Number | 202.416.6818 | Sender's Room Number | DC |
| Sender's Email Address | cwolf@proskauer.com | Main Fax Number | 202.416.6899 |
| To: | Service Request Unit, Record Information/Dissemination Section | Fax No.: | (202) 324-3752 |
| Company: | Federal Bureau of Investigation | Voice No.: | (202) 324-5520 |

Message

*FREEDOM OF INFORMATION ACT REQUEST*

*(EXPEDITED PROCESSING REQUESTED)*

**Confidentiality Note:** This message is confidential and intended only for the use of the addressee(s) named above. It may contain legally privileged material. Dissemination, distribution or copying of this message, other than by such addressee(s), is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and return the original to us at the address above. We will reimburse you for the cost of the telephone call and postage. Thank you.