

# Exhibit 26J



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                                     _Washington, D.C. 20530_

JAN 1 2 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1233 20th Street, N.W.
Suite 800                                             Re:     OIP/06-R0170
Washinton, DC 20036-2396                                      MAP:CLM:SBT

Dear Mr. Wolf:

     This responds to your letter dated January 5, 2006, and received in this Office on January 10, 2005, in which you requested, among other items, documents pertaining to Department of Justice surveillance of meetings involving your client, the Servicemembers Legal Defense Network, and/or other LGBT groups opposing the Department of Defense's policy known as "Don't Ask, Don't Tell." This response is made on behalf of the Office of Information and Privacy.

     You have written to the Office of Information and Privacy which processes Freedom of Information Act and Privacy Act (FOIA/PA) requests for records it maintains as well as records maintained by the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs and adjudicates all appeals of denials of FOIA/PA requests made to the Department of Justice. This Office maintains administrative case files for the initial requests and appeals it processes. Accordingly, this Office would not maintain the records you are requesting.

     For your information, the Department of Justice has a decentralized system for processing FOIA/PA requests and each component of the Department maintains its own records. Accordingly, you need to indicate in your letter which Department component(s) you believe have records pertaining to the subject of your request. I note that you reference the Federal Bureau of Investigation (FBI) in your request letter. To the extent that you are seeking FBI records, you should direct your request to the FBI at the following address:

          David M. Hardy, Chief
          Record/Information Dissemination Section
          Records Management Division
          Federal Bureau of Investigation
          Department of Justice
          935 Pennsylvania Avenue, N.W.
          Washington, DC 20535-0001

-2-

You may write directly to the Department component(s) you believe have records pertaining to your request or you may submit your request to the FOIA/PA Mail Referral Unit, Justice Management Division, and that Office will forward your request to the component(s) it believes most likely to have the records you seek. The address for the FOIA/PA Mail Referral Unit is as follows:

> FOIA/PA Mail Referral Unit
> Justice Management Division
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, DC 20530-0001

You have requested expedited processing of your request pursuant to the Department's categories permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information" 28 C.F.R. § 16.5(d)(1)(ii) (2005) and "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See id. § 16.5(d)(1)(iv). For a determination to be made on your request for expedited processing, it must be received by the proper component that would maintain the records requested. See id. § 16.5(d)(2). The respective component makes the determination whether to grant or deny expedited processing under category ii and the Department's Office of Public Affairs makes the determination regarding category iv.

To be of further assistance, please find enclosed a copy of the *Department of Justice Freedom of Information Act Reference Guide* which provides guidance for making FOIA and Privacy Act requests to the Department of Justice. The *Reference Guide* also contains a listing of the Department of Justice components, with a brief description of their functions and the records they maintain. I hope you find this information useful.

If you consider my response to be a denial of this request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

Enclosure



April 2005

## DEPARTMENT OF JUSTICE FREEDOM OF INFORMATION ACT REFERENCE GUIDE

## I.  Introduction

The Freedom of Information Act (FOIA), which can be found in Title 5 of the United States Code, section 552,[1] was enacted in 1966 and generally provides that any person has the right to request access to federal agency records or information.  All agencies of the Executive Branch of the United States Government are required to disclose records upon receiving a written request for them, except for those records (or portions of them) that are protected from disclosure by the nine exemptions and three exclusions of the FOIA.  This right of access is enforceable in court.  The FOIA does not, however, provide access to records held by state or local government agencies, or by private businesses or individuals.  All states have their own statutes governing public access to state and local government records; state agencies should be consulted for further information about them.

This Reference Guide is designed to familiarize you with the specific procedures for making a FOIA request to the United States Department of Justice.  The process is neither complicated nor time consuming.  Following the guidance below will make it more likely that you will receive the information that you are seeking in the shortest amount of time possible.  This Reference Guide also includes descriptions of the types of records maintained by different parts of

---

[1]  Amended by the Intelligence Authorization Act for Fiscal Year 2003, Pub. Law No. 107-306, 5 U.S.C.A. § 552(a)(3)(A), (E) (West Supp. 2003).

- 2 -

the Department, some of which are readily available through means
other than the FOIA, including through the World Wide Web. The
Justice Department's home page on the World Wide Web is at
www.usdoj.gov; in particular, its FOIA home page is at
www.usdoj.gov/foia.

Initially, it is important to understand that there is no cen-
tral office in the government that processes FOIA requests for all
federal agencies.  Each agency responds to requests for its own rec-
ords.  Therefore, before sending a request to the Justice Department
you should determine whether this agency is likely to have the rec-
ords you are seeking.  Each agency should have its own FOIA reference
guide, so if the records you are interested in are kept by another
agency you may wish to request a copy of that agency's guide from its
FOIA office or view it on that agency's FOIA site on the World Wide
Web.  A list of the principal FOIA contacts at other federal agencies
is attached as Attachment A.

Other general sources of information about how to make a FOIA
request include:

- • "Your Right to Federal Records."  This pamphlet is a joint
publication of the General Services Administration and the Department
of Justice.  It is available for sale for one dollar per copy from
the Consumer Information Center, Department 320K, Pueblo, CO 81009.
It also can be accessed on the Justice Department's FOIA site on the
World Wide Web under "Reference Materials."

- • "A Citizen's Guide on Using the Freedom of Information Act
and the Privacy Act of 1974 to Request Government Records."  This
report is published by the Committee on Government Reform of the
House of Representatives.  It also can be accessed on the Justice
Department's FOIA site on the World Wide Web under "Reference
Materials" and is available for sale at the U.S. Government Printing
Office by calling (202) 512-1808.

In addition, a more general publication, the "Consumer Action
Handbook," describes which federal agencies are responsible for
specific consumer problems and where to write for assistance on them.
Single copies of this publication may be obtained for free by calling
1-888-878-3256.  This booklet also can be accessed on the General
Services Administration's site on the World Wide Web at
www.consumeraction.gov.

The formal rules for the making of FOIA requests to the Justice
Department are set forth in Chapter 16 of Volume 28 of the <u>Code of</u>

- 3 -

<u>Federal Regulations</u>. This multiple-volume set is available in all law libraries and federal depository libraries. A copy of the portions of Chapter 16 pertaining to making FOIA requests may be obtained from the Justice Management Division, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001. These regulations also can be accessed on the Department of Justice's FOIA site on the World Wide Web under "Making a FOIA Request." However, in most cases this Reference Guide should provide you with all the basic information that you will need.

## II. Access to Certain Records Without a FOIA Request

All agencies are required by statute to make certain types of records, created by the agency on or after November 1, 1996, available electronically. If you have access to the World Wide Web, you will not need to make a FOIA request to obtain access to these records. These records include: (1) final opinions and orders made in the adjudication of cases; (2) final statements of policy and interpretations which have not been published in the <u>Federal Register</u>; (3) administrative staff manuals and instructions to staff that affect members of the public; (4) copies of records that have been the subject of a FOIA request and that also are the subject of sufficient public interest or curiosity that the agency believes that other persons are likely to request (or already have requested) them; and (5) the agency's annual FOIA report -- which includes such information as the number of FOIA requests received by the agency, the amount of time taken to process requests, the total amount of fees collected by the agency, information regarding the backlog of pending requests, and other information about the agency's handling of FOIA requests.

The Department of Justice has a site on the World Wide Web, accessed at www.usdoj.gov, that contains a wealth of FOIA-related information. This Web site also includes links to the World Wide Web sites of all other federal executive branch agencies. Each Justice Department component maintains its own home page, which contains a wide variety of substantive information for which a FOIA request is not required. Another good general source of information can be found under "Publications and Documents" on the main Justice Department home page.

The Department of Justice maintains a FOIA page, which can be accessed from the Department's home page. This Web site includes the Justice Department's annual FOIA report, a variety of reference materials, information on how to make a FOIA request, and copies of all relevant statutes. Additionally, this Web site provides links to

- 4 -

component electronic reading rooms that contain the records the FOIA
requires to be made available automatically in electronic form.

The Department of Justice also makes certain information, such
as publications, available in paper form without requiring a formal
FOIA request.  These types of materials are described on a component-
by-component basis in Attachment B.  Among these publications is the
Justice Department's annual report on the Freedom of Information Act,
which includes extensive statistical information about FOIA requests
to the Justice Department.  Copies of the Justice Department's annual
FOIA report may be obtained from the Justice Management Division,
U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washing-
ton, D.C. 20530-0001, in addition to being accessible electronically
through the Justice Department's Web site.  The annual FOIA reports
of all other federal agencies are available through the Justice
Department's Web site.  The Justice Department also submits a sepa-
rate report to Congress on a calendar-year basis which describes its
efforts to "encourage agency compliance" with the FOIA and which also
lists all FOIA litigation cases against all federal agencies in which
decisions were rendered by the courts in that year.

Attachment C of this Reference Guide contains descriptions of
the Department's major information systems, arranged in two ways --
by component and also alphabetically.  These descriptions can be
accessed from the Justice Department's FOIA page on the World Wide
Web under "Reference Guide."

III.  Where to Make a FOIA Request

The Department of Justice is organized into a number of bur-
eaus, divisions, and offices.  These subdivisions of the Department
are often referred to as "components."  Within the Justice Depart-
ment, each component processes its own records.  Therefore, your
request will receive the quickest possible response if it is
addressed directly to the component that you believe has the records
you are seeking.  Attachment B contains a description of Justice
Department components and their addresses.

The functions of each component are summarized in the Depart-
ment's regulations (Volume 28 of the Code of Federal Regulations,
Part 0).  The "United States Government Manual" also describes the
activities of the Justice Department's components.  The "United
States Government Manual" is issued annually by the Government Print-
ing Office and is available in most libraries.  It may be purchased
by writing to:  Superintendent of Documents, P.O. Box 371954, Pitts-
burgh, PA 15250-7954.  To obtain the current price you can call (202)

- 5 -

512-1800; you also may call that telephone number to place an order using one of several major credit cards. In addition, the "United States Government Manual" can be accessed from the Government Print-ing Office's World Wide Web site, www.gpoaccess.gov, under "Executive Resources."

In almost all cases, you should send your FOIA request to a component's central FOIA office. For records held by a field office of the Federal Bureau of Investigation (FBI), however, you must write directly to that FBI office. On the other hand, for example, all requests for records held by a United States Attorney's Office should be sent directly to the Executive Office for United States Attorneys in Washington, D.C.

Because, over time, individual employees of the Justice Depart-ment may change job positions, it is not recommended that you address your request to a specific person. Rather, you should include the notation "Freedom of Information Act Request" on the front of your request envelope and also at the beginning of your request letter. In this way you will be sure that the responsible individual receives your request without delay.

If you believe that the Justice Department does maintain the record(s) you are seeking, but you are uncertain about which com-ponent has the record(s), you may send your request to: FOIA/PA Mail Referral Unit, Justice Management Division, U.S. Department of Jus-tice, Room 1070 NPB, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001, Attention: FOIA Request. Personnel in that division will then forward your request to the component(s) of the Justice Department most likely to maintain the record(s) you are seeking.

IV. How to Make a FOIA Request

A FOIA request can be made for any agency record. This does not mean, however, that the Department of Justice will disclose all records sought. As noted above, there are statutory exemptions that authorize the withholding of information of a sensitive nature. When the Justice Department does withhold information from you, it ordin-arily must specify which exemption of the FOIA permits the withhold-ing. You should be aware that the FOIA does not require agencies to do research for you, to analyze data, to answer written questions, or to create records in order to respond to a request.

Although, as discussed immediately below, certain information may be required from a FOIA requester, no special form is required by the Justice Department. Requests must be in writing, either hand-

- 6 -

written or typed. While requests may be submitted by fax, most com-
ponents of the Justice Department have not yet developed the capa-
bility to accept FOIA requests submitted through the World Wide Web.

In order to protect your privacy as well as the privacy of
others, whenever you request information about yourself you will be
asked to provide either a notarized statement or a statement signed
under penalty of perjury stating that you are the person that you say
you are. You may fulfill this requirement by: (1) completing and
signing Form DOJ-361 (see Attachment D), (2) having your signature on
your request letter witnessed by a notary, or (3) including the fol-
lowing statement immediately above the signature on your request
letter: "I declare under penalty of perjury that the foregoing is
true and correct. Executed on [date]." If you request information
about yourself and do not follow one of these procedures, your
request cannot be processed. This requirement helps to ensure that
private information about you will not be disclosed to anyone else.

Likewise, files relating to another person regarding a matter
the disclosure of which would invade that person's privacy ordinarily
will not be disclosed. For example, if you seek information that
would show that someone else (including even your spouse or another
member of your immediate family) has ever been the subject of a crim-
inal investigation -- or even was mentioned in a criminal file -- you
will be requested to provide either: (1) a statement by that other
person, authorizing the release of the information to you, that has
been signed by that person and either was witnessed by a notary or
includes a declaration made under penalty of perjury (using the lan-
guage quoted in the preceding paragraph), or (2) evidence that the
subject of your request is deceased -- such as a death certificate, a
newspaper obituary, or some comparable proof of death. Without the
subject's consent or proof of death, in almost all cases the Justice
Department will respond to a request made for information concerning
another person's possible involvement in a law enforcement matter by
advising that it will "neither confirm nor deny" the existence of
responsive records. Such law enforcement information about a living
person is released without that person's consent only when no person-
al privacy interest would be invaded by disclosing the information,
such as when the information is already public or required to be made
public, or when there is such a strong public interest in the disclo-
sure that it overrides the individual's privacy interest.

In making your request you should be as specific as possible
with regard to names, titles, dates, places, events, subjects, recip-
ients, the component(s) likely to maintain that record, etc. In
addition, if you want records about a court case, you should provide

- 7 -

the title of the case, the court in which the case was filed, and the nature of the case. If known, you should include any file designations or descriptions for the records that you want. You do not have to give a requested record's name or title, but the more specific you are about the records or types of records that you want, the more likely it will be that the Justice Department will be able to locate those records. For example, if you have been interviewed by a law enforcement component of the Justice Department (such as the FBI) in connection with a law enforcement investigation and you wish to request a copy of the interview report, your listing of the date and location of the interview, and the name of the interviewing agent and subject of the investigation, if known, will be helpful to the component in determining where to search and in determining which records respond to your request. Additionally, you should be aware that Justice Department components ordinarily will use the date upon which they begin a record search as the "cut-off" date for determining the records that are responsive to a FOIA request.

In addition to the statements or information that already have been discussed, some components of the Justice Department require additional specific information in order to process a request for particular types of records. These special requirements are noted, where applicable, as part of the descriptions of components in Attachment B.

When a Justice Department component receives your FOIA request, it ordinarily will send you a letter acknowledging the request and assigning it an initial request number for continuity and tracking purposes. If you do not provide the necessary information, the component will advise you of what additional information is required before further processing your request.

Under certain circumstances you may be entitled to receive more information under the Privacy Act of 1974 (a separate federal statute) than under the FOIA. Under the FOIA, generally anyone can request access to any agency record. Privacy Act requests are more limited and can be made only by (a) U.S. citizens or aliens lawfully admitted for permanent U.S. residence, (b) who are seeking information about themselves, (c) which is in a system of records maintained under their names or other personal identifiers. Even if a request does not mention the Privacy Act, however, the Justice Department automatically treats requests as being made under both the FOIA and the Privacy Act whenever it is appropriate to do so. In this way, requesters receive the maximum amount of information available to them under the law.

- 8 -

## V.  Response Times

Under the statute, all federal agencies are required to respond to a FOIA request within twenty business days, excluding Saturdays, Sundays, and legal holidays.  This time period does not begin until the request is actually received by the FOIA office of the Department of Justice component that maintains the records sought.  An agency is not required to send out the releasable documents by the last business day; it can send you a letter informing you of its decision and then send you the documents within a reasonable time afterward.

Some components of the Justice Department, such as the FBI and DEA, receive thousands of requests each year.  Many of these requests require a line-by-line review of hundreds or even thousands of pages of documents.  Although the Justice Department makes every effort to respond to FOIA requests as quickly as possible, in some cases it simply cannot do so within the specified time period.  This may be due either to the size of the request or to the fact that the component has a backlog of previously received requests that are awaiting processing.  Some components use "multitrack" processing queues to deal with their heavy FOIA workloads; components' descriptions of their multitrack processing systems are contained in Attachment B.

Under the FOIA, a component may extend the response time for an additional ten business days when:  (1) the component needs to collect responsive records from field offices; (2) the request involves a "voluminous" amount of records that must be located, compiled, and reviewed; or (3) the component needs to consult with another agency or other components of the Justice Department that have a substantial interest in the responsive information.  When such a time extension is needed, the component may notify you of this in writing and offer you the opportunity to modify or limit your request.  Alternatively, you may agree to a different timetable for the processing of your request.

When a determination on your request is not made within the applicable time period and you have not agreed to a different response timetable, you may file suit in federal court to pursue a response.  If, however, the court concludes that you have unreasonably refused to limit your request or to accept an alternate timetable for response, the court may find that the component's failure to comply within the statutory time period is justified.  The court may excuse the lack of a timely response if the component demonstrates that it has a backlog of requests that were received before yours, that it processes its requests on a first-come/first-served basis, and that it is making reasonable progress in reducing its

- 9 -

backlog of pending FOIA requests. In such cases, the court may postpone its consideration of your lawsuit until the agency reaches your request in its processing backlog.

## VI. Expedited Processing

Under certain conditions you may be entitled to have your request processed on an expedited basis. However, you should realize that whenever a FOIA request is expedited for a particular requester, taking that action results in an additional delay for previous requesters who have been waiting for a response. Therefore, in an effort to treat all requesters equitably, the Department of Justice ordinarily will process an initial FOIA request or an administrative appeal of a request's denial ahead of others only in cases in which there will be a threat to someone's life or physical safety, or where an individual will suffer the loss of substantial due process rights if the records are not processed on an expedited bases. In most cases, a request will not be expedited merely on the basis that the requester is facing a court deadline in a judicial proceeding. In both criminal prosecutions and civil litigation there is a document-disclosure process known as "discovery," which gives the parties certain rights to obtain relevant information apart from the FOIA. These discovery rights usually are sufficient to protect the requester's due process rights.

The FOIA also requires that requests be processed on an expedited basis if made by a person primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning some actual or alleged government activity. Requests are not expedited under this provision merely on the basis that the requester is a representative of the news media. Similarly, the Justice Department also expedites requests when the subject is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence. Expedited processing decisions for initial requests on this latter basis are made by the Department's Office of Public Affairs.

A request for expedited processing must be accompanied by a statement setting forth the reasons why your request should be expedited. You should certify that the reasons you have given are true and correct. The component will be required to notify you of its decision about whether to grant expedited processing within no more than ten calendar days after receiving your letter. If the component denies your request for expedited processing, you will be advised of your right to submit an administrative appeal of that denial, which

- 10 -

will be handled expeditiously.  (For information regarding filing administrative appeals, see Section X of this Guide.)

VII.   Fees

There is no initial fee to file a FOIA request; in fact, in the majority of requests made to the Justice Department, no fees are ever charged.  By law, however, an agency is entitled to charge certain fees, which depend on the particular category of FOIA requester that you fall into.

For the purposes of fees only, the FOIA divides requesters into three categories.  Commercial requesters may be charged fees for searching for records, "processing" the records (i.e., reviewing them to determine the possible applicability of FOIA exemptions), and photocopying them.  On the other hand, educational or noncommercial scientific institutions and representatives of the news media are charged only for photocopying expenses, after the first one hundred pages of copies.  Requesters who do not fall into either of these two categories are not charged for processing; they are charged only for record searches and photocopying -- and there is no charge for the first two hours of search time or for the first one hundred pages of photocopies.  The Justice Department charges ten cents per page for photocopying.  In all cases, if the total fee does not exceed a mini-mum amount, currently $14, the Justice Department will not charge any fee at all.

You may always include in your request letter a specific state-ment limiting the amount that you are willing to pay in fees.  If you do not do so, the Justice Department will assume that you are willing to pay fees of up to a certain amount, currently $25.  If a component estimates that the total fees for processing your request will exceed $25, it will notify you in writing of the estimate and offer you an opportunity to narrow your request in order to reduce the fees.  If you continue to want all of the records involved, you will be asked to express your commitment to pay the estimated fees and the proc-essing of your request will be suspended until you agree to do so.  You ordinarily will not be required to actually pay the fees until the records have been processed and are ready to be sent to you.  If, however, you have failed to pay fees within thirty days of billing in the past, or if the estimated fees exceed $250, you may be required to pay the estimated fees in advance -- that is, before the records even are processed.  If you agree to pay fees and then fail to do so within thirty days of billing, you may be charged interest on your overdue balance and the Justice Department will not proceed with any further requests from you until payment in full has been made.  If

- 11 -

you agree to pay fees for searching for records, be aware that you may be required to pay such fees even if the search does not locate any responsive records or, if records are located, even if they are withheld as entirely exempt.

## VIII.  Fee Waivers

If you expect or are advised that a fee will be charged, you may request a waiver of those fees.  However, fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.  Requests for fee waivers from individuals who are seeking records pertaining to themselves usually do not meet this standard because such disclosures usually will not result in any increase of the public's understanding of government operations and activities.  In addition, a requester's inability to pay fees is not a legal basis for granting a fee waiver. (Note that the granting of a fee waiver, which is done on a general public-interest basis under the statute, is entirely separate and distinct from the limitations on fees that are discussed in the previous section.)

## IX.  Initial Request Determinations

Once the component has processed your request and any fee issues have been resolved, the component will send you a written initial determination.  In the vast majority of cases, Department of Justice components will include any documents that can be disclosed along with the determination letter, though in some cases the documents themselves may be sent within a reasonable time afterward.  The FOIA provides access to all federal agency records (or portions of those records), except for those records that are withheld under any of nine exemptions or three exclusions (i.e., the reasons for which an agency may withhold records from a requester).  The determination letter will advise you of whether any information is being withheld pursuant to one or more of the exemptions.  When a page of a record is being withheld in its entirety, the component usually specifies the number of pages being withheld or makes a reasonable effort to estimate the volume of the withheld information.

The exemptions authorize federal agencies to withhold information covering:  (1) classified national defense and foreign relations information; (2) internal agency rules and practices; (3) information that is prohibited from disclosure by another federal law; (4) trade

- 12 -

secrets and other confidential business information; (5) inter-agency or intra-agency communications that are protected by legal privileges; (6) information involving matters of personal privacy; (7) certain types of information compiled for law enforcement purposes; (8) information relating to the supervision of financial institutions; and (9) geological information on wells.  The three exclusions, which are rarely used, pertain to especially sensitive law enforcement and national security matters.

## X.  Administrative Appeals

You may file an administrative appeal if you are not satisfied with a Department of Justice component's initial response.  You might disagree with the component's withholding of information or you might believe that there are additional records responsive to your request that the component failed to locate.  You also may file an administrative appeal if you have requested expedited processing or a fee waiver and the component has not granted that request.  You also may appeal a determination that what has been requested is not reasonably described, that a record does not exist or cannot be located, that a record is not readily reproducible in the form or format requested, that the requested information is not a record subject to the FOIA, or any disputed fee matter.  You should be advised of your right to file an appeal in the initial determination letter sent by the component or in a letter denying your request for expedited processing or a fee waiver.  Ordinarily, your appeal must be received within sixty days of the date of the component's determination letter.  All appeals must be made in writing and addressed to:

Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001

Both the front of the envelope and the appeal letter should contain the notation "Freedom of Information Act Appeal."

There is no specific form or particular language needed to file an administrative appeal.  You should identify the component that denied your request and include the initial request number that the component assigned to your request and the date of the component's action.  If no request number has been assigned, it will help if you enclose a copy of the component's determination letter.  Please do not attach copies of released documents unless they pertain to some specific point you are raising in your appeal.  You may explain the reason or reasons why you disagree with the component's action, but a

- 13 -

simple statement that you are appealing the decision ordinarily is sufficient. If, however, you are appealing because you believe there are additional records that have not been located in response to your request, you should specify why you think such records exist and, if possible, where you believe they might be located.

Administrative appeals from components of the Justice Department are reviewed by an attorney in the Office of Information and Privacy. The attorney ordinarily will have available all of the documents processed in connection with your request and will make an independent determination as to whether the component has properly processed your request.

Under the FOIA, the Office of Information and Privacy is ordinarily required to make a determination on your administrative appeal within twenty business days. The Office of Information and Privacy may take one of several actions on your appeal. It may affirm the component's action in full, in which case it will identify which exemptions (if any) have been appropriately claimed. Or it may affirm part of the component's action (identifying the applicable exemptions), but order the release of other information previously withheld. Finally, under some circumstances, it may return or "remand" the request to the component for complete reprocessing. When a case is remanded, you will have an opportunity again to appeal to the Office of Information and Privacy after the component has reprocessed the records if at that time you remain dissatisfied with the component's action in any respect.

## XI. Judicial Review

If you still believe that the Department of Justice has not handled your FOIA request in accordance with the law after your appeal has been decided, you have the right to challenge the agency's action in a lawsuit filed in federal court. Before doing so, you ordinarily will be required first to have filed an administrative appeal and to have received a response. If the Justice Department fails to respond to either your initial request or your appeal within the time limits discussed above, however, you may file suit once the time limits have expired.

If you do bring a court action, you may file your suit in a federal district court in any of the following places: (1) where you reside, (2) where you have your principal place of business (if any), (3) in the District of Columbia, or (4) where the records are located, if they are not located in the District of Columbia. If you have received an administrative appeal determination, that final

- 14 -

administrative response letter will advise you of your right to seek
judicial review and will specify where you can do so.  You have six
years to file suit from the time your right to sue begins.  Lastly,
please understand that attorneys and employees of the Justice Depart-
ment are prohibited from giving legal advice to members of the public
on any matters, including Freedom of Information Act litigation.

A brief description of recent FOIA litigation may be found in
Attachment E.


Attachments:

A--Listing of FOIA contacts at all federal agencies
B--Descriptions of Department of Justice components and related
    information
C--Descriptions of major information systems
D--Copy of Form DOJ-361 (Certification of Identity)
E--Brief description of recent FOIA litigation

ATTACHMENT A

Listing of FOIA Contacts at all Federal Agencies

The listing of FOIA administrative contacts at all feder-
al agencies is available on the World Wide Web.  It may be
accessed on the Department of Justice's FOIA page under "Prin-
cipal FOIA Contacts at Federal Agencies."

ATTACHMENT B

Listing and Descriptions of Department of Justice Components,
Addresses, Locations of Reading Rooms, and Descriptions of
Information Routinely Made Publicly Available, and Multitrack
Processing


        This attachment lists the subdivisions or "components" of
the Department of Justice, with a brief description of their
functions.  Whenever a component requires special information
in order to respond to a Freedom of Information Act (FOIA)
request, this is noted immediately below the listing.  If a
component employs multitrack processing of FOIA requests, it
also has provided a description of its multitrack processing
system.  Also following each component listing is a general
description of the types of information that the component
makes publicly available without requiring that a formal FOIA
request be made.  If you are interested in such information,
please contact the component, either in writing or by tele-
phone.


        For most other materials, FOIA requests must be made in
writing.  You are encouraged to write directly to the
addresses provided below in order to speed up the handling of
your request.  However, if you are unable to identify the
Department component(s) most likely to have the records, you
may send your request to the Freedom of Information Act/Pri-
vacy Act Mail Referral Unit, Justice Management Division, U.S.
Department of Justice, Room 1070, NPB, 950 Pennsylvania Ave-
nue, N.W., Washington, D.C. 20530-0001, which will then for-
ward your request to the appropriate component(s).  In either
case, please mark the envelope "Freedom of Information Act
Request."


        All reading room records created by the Justice Depart-
ment on or after November 1, 1996 are available through the
Department's FOIA site on the World Wide Web site
(www.usdoj.gov/foia) under "Reading Rooms."  This site pro-
vides links to each component's FOIA page, which should indi-
cate which records are available electronically.  Persons
without access to the World Wide Web may access the Depart-
ment's electronic reading rooms at Room 10200, PHB, 601 D
Street, N.W., Washington, D.C.  Where an individual component
also maintains a separate reading room, that reading room
location is also noted following the component description.
Before visiting a component's reading room, be sure to first

- 2 -

contact the component to determine the hours during which the reading room may be open (or to schedule a visit) and to verify that any specific document or information that you are seeking is, in fact, maintained in the reading room.

The following list of Justice Department components is in alphabetical order:

ANTITRUST DIVISION -- Requests for Antitrust Division records should be addressed to:

FOIA/PA Officer
Antitrust Division
Department of Justice
Suite 200, Liberty Place Building
Washington, D.C.  20530-0001
(202) 514-2692

The Antitrust Division is charged with the general enforce-ment, by criminal and civil proceedings, of federal antitrust laws and other laws relating to the protection of competition and the prohibition of monopolization and restraints of trade. This Division maintains files of its investigations and legal cases, stores documents utilized during such investigations and litigation, and keeps records pertaining to the adminis-tration of the Division.

Special information required:  No special information is required for your request, but please be as specific as possible.

Publicly available information:  Public documents located on this Division's Web site include public court and administra-tive filings, such as complaints, indictments, final judg-ments, statements of policy, staff manuals, and guidelines; press releases; speeches; congressional testimony; business review letters; and the Division telephone book.

Multitrack processing:  FOIA requests are placed in one of three tracks.  Track one is for those requests which seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA.  Track two is for those requests which do not involve voluminous records or lengthy consultations with other entities.  Track three is for those requests which involve voluminous records and for which lengthy or numerous consulta-

- 3 -

tions are required, or those requests which may involve sen-
sitive records.


OFFICE OF THE ASSOCIATE ATTORNEY GENERAL -- Requests for
Associate Attorney General records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA


The Associate Attorney General advises and assists the Attor-
ney General and the Deputy Attorney General in formulating and
implementing Departmental policies and programs pertaining to
a broad range of civil justice, federal and local law enforce-
ment, and public safety matters.  The Office oversees the
following Department of Justice components:  the Antitrust,
Civil, Civil Rights, Environment and Natural Resources, and
Tax Divisions, the Office of Justice Programs, the Office of
Community Oriented Policing Services (COPS), the Community
Relations Service, the Office of Dispute Resolution, the
Office on Violence Against Women, the Office of Information
and Privacy, the Executive Office for United States Trustees,
and the Foreign Claims Settlement Commission.  Records main-
tained include those relating to the administration of the
office.


Special information required:  None.


Publicly available information:  Information and reports con-
sidered to be of significant public interest.


Multitrack processing:  FOIA requests are placed in one of
three tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA.  Track two is for those requests which do not
involve voluminous records or lengthy consultations with other
entities.  Track three is for those requests which involve
voluminous records and for which lengthy or numerous consulta-
tions are required, or those requests which may involve sen-
sitive records.

- 4 -

<u>OFFICE OF THE ATTORNEY GENERAL</u> -- Requests for Attorney General records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA

The Attorney General is responsible for the overall supervision and direction of the administration and operation of the Department.  The Attorney General represents the United States in legal matters generally and furnishes advice and opinions on legal matters to the President, the Cabinet, heads of the executive departments, and other agencies of the federal government.  Records maintained include those relating to the administration of the office.

Special information required:  None.

Publicly available information:  Information and reports considered to be of significant public interest.

Multitrack processing:  FOIA requests are placed in one of three tracks.  Track one is for those requests which seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA.  Track two is for those requests which do not involve voluminous records or lengthy consultations with other entities.  Track three is for those requests which involve voluminous records and for which lengthy or numerous consultations are required, or those requests which may involve sensitive records.

<u>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES</u> --
Requests for Bureau of Alcohol, Tobacco, Firearms, and Explosives records should be addressed to:

Division Chief
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Department of Justice
Room 8400, 650 Massachusetts Avenue, N.W.
Washington, D.C.  20226
(202) 927-8480

- 5 -

The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) conducts criminal investigations, regulates the firearms and explosives industries, and assists other law enforcement agencies in order to suppress violent crime and protect the public. The ATF removes violent offenders and criminal organizations from the community; assists prosecutors in incarcerating violent offenders; provides leadership to solve violent crime; denies criminals access to firearms by stopping illegal firearms traffickers; works with the firearms and explosives industries to ensure compliance with regulations and record keeping requirements; promotes comprehensive crime gun tracing; safeguards the public from explosives and arson incidents; supports interagency counterterrorism effort; assists state, local, and other federal law enforcement agencies by establishing and conducting law enforcement training and research programs; investigates thefts and losses of firearms and explosives; allows only qualified applicants to become licensed in firearms and explosives industries; conducts revenue investigations in conjunction with alcohol and tobacco diversion investigations; and prevents criminal encroachment of the legitimate alcohol and tobacco industries. ATF also maintains records relating to the administration of the bureau.

Special information required: None.

Publicly available information: A request for a listing of Federal Firearms Licensee's (FFL's) in your residential zip code can be made without a FOIA request. Send your request to:

Bureau of Alcohol, Tobacco, Firearms, and Explosives
Chief, Firearms and Explosives Services Division
Department of Justice
Room 5100, 650 Massachusetts Avenue, N.W.
Washington, D.C. 20226

Reading room location: Sixth Floor, 650 Massachusetts Avenue, N.W., Washington, D.C.

Multitrack processing: None.

CIVIL DIVISION -- Requests for Civil Division records should be addressed to:

- 6 -

Freedom of Information/Privacy Act Office
Civil Division
Department of Justice
Room 7304, 20 Massachusetts Avenue, N.W.
Washington, D.C. 20530-0001
(202) 514-2319

The Civil Division represents the United States, its agencies,
and its employees in general civil litigation that is not
within the specialized fields of other divisions of the
Department. It defends the federal government in suits chal-
lenging the constitutionality, lawfulness, or propriety of
Presidential initiatives, federal statutes, and government
programs and actions. It also initiates litigation to enforce
various federal statutes, including the False Claims Act, and
the federal consumer protection and immigration laws. It
handles tort claims against the government, and the defense of
federal civilian and military officials sued personally for
official actions. The Division maintains record material
relating to cases and matters under its jurisdiction, as well
as records relating to the administration of the division.

Special information required: Requests for records from Civil
Division case files should include a case caption or name,
civil action number, judicial district, and date or year of
filing.

Publicly available information: Certain Civil Division legal
practice monographs and a limited number of health care set-
tlements.

Multitrack processing: None.


CIVIL RIGHTS DIVISION -- Requests for Civil Rights Division
records should be addressed to:

Chief, FOIA/PA Branch
Civil Rights Division
Department of Justice
Room 311, NALC Building
Washington, D.C. 20530-0001
(202) 514-4209

The Civil Rights Division (CRT) conducts the litigation of
cases to secure equal opportunity in the areas of employment,

- 7 -

education, housing, voting, public accommodations and facili-
ties, and federally assisted programs.  CRT is also responsi-
ble for enforcing the antidiscrimination provision of the
Immigration Reform and Control Act through the investigation
and prosecution of charges filed on the basis of citizenship
status or national origin.  It also prosecutes criminal viola-
tions of federal civil rights statutes.  The Division main-
tains records of all its legal cases, correspondence, and mem-
oranda, as well as records on certain individuals protected
under civil rights statutes.  Records maintained include those
relating to the administration of the office.

Special information required:  None.

Publicly available information:  The Disability Rights Section
and the Office of Special Counsel for Immigration-Related
Unfair Employment Practices have numerous publications avail-
able to the public through each section's public information
office.

Multitrack processing:  FOIA requests are placed in one of
four tracks.  Track one requests meet the criteria for expe-
dited processing and requests for which there are no records
or are records that have already been processed in response to
a prior request.  Track two is for responses that require
retrieval of 3000 pages or less and responses for which at
least a 2500-page fee is anticipated to be assessed.  Track
three is for requests requiring processing of more than 3000
pages.  Track four is for responses of voluminous amounts of
documents for historical projects where requesters have quali-
fied for a fee waiver.

COMMUNITY RELATIONS SERVICE -- Requests for Community Rela-
tions Service records should be addressed to:

FOIA/PA Coordinator
Community Relations Service
Department of Justice
Suite 6000, 600 E Street, N.W.
Washington, D.C.  20530-0001
(202) 305-2935

The Community Relations Service (CRS) provides community medi-
ation and conciliation services to resolve conflicts or dis-
putes relating to race, color, or national origin at the

- 8 -

request of state or local officials, local citizens and organ-
izations, or on its own motion when it believes that peaceful
relations among citizens are threatened.

Special information required:  None.

Publicly available information:  Annual reports; CRS Customer
Service Plan; general publications on conflict resolution and
related CRS work.  Other types of public information are
available on CRS's Web site at www.usdoj.gov/crs.

Multitrack processing:  None.


CRIMINAL DIVISION -- Requests for Criminal Division records
should be addressed to:

Chief, FOIA/PA Unit
Criminal Division
Department of Justice
Suite 1127, Keeney Building
Washington, D.C.  20530-0001
(202) 616-0307


The Criminal Division, in association with the 93 United
States Attorneys nationwide, is responsible for the enforce-
ment of all federal criminal statutes except those arising
under the antitrust, civil rights, income tax, and environ-
mental protection laws.  It is also responsible for the con-
duct of certain civil litigation, primarily that involving
prison and parole matters, and civil litigation involving
electronic surveillance.  The Division supervises such matters
as electronic surveillance (but not when related to national
security or defense investigations), granting of immunity from
federal prosecution, and the issuance of subpoenas to members
of the press or attorneys.  However, the division maintains
records of criminal proceedings only when necessary to the
exercise of its supervisory role and case files only where it
has assumed direct responsibility for prosecution.  The major-
ity of criminal prosecutions are handled by the individual
United States Attorneys Offices, which ordinarily maintain all
relevant case files.  The Criminal Division maintains records
of large-scale fraud cases; foreign agents registration mat-
ters; certain matters relating to terrorism and espionage;
exchange of prisoners with foreign countries pursuant to
treaties; requests for assistance to and from foreign gov-

- 9 -

ernments in criminal prosecutions; extradition matters; rec-
ords concerning asset forfeitures; investigations and denatu-
ralization proceedings against individuals who participated in
Nazi persecutions or any acts of genocide or government-spon-
sored torture or murder; records pertaining to the Interna-
tional Criminal Investigative Training Assistance Program; and
records relating to the administration of the Criminal Divi-
sion.  The Criminal Division does not maintain Criminal His-
tory Records (commonly referred to as "Rap Sheets").  Such
records should be requested from the FBI.  Instructions for
obtaining Rap Sheets can be found at Department of Justice
regulations at 28 C.F.R. §§ 16.30-34 or by following the link
on the Criminal Division FOIA page on the World Wide Web.

For a description of the records maintained by the Criminal
Division, go to the Criminal Division's FOIA page on the World
Wide Web at www.usdoj.gov/criminal.

Special information required:  None.

Publicly available information:  Foreign Agents Registration
Act information.

Multitrack processing:  Track one is requests that meet the
criteria for expedited processing and requests for which no
responsive records are located or records that have already
been processed in response to a recent prior FOIA request.
Track two is requests that require an average amount of time
to process, typically within thirty days, once all responsive
records have been received by the FOIA/PA Unit.  Track three
is requests for voluminous amounts of documents and/or complex
requests requiring more than thirty days to process following
receipt of the responsive records in the FOIA/PA Unit.

OFFICE OF THE DEPUTY ATTORNEY GENERAL -- Requests for Deputy
Attorney General records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA

The Deputy Attorney General advises and assists the Attorney

- 10 -

General in formulating and implementing Department policies and programs and in providing overall supervision and direction of all organizational units of the Department.  The Office of the Deputy Attorney General, through the Justice Management Division's Office of Attorney Recruitment and Management, also administers the attorney hiring program of the Department and maintains the files containing Honor Program and Summer Law Intern Program applications.  (Applicant files relating to experienced attorney hiring are maintained by the hiring component.  Attorney personnel files are maintained by individual components and/or by the Justice Management Division's Personnel Staff, other than those for Assistant United States Attorneys, which are maintained by the Executive Office for United States Attorneys.)  Records maintained include those relating to the administration of the office.

Special information required:  None.

Publicly available information:  Information and reports considered to be of significant public interest.

Multitrack processing:  FOIA requests are placed in one of three tracks.  Track one is for those requests which seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA.  Track two is for those requests which do not involve voluminous records or lengthy consultations with other entities.  Track three is for those requests which involve voluminous records and for which lengthy or numerous consultations are required, or those requests which may involve sensitive records.


DRUG ENFORCEMENT ADMINISTRATION -- Requests for Drug Enforcement Administration records should be addressed to:

Freedom of Information Operations Unit (SARCO)
Drug Enforcement Administration
Department of Justice
700 Army Navy Drive
Arlington, VA  22202
(202) 307-7596


The Drug Enforcement Administration (DEA) enforces the controlled substances laws and regulations of the United States by bringing to the criminal and civil justice system of the United States, or any other competent jurisdiction, those

- 11 -

involved in the growth, manufacture, or distribution of con-
trolled substances in or destined for the illicit traffic in
the United States.  DEA maintains investigative and intelli-
gence files of criminal activities related to illicit drug
traffic and drug abuse, rosters and investigations of legit-
imate drug handlers, distributors and manufacturers, and rec-
ords of controlled substance security investigations.  It also
keeps various records pertaining to the administration of DEA.

Publicly available information:  Certain manuals, pamphlets on
drugs and other DEA programs published by DEA's Office of Pub-
lic Affairs; asset forfeiture advertisements and auction an-
nouncements; requests for reasons for the issuance of a tel-
ephone record subpoena made by the subject of the subpoena.

Reading room location:  Room W-7216, 700 Army Navy Drive,
Arlington, VA.

Multitrack processing:  None.


ENVIRONMENT AND NATURAL RESOURCES DIVISION -- Requests for
Environment and Natural Resources Division records should be
addressed to:

FOIA Coordinator
Law and Policy Section
Environment and Natural Resources Division
Department of Justice
P.O. Box 4390, Ben Franklin Station
Washington, D.C.  20044-4390
(202) 514-1442

The Environment and Natural Resources Division (ENRD) is
responsible for the civil and criminal enforcement of environ-
mental laws, the defense of the government's administration of
federal environmental laws, and litigation relating to the use
and protection of federally owned public lands and natural
resources.  Some statutes that are within the Division's sub-
ject-matter expertise are the Clean Air Act, the Clean Water
Act, the Comprehensive Environmental Response, Compensation
and Liability Act, the Resource Conservation and Recovery Act,
the Safe Drinking Water Act, the Oil Pollution Act of 1990,
the National Environmental Policy Act, the Federal Land Policy
Management Act, the National Forest Management Act, and the
Endangered Species Act.  The Division also represents the

- 12 -

United States in its trust capacity for Indian tribes;
acquires land by purchase or condemnation for use by the
federal government; and defends the government against Fifth
Amendment takings claims.  The Division maintains case files,
correspondence files, and records relating to the administra-
tion of the Division.

Special information required:  None.

Publicly available information:  On ENRD's Web site, among
other things -- press releases, Global Settlement Policy,
Integrated Enforcement Policy, ENRD Summaries of Litigation
Accomplishments (for recent years), model consent decrees,
land-acquisition appraisal standards.

Otherwise available:  Amicus briefs, complaints, consent
decrees, other ENRD case-related documents.

Multitrack processing:  None.


EXECUTIVE OFFICE FOR IMMIGRATION REVIEW -- Requests for Execu-
tive Office for Immigration Review records should be addressed
to:

Office of the General Counsel
Attn:  FOIA/Privacy Act Requests
Executive Office for Immigration Review
Department of Justice
Suite 2600, 5107 Leesburg Pike
Falls Church, VA  22041
(703) 605-1297


The Executive Office for Immigration Review (EOIR) includes
the Board of Immigration Appeals (BIA), the Office of the
Chief Immigration Judge (OCIJ), and the Office of the Chief
Administrative Hearing Officer (OCAHO).  BIA is a quasi-judi-
cial body which hears appeals of decisions rendered by immi-
gration judges and certain officers of the Department of
Homeland Security.  Records of proceedings are returned to
Immigration Courts upon completion of BIA proceedings and
maintained at the BIA while cases are pending.  OCIJ oversees
the work of Immigration Courts, which maintain records of
cases brought before them involving removal proceedings and
related matters.  OCAHO's administrative law judge hears cases
related to the employer sanction and anti-discrimination pro-

- 13 -

visions of law.  Official OCAHO case files are centralized.
EOIR is responsible for the administrative adjudication and
interpretation of the immigration laws, including provisions
of the Immigration and Nationality Act.  EOIR also maintains
various administrative records.

Special information required:  For aliens, "A" number.

Publicly available information:  Published decisions by the
BIA and OCAHO.  Case information is available by dialing 1-
800-898-7180.  Other types of public information are available
on EOIR's Web site at www.usdoj.gov/eoir.

Reading room location:  BIA Law Library, Suite 112, 5205
Leesburg Pike, Falls Church, VA 22041.

Multitrack processing:  Three tracks: (1) simple; (2) complex;
(3) expedited.


<u>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS</u> -- Requests for
United States Attorney records should be addressed to:

FOIA/Privacy Staff
Executive Office for United States Attorneys
Department of Justice
Room 7300, 600 E Street, N.W.
Washington, D.C.  20530-0001
(202) 616-6757

The ninety-three United States Attorneys nationwide are
responsible for handling litigation affecting the interests of
the United States, including the prosecution of criminal cases
and the defense of civil cases, and for the conduct of grand
jury proceedings.  These offices maintain records on their
legal cases, criminal investigations, and citizen complaints,
as well as records relating to the administration of the
office.  Legal case files are not indexed or centralized in
Washington, D.C., but are located in the office of the United
States Attorney who handled the case.  Accordingly, requests
for United States Attorney records should be sent to the Wash-
ington, D.C. address above and should indicate the particular
judicial district or city in which the matter was handled.
The usual administrative and personnel records are maintained
in headquarters offices in Washington, D.C. as well.

- 14 -

Special information required:  Date and place of birth and judicial district in which investigation/prosecution or other litigation occurred.

Publicly available information:  Annual Statistical Report; U.S. Attorneys' Manual; U.S. Attorneys' Bulletin.

Multitrack processing:  Five tracks:  (1) expedited; (2) projects; (3) referrals; (4) regular; (5) classified.


EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES -- Requests for United States Trustees records should be addressed to:

FOIA/PA Counsel
Office of the General Counsel
Executive Office for United States Trustees
Department of Justice
Suite 8000, 20 Massachusetts Avenue, N.W.
Washington, D.C.  20530-0001
(202) 307-1399


The United States Trustee Program (USTP) consists of ninety-five offices nationwide, plus an Executive Office in Washington, D.C. headed by a Director.  There are twenty-one regions, each headed by a United States Trustee, covering all federal judicial districts except those in Alabama and North Carolina.

The USTP acts in the public interest to promote the efficiency and to protect and preserve the integrity of the bankruptcy system.  It works to secure the just, speedy, and economical resolution of bankruptcy cases; monitors the conduct of parties and takes action to ensure compliance with applicable laws and procedures; identifies and investigates bankruptcy fraud and abuse; and oversees administrative functions in bankruptcy cases.  United States Trustees are responsible for the effective administration of bankruptcy cases arising under chapters 7, 11, 12, and 13 of the United States Bankruptcy Code.  They also serve as watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy system and bring civil enforcement actions in appropriate cases.  See 28 U.S.C. §§ 581-589a and 11 U.S.C. §§ 101, et seq.

While the Executive Office maintains certain administrative records, case files are not centralized in Washington, D.C. The USTP regional and field offices maintain duplicate copies

- 15 -

of certain court pleadings and material concerning specific
cases.  Accordingly, all FOIA requests for USTP records --
which should be addressed to the FOIA/PA Counsel, Office of
General Counsel, Executive Office for United States Trustees
-- should identify a case name, particular judicial district,
and/or specific USTP office(s) where responsive records may
exist.

Special information required:  For bankruptcy files -- judi-
cial district and the name of the case.

Publicly available information:  Frequently requested records,
reports, policy statements, staff manuals, and other informa-
tion considered to be of significant public interest are
available on EOUST's Web site at www.usdoj.gov/ust.

Multitrack processing:  None.


FEDERAL BUREAU OF INVESTIGATION -- Requests for Federal Bureau
of Investigation records should be addressed to:

FOIPA Section
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C.  20535
(202) 324-5520


The Federal Bureau of Investigation (FBI) investigates viola-
tions of certain Federal statutes, collects evidence in legal
cases in which the United States is or may be an interested
party, and performs other duties specifically imposed by law
or Presidential directive.  The Bureau maintains files of its
criminal, legal, and security investigations; a nationwide
index of wanted persons, stolen property, criminal histories,
and missing persons; fingerprint identification records; per-
sonnel records of FBI employees; and records of investigations
of applicants for sensitive positions in the United States
Government.  It also maintains records relating to the admin-
istration of the Bureau.

Special information required:  Date and place of birth.

Publicly available information:  Employment and recruitment
materials; publications giving general history about the FBI's

- 16 -

accomplishments, organizational structure, law enforcement services, programs, and history; crime statistics.

Reading room location:  J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C.

Multitrack processing:  Three tracks:  (1) 500 pages or less; (2) 501-2500 pages; (3) 2501 pages or more.

FEDERAL BUREAU OF PRISONS -- Requests for Federal Bureau of Prisons records should be addressed to:

Chief, FOIA/PA Section
Office of General Counsel
Federal Bureau of Prisons
Department of Justice
Room 841, HOLC Building
Washington, D.C.  20534
(202) 514-6655

The Federal Bureau of Prisons is responsible for the care and confinement of offenders who are committed to its custody. The Bureau maintains records on current and former inmates of federal penal and correctional institutions concerning sentence computation; institutions of confinement; criminal, social, educational, and occupational background; identification data; institutional work and housing assignments; educational, disciplinary, health, and work data during incarceration; and reports relating to release planning, furlough, institutional adjustment, and violations of release.  The Federal Bureau of Prisons also maintains records relating to the administration of the Federal Bureau of Prisons.

Special information required:  For inmates, register number, committed name, and institution where last housed.

Publicly available information:  Limited.

Reading room location:  Seventh Floor, 500 First Street, N.W., Washington, D.C.

Multitrack processing:  Track one is for more complicated requests.  The second track is for simpler requests.

- 17 -

FOREIGN CLAIMS SETTLEMENT COMMISSION -- Requests for Foreign
Claims Settlement Commission records should be addressed to:

Chief Counsel
Foreign Claims Settlement Commission
Department of Justice
Room 6002, 600 E Street, N.W.
Washington, D.C.  20579-0001
(202) 616-6975

The Foreign Claims Settlement Commission adjudicates claims of
United States nationals for losses resulting from the uncom-
pensated nationalization or other taking of their property by
foreign governments, and claims for compensation based on war-
time confinement of United States servicemen and civilians as
prisoners of war or civilian internees.  The Commission main-
tains records on all such claims, on inquiries concerning such
claims, and on the administration of the programs in which
those claims are adjudicated.  The Commission also maintains
records on its own administrative operations and procedures.

Special information required:  None.

Publicly available information:  Decisions of past claims pro-
grams.

Reading room location:  Room 6002, 600 E Street, N.W., Wash-
ington, D.C.

Multitrack processing:  None.


INTERPOL-UNITED STATES NATIONAL CENTRAL BUREAU -- Requests for
INTERPOL-United States National Central Bureau records should
be addressed to:

FOIA/PA Specialist
INTERPOL-United States National Central Bureau
Department of Justice
Washington, D.C.  20530-0001
(202) 616-9000

The INTERPOL-United States National Central Bureau (INTERPOL-
USNCB) acts as liaison with the International Criminal Police
Organization (INTERPOL) to enable domestic law enforcement
agencies to participate in an international exchange of crimi-

- 18 -

nal justice information.  INTERPOL was created to promote
mutual assistance among criminal police authorities in the
prevention and suppression of international crime.  INTERPOL-
USNCB maintains investigative files of criminal activities and
noncriminal files concerning matters of humanitarian assist-
ance.  It also maintains various administrative files.

Special information required:  Complete name, date and place
of birth, and any aliases ever used (social security number
optional).

Publicly available information:  Internship package; Public
Affairs package (USNCB pamphlet, Overview of INTERPOL and
USNCB, Memorandum of Understanding between the Department of
Homeland Security and the Department of Justice, USNCB Organi-
zation Chart); listing of agencies represented at USNCB.

Multitrack processing:  Three tracks:  simple (no records,
referred documents, and routine); complex; and expedited.


JUSTICE MANAGEMENT DIVISION -- Requests for Justice Management
Division records should be addressed to:

FOIA Contact
Justice Management Division
Department of Justice
Room 1111, 950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-3101


The Justice Management Division serves as the management arm
of the Department of Justice, establishing internal adminis-
trative policy, providing administrative support services to
Departmental organizations, and developing and directing
administrative management programs.  This Division keeps
Department of Justice personnel records, accounting and budget
records, and property, motor pool, parking records, and other
administrative records.

Special information required:  None.

Publicly available information:  Justice Department's Annual
Report on the Freedom of Information Act; listing of current
contracts under administration and listing of upcoming pro-
curements; lists of bureau procurement officers; statistical

- 19 -

data and explanatory information concerning the operations of
the Asset Forfeiture Fund; Annual Report of the Attorney Gen-
eral on Management Controls; Department Organization and
Functions Manual; annual reports and statistical summaries
prepared by the Equal Employment Opportunity Staff.

Multitrack processing:  None.


NATIONAL DRUG INTELLIGENCE CENTER -- Requests for National
Drug Intelligence Center records should be addressed to:

FOIA/PA Coordinator
National Drug Intelligence Center
319 Washington Street, Fifth Floor
Johnstown, PA  15901-1622
(814) 532-4601


The mission of the National Drug Intelligence Center (NDIC) is
to produce strategic intelligence for the counterdrug communi-
ty -- focusing on drugs, gangs, and violence.  NDIC utilizes
open source information along with material from state and
local law enforcement and federal entities.  This information
is coupled with related foreign assessments from the intelli-
gence community in order to accurately reflect the global
threat posed by the drug trade.

Special information required:  None.

Publicly available information:  Certain documents which are
published by NDIC on illicit drugs and their hazards are
available upon request.

Multitrack processing:  FOIA requests are placed in one of
three tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA.  Track two is for those requests which do not
involve voluminous records or lengthy consultations with other
entities.  Track three is for those requests which involve
voluminous records and for which lengthy or numerous consulta-
tions are required, or those requests which may involve sen-
sitive records.


OFFICE OF COMMUNITY ORIENTED POLICING SERVICES -- Requests for
the Office of Community Oriented Policing Services records

- 20 -

should be addressed to:

FOIA Officer, Legal Division
Office of Community Oriented Policing Services
Department of Justice
1100 Vermont Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-3750

The Office of Community Oriented Policing Services administers
discretionary grants for the hiring and redeployment of offi-
cers to participate in community policing and for innovative
community policing programs, and offers training and technical
assistance to assist grantees with the implementation of com-
munity policing in their communities.  This office maintains
records pertaining to the application for, and award and mon-
itoring of these grants.  The office also maintains records on
its own administrative operations and procedures.

Special information required:  None.

Publicly available information:  Specimen grant application
materials; information about a specific grant when requested
by the grant recipient; noncustomized lists of grant recipi-
ents.

Multitrack processing:  None.


OFFICE OF DISPUTE RESOLUTION -- Requests for Office of Dispute
Resolution records should be addressed to:

Senior Counsel for Alternative Dispute Resolution
Office of Dispute Resolution
Department of Justice
Room 5736, 950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 616-9471

The mission of the Office of Dispute Resolution is to promote
and facilitate the broad and effective use of alternative dis-
pute resolution processes by the Department of Justice and
throughout the Executive Branch of the federal government.
Records maintained include those relating to the administra-
tion of the office.

- 21 -

Special information required:  Information that would identify
the matter in dispute.

Publicly available information:  None.

Multitrack processing:  None.


OFFICE OF THE FEDERAL DETENTION TRUSTEE -- Requests for Office
of the Federal Detention Trustee records should be addressed
to:

Federal Detention Trustee
Office of the Federal Detention Trustee
Suite 1210
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 353-4601

The Office of the Federal Detention Trustee was established
and activated in September 2001 by directive of Congress (Pub.
L. 106-553, § 166, 114 Stat. 2762 (2000)) in response to
growing concerns regarding federal detention.  The Federal
Detention Trustee leads the development of Department of Jus-
tice detention policy and manages federal detention resources
to maximize available detention space and contain costs asso-
ciated with the detention of criminal defendants and aliens
awaiting adjudication and/or removal from the United States.
Additionally, the Federal Detention Trustee ensures that the
Department of Justice provides safe, secure, and humane deten-
tion services and works with the U.S. Marshals Service, U.S.
Citizenship and Immigration Services, and the Federal Bureau
of Prisons to identify emerging detention-related problems and
project future detention space needs.

Special information required:  None.

Publicly available information:  On the Office of the Federal
Detention Trustee's Web site -- a table of compliance with the
Department of Justice's core detention standards and statis-
tics.

Multitrack processing:  None.


OFFICE OF INFORMATION AND PRIVACY -- Requests for Office of

- 22 -

Information and Privacy records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA

The Office of Information and Privacy (OIP) discharges the Department's administrative and policy responsibilities under the Freedom of Information Act (FOIA) and promotes government-wide compliance with the Act.  OIP maintains files of administrative appeals of denials of FOIA and Privacy Act requests for Department of Justice records and initial request files of FOIA and Privacy Act requests for records of the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs.  The office also maintains records relating to the administration of the office.

Special information required:  None.

Publicly available information:  On OIP's Web site, among other things -- FOIA Post; FOIA Update (1979-2000); "Department of Justice Guide to the Freedom of Information Act" (May 2004); "Privacy Act Overview" (May 2004); Freedom of Information Case List (May 2002).

Multitrack processing:  FOIA requests are placed in one of three tracks.  Track one is for those requests which seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA.  Track two is for those requests which do not involve voluminous records or lengthy consultations with other entities.  Track three is for those requests which involve voluminous records and for which lengthy or numerous consultations are required, or those requests which may involve sensitive records.

OFFICE OF THE INSPECTOR GENERAL -- Requests for Office of the Inspector General records should be addressed to:

FOIA/PA Specialist

- 23 -

Office of the Inspector General
Department of Justice
Suite 6100, 1425 New York Avenue, N.W.
Washington, D.C.  20530-0001
(202) 616-0646


The Office of the Inspector General provides leadership and
assists management in promoting economy, efficiency, and
effectiveness within the Department of Justice; enforces the
fraud, waste, and abuse laws and regulations of the United
States within the Department; and refers to the criminal and
civil justice systems those individuals or organizations
involved in financial, professional, or criminal misconduct
relating to programs of the Department of Justice.  Investiga-
tive records are maintained for all ongoing and closed matters
received after April 14, 1989.  Audit reports are maintained
from 1986 and inspection reports are maintained from April 14,
1989.  The office also maintains records relating to the
administration of the office.


Special information required:  None.


Publicly available information:  Audit reports; inspection
reports; semi-annual reports.


Multitrack processing:  None.


OFFICE OF INTELLIGENCE POLICY AND REVIEW -- Requests for
Office of Intelligence Policy and Review records should be
addressed to:


FOIA Coordinator
Office of Intelligence Policy and Review
Department of Justice
Room 6150, 950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-5600


The Office of Intelligence Policy and Review provides formal
and informal legal advice to the Attorney General and the
United States intelligence agencies regarding questions of law
and procedure that relate to United States intelligence activ-
ities; performs review functions of certain intelligence
activities; and prepares and presents applications for elec-
tronic surveillance and physical search to the United States

- 24 -

Foreign Intelligence Surveillance Court.  This office main-
tains copies of legal memoranda; applications presented to the
Foreign Intelligence Surveillance Court; correspondence from
persons who have written to the office and/or indices to indi-
viduals who have been referred to the office; and indices to
the legal memoranda, applications, and correspondence.  Rec-
ords maintained include those relating to the administration
of the office.

Special information required:  None.

Publicly available information:  None.

Multitrack processing:  None.


OFFICE OF INTERGOVERNMENTAL AND PUBLIC LIAISON -- Requests for
Office of Intergovernmental and Public Liaison records should
be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA

The Office of Intergovernmental and Public Liaison (OIPL),
formerly the Office of Intergovernmental Affairs, manages and
coordinates the Department of Justice's efforts to inform and
engage state and local government, law enforcement, and many
other groups and organizations, acting as their liaison with
the Department.  OIPL ensures that the Department's policies
and positions on a variety of complex issues are clearly com-
municated to these groups as well as making certain that the
state and local perspective is taken into account as Depart-
ment policies and programs are discussed and implemented.

Special information required:  None.

Publicly available information:  None.

Multitrack processing:  FOIA requests are placed in one of
three tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA.  Track two is for those requests which do not

- 25 -

involve voluminous records or lengthy consultations with other entities.  Track three is for those requests which involve voluminous records and for which lengthy or numerous consultations are required, or those requests which may involve sensitive records.


OFFICE OF JUSTICE PROGRAMS -- Requests for Office of Justice Programs records should be addressed to:

FOIA Coordinator
Office of Justice Programs
Department of Justice
Room 5400, 810 7th Street, N.W.
Washington, D.C.  20531-0001
(202) 307-0790


The Office of Justice Programs (OJP) is responsible for processing responses under the Freedom of Information Act for its component agencies:  the Bureau of Justice Assistance, the Bureau of Justice Statistics, the National Institute of Justice, the Office of Juvenile Justice and Delinquency Prevention, and the Office for Victims of Crime, as well as the program and support offices in OJP.  These components award and administer financial assistance and technical aid to state and local criminal justice agencies as well as conduct research studies and statistical surveys in matters concerning the administration of criminal justice.  They maintain records to monitor and manage their programs.  In addition, these component agencies maintain files on civil rights compliance investigations relating to any grants awarded by them.

Special information required:  None.

Publicly available information:  Numerous publications regarding law enforcement, crime prevention, and law enforcement-related statistical information.

Multitrack processing:  Three tracks:  (1) "no records" requests; (2) routine requests; (3) voluminous and/or complex requests.


OFFICE OF LEGAL COUNSEL -- Requests for Office of Legal Counsel records should be addressed to:

- 26 -

Supervisory Paralegal
Office of Legal Counsel
Department of Justice
Room 5515, 950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-2038


The Office of Legal Counsel prepares the formal opinions of
the Attorney General and renders informal opinions and advice
on questions of law (other than on the FOIA and Privacy Act)
to the various executive agencies and to other components of
the Department of Justice.  Records maintained include those
relating to the administration of the office.

Special information required:  None.

Publicly available information:  Published opinions from 1992
through 2004 are available on the Office of Legal Counsel's
Web site (www.usdoj.gov/olc) and are available in paper form
and on LEXIS and Westlaw from 1977.

Multitrack processing:  FOIA requests are placed in one of
three tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA.  Track two is for those requests which do not
involve voluminous records or lengthy consultations with other
entities.  Track three is for those requests which involve
voluminous records and for which lengthy or numerous consulta-
tions are required, or those requests which may involve sen-
sitive records.


OFFICE OF LEGAL POLICY -- Requests for Office of Legal Policy
records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA


The Office of Legal Policy (OLP) serves as the Attorney Gen-
eral's principal policy development staff and is involved in a
wide range of criminal and civil justice policy initiatives
central to the Department's mission.  The office reviews and

- 27 -

analyzes pending legislation proposals, coordinates regulatory development and review of proposed rules, and serves as liaison to OMB on regulatory matters. The office evaluates potential nominees for federal judicial appointments and assists in preparation of nominees for Senate confirmation. OLP maintains background files on OLP policy, legislative proposals, judicial nomination files, and working files for its staff support activities. Records maintained include those relating to the administration of the office.

Special information required: None.

Publicly available information: Information and reports considered to be of significant public interest.

Multitrack processing: FOIA requests are placed in one of three tracks. Track one is for those requests which seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA. Track two is for those requests which do not involve voluminous records or lengthy consultations with other entities. Track three is for those requests which involve voluminous records and for which lengthy or numerous consultations are required, or those requests which may involve sensitive records.


OFFICE OF LEGISLATIVE AFFAIRS -- Requests for Office of Legislative Affairs records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C. 20530-0001
(202) 514-FOIA


The Office of Legislative Affairs (OLA) has responsibility for devising and implementing the legislative strategy to carry out the Attorney General's initiatives requiring congressional action. OLA provides or arranges for testimony by Department witnesses at congressional hearings. OLA also responds or coordinates responses for the Department to requests and inquiries from congressional committees and subcommittees and individual Members of Congress and their staffs, including requests from Congress on behalf of constituents. Records maintained include those relating to the administration of the

- 28 -

office.

Special information required:  None.

Publicly available information:  Weekly reports to the
Attorney General (2000-2002).

Multitrack processing:  FOIA requests are placed in one of
three tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA.  Track two is for those requests which do not
involve voluminous records or lengthy consultations with other
entities.  Track three is for those requests which involve
voluminous records and for which lengthy or numerous consulta-
tions are required, or those requests which may involve sen-
sitive records.


OFFICE OF THE PARDON ATTORNEY -- Requests for Office of the
Pardon Attorney records should be addressed to:

Office of the Pardon Attorney
Department of Justice
Suite 400, 500 First Street, N.W.
Washington, D.C.  20530-0001
(202) 616-6070


The Office of the Pardon Attorney receives and reviews peti-
tions for all forms of executive clemency, including pardon,
commutation (reduction) of sentence, remission of fine, and
reprieve, initiates the necessary investigations of clemency
requests, and prepares the report and recommendation of the
Attorney General, or his designee, to the President on clem-
ency requests.  The office maintains a clemency case file for
each individual who has applied for or been granted clemency,
as well as copies of the warrants and proclamations of clemen-
cy granted by the President, and records relating to the
administration of the office.  The office also acts as liaison
with the public for correspondence and informational inquiries
about the clemency process and maintains correspondence files
relating to such inquiries.


Special information required:  For clemency files -- the full
name of the person who applied for or was granted clemency.
For miscellaneous correspondence files -- the full name of the
author of the letter and the full name of the person on whose

- 29 -

behalf the letter was written (if different).  For FOIA admin-
istrative files -- the full name of the person who made the
FOIA request.

Publicly available information:  Executive clemency statistics
from the administration of President McKinley to the present;
rules establishing the Office of the Pardon Attorney and gov-
erning petitions for executive clemency published at 28 C.F.R.
§§ 0.35-36 and §§ 1.1, et seq.; forms for applying for execu-
tive clemency; electronic publication:  "Civil Disabilities of
Convicted Felons:  A State-by-State Survey" (Oct. 1996); cop-
ies of clemency warrants and proclamations for persons who
have been granted executive clemency; description of clemency
procedures contained in the United States Attorneys' Manual at
§§ 1-2.110-113; whether an individual has applied for execu-
tive clemency and final action on such application.  Most of
these documents are available in the Office of the Pardon
Attorney's electronic reading room on the World Wide Web
(www.usdoj.gov/pardon).

Multitrack processing:  None.


OFFICE OF PROFESSIONAL RESPONSIBILITY -- Requests for Office
of Professional Responsibility records should be addressed to:

Deputy Counsel
Office of Professional Responsibility
Department of Justice
Suite 3529, 950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-3365


The Office of Professional Responsibility (OPR) maintains rec-
ords relating to its investigations of allegations of miscon-
duct by Department of Justice attorneys that relate to the
exercise of their authority to investigate, litigate, or pro-
vide legal advice, and allegations of misconduct by law
enforcement personnel when they are related to allegations of
misconduct by Department of Justice attorneys.  Those cases in
which there appears to be a violation of the law are often
referred to the investigative agency with jurisdiction over
such alleged violation, although OPR also conducts criminal
and administrative investigations.  Investigative records are
maintained in the office on all ongoing cases.  Records main-
tained include records relating to closed investigations,

- 30 -

inquiries, complaints, and records relating to the administra-
tion of OPR.

Special information required:  None.

Publicly available information:  OPR annual reports that con-
tain a review and evaluation of the activities of the internal
inspection units of the Justice Department; public summaries
of certain OPR investigations.

Multitrack processing:  FOIA requests are placed in one of two
tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA or which do not involve voluminous records or
lengthy consultations with other entities.  Track two is for
those requests which involve voluminous records and for which
lengthy or numerous consultations are required, or those which
may involve sensitive records.


OFFICE OF PUBLIC AFFAIRS -- Requests for Office of Public
Affairs records should be addressed to:

Deputy Director
Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, D.C.  20530-0001
(202) 514-FOIA

The Office of Public Affairs is responsible for ensuring that
the public and press are informed about the Department's
activities and about the priorities and policies of the Attor-
ney General and the President with regard to law enforcement
and legal affairs.  The office keeps copies of press releases,
speeches, and testimony.  Records maintained include those
relating to the administration of the office.

Special information required:  None.

Publicly available information:  Department press releases.

Multitrack processing:  FOIA requests are placed in one of
three tracks.  Track one is for those requests which seek and
receive expedited processing pursuant to subsection (a)(6)(E)
of the FOIA.  Track two is for those requests which do not

- 31 -

involve voluminous records or lengthy consultations with other
entities.  Track three is for those requests which involve
voluminous records and for which lengthy or numerous consulta-
tions are required, or those requests which may involve sen-
sitive records.


<u>OFFICE OF THE SOLICITOR GENERAL</u> -- Requests for Office of the
Solicitor General records should be addressed to:

Assistant to the Solicitor General
Office of the Solicitor General
Department of Justice
Room 5738, 950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-2203


The Solicitor General is responsible for authorizing all gov-
ernment appeals and petitions for rehearing en banc or manda-
mus in the courts of appeals, all government amicus briefs in
the courts of appeals, and petitions for a writ of certiorari
in the Supreme Court.  Also, the Solicitor General is respon-
sible for authorizing all interventions by the United States
in cases in any court (state or federal; trial or appellate).
In addition, the Solicitor General is responsible for briefing
and arguing cases on behalf of the government in the Supreme
Court.  The Office of the Solicitor General maintains records
relating to appeals and petitions for which authorization to
file has been sought, and maintains records on Supreme Court
cases to which the United States or a government agency was a
party.  The Office also maintains records relating to the
administration of the office.

Special information required:  Case name and docket number of
case, or citation to case.

Publicly available information:  Government briefs and peti-
tions for the current term of the United States Supreme Court.

Multitrack processing:  None.


<u>OFFICE ON VIOLENCE AGAINST WOMEN</u> -- Requests for Office on
Violence Against Women records should be addressed to:

FOIA Officer

- 32 -

Office on Violence Against Women
Department of Justice
810 7th Street, N.W.
Washington, D.C.  20531
(202) 307-6026


The Office on Violence Against Women (OVW) handles the Depart-
ment's legal and policy issues regarding violence against wom-
en and coordinates Departmental efforts in this area.  OVW
administers the formula and discretionary grant programs to
eligible grantees in the areas of domestic violence, sexual
assault, and stalking.  It is responsible for coordination
with other departments, agencies, or offices regarding activ-
ities authorized or undertaken pursuant to the Violence
Against Women Act of 1994 and the Violence Against Women Act
of 2000.  The office also maintains records relating to the
administration of the office.


Special information required:  None.


Publicly available information:  A state-by-state list of
grant award recipients; information about domestic violence,
sexual assault, and stalking; various publications concerning
violence against women; press releases; information on state
grant-administering agencies.


Multitrack processing:  None.


PROFESSIONAL RESPONSIBILITY ADVISORY OFFICE -- Requests for
Professional Responsibility Advisory Office records should be
addressed to:


Law Librarian
Professional Responsibility Advisory Office
Department of Justice
Suite 600, 1325 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-0458


The mission of the Professional Responsibility Advisory Office
(PRAO) is to ensure prompt, consistent advice to Department
attorneys and Assistant United States Attorneys with respect
to areas of professional responsibility and choice-of-law
issues.  PRAO provides definitive advice to government attor-
neys and the leadership at the Department on issues relating

- 33 -

to professional responsibility.  Assembles and maintains the
codes of ethics including, inter alia, all relevant interpre-
tative decisions and bar opinions of the District of Columbia
and every state and territory, and other reference materials
and serves as a central repository for briefs and pleadings as
cases arise.  PRAO provides coordination with the litigating
components of the Department to defend attorneys in any dis-
ciplinary or other hearing where it is alleged that they
failed to meet their ethical obligations.  Serves as liaison
with the state and federal bar associations in matters related
to the implementation and interpretation of 28 U.S.C. § 530B,
the Ethical Standards for Prosecutors Act, and any amendments
and revisions to the various state ethics codes.  PRAO coor-
dinates with other Department components to conduct training
for Department attorneys and client agencies to provide them
with the tools to make informed judgments about the circum-
stances which require their compliance with 28 U.S.C. § 530B,
the Ethical Standards for Prosecutors Act, and the Hyde Amend-
ment or which otherwise implicate professional responsibility
concerns.  Performs such other duties and assignments as
determined from time to time by the Attorney General or the
Deputy Attorney General.

Note:  Complaints concerning the actions of individual Depart-
ment attorneys and Assistant United States Attorneys are not
processed and/or handled by the PRAO.

Special information required to make a FOIA request:  None.

Publicly available information:  None.

Multitrack processing:  None.


TAX DIVISION -- Requests for Tax Division records should be
addressed to:

Senior Division Counsel for FOIA
    and Privacy Act Matters
Tax Division
Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0462

- 34 -

The Tax Division's chief activity is to represent the Internal Revenue Service in civil and criminal litigation. It also represents other federal agencies which may have problems with state and local taxing authorities. Consequently, information which is maintained by the Tax Division pertains mainly to civil and criminal tax litigation, either actual or contemplated. This information is stored in files which are indexed in central classification systems under the names of the individuals or entities who are parties to the litigation. In addition, there is some information maintained by the Tax Division which relates to various procedures and guidelines relevant to the processing of tax cases, as well as files on its administrative functions.

Special information required:  None.

Publicly available information:  Criminal Tax Manual, Judgment and Collection Manual, Settlement Reference Manual.

Multitrack processing:  None.

UNITED STATES MARSHALS SERVICE -- Requests for United States Marshals Service records should be addressed to:

Office of General Counsel
United States Marshals Service
Department of Justice
Washington, D.C.  20530-1000
(202) 307-9054

United States Marshals serve as law enforcement agents of the government and, in that capacity, also serve as officers of the federal courts. The United States Marshals Service maintains files on individuals for whom federal warrants have been issued; records on prisoners in the custody of the United States Marshals; background information and records related to threats to and the protection of government witnesses, U.S. Attorneys and their assistants, federal jurists, and other court officials; records on process served and executed in federal court proceedings; and records on seized and forfeited property and evidence. It also maintains various records pertaining to the administration of the Service, including official personnel files for its employees.

Special information required:  For individuals -- judicial

- 35 -

district.  For prisoner transportation -- date and trip num-
ber.  For seized property -- judicial district, civil action
number, asset identification number, and/or accurate descrip-
tion of the property.

Publicly available information:  Recruitment and employment
literature; fact sheets; information regarding forfeiture pro-
gram and sales of forfeited property.

Multitrack processing:  Three primary tracks:  (1) simple
requests; (2) complex requests; and (3) expedited requests.
Within each of these primary designations, there are addition-
al tracks for:  (4) employee/applicants; (5) seized assets;
and (6) procurement matters.


UNITED STATES PAROLE COMMISSION -- Requests for United States
Parole Commission records should be addressed to:

United States Parole Commission
Department of Justice
Suite 420, 5550 Friendship Boulevard
Chevy Chase, MD  20815
(301) 492-5959

The United States Parole Commission has sole authority to
grant, modify, or revoke paroles of federal offenders who com-
mitted their offenses prior to November 1, 1987, and is
responsible for the supervision of parolees and mandatory
releasees.  Further, under Section 11231 of the National Cap-
ital Revitalization and Self-Government Improvement Act of
1997, the U.S. Parole Commission assumed the jurisdiction of
the District of Columbia Board of Parole.  The Commission
maintains records regarding its hearings and decisions for
prisoners and releasees.

Special information required:  None.

Publicly available information:  Final decisions rendered by
the Parole Commission on parole applications for offenders who
committed offenses prior to November 1, 1987.  (Parole hear-
ings are not open to the public.)

Multitrack processing:  Requests by inmates and parolees for
tape recordings, or for two documents or less, will be proc-
essed ahead of requests seeking numerous documents.  If a

- 36 -

requester demonstrates "compelling need," the request will be
processed on an expedited basis.

ATTACHMENT C

Descriptions of Major Information Systems


        Descriptions of the Department of Justice's major infor-
mation systems are available on the World Wide Web.  They may
be accessed on the Department's FOIA page under Attachment C
of the "Reference Guide," either listed alphabetically or
organized on a component-by-component basis.


Major information systems:

Alphabetical Listing of Department of Justice's Major Informa-
tion Systems

Major Information Systems of the Department of Justice
Arranged on a Component-by-Component Basis

ATTACHMENT D

Copy of Form DOJ-361

Form DOJ-361     (Certification of Identity)

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC  20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC  20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____  Social Security Number [3] _____

Current Address _____

Date of Birth _____  Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____  Date _____

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07

FORM DOJ-361
SEPT 04

ATTACHMENT E

Brief Description of Recent FOIA Litigation

## Exemption 1

*Wiener v. FBI*, No. 83-1720 (C.D. Cal. Sept. 27, 2004) (motion
for reconsideration pending) -- E.O. 12,958, as unamended;
"foreign government information"; ruling, based on FBI's 1998
declaration, that even though the foreign government that pro-
vided the information in confidence has stated it would "no
longer trust the United States in future dealings" if the
information were to be disclosed, the FBI failed "to address
how disclosure of the specific contents in the foreign gov-
ernment information would result in harm to the national
security."

*Bassiouni v. CIA*, 392 F.3d 244 (7th Cir. 2004) -- E.O. 12,958,
as amended; the CIA properly refused to confirm or deny the
existence of any records about plaintiff; it demonstrated that
even providing a list of any nonclassified documents, and
claiming exemptions, would reveal details about intelligence-
gathering methods -- methods that are classified independently
of the information in the documents.

## Exemption 2

*Brunetti v. FBI*, No. 01-1351, 2004 WL 3168219 (D.D.C. July 14,
2004) -- "high 2"; protecting permanent source symbol numbers
and informant file numbers; "low 2"; protecting radio fre-
quency numbers used by the FBI to communicate internally,
because they "clearly constitute" an internal practice and are
of no public interest.

*Judicial Watch, Inc. v. United States Dep't of Commerce*, 337
F. Supp. 2d 146 (D.D.C. 2004) -- "high 2"; protecting "Office
of Security guidelines for protecting the Secretary of Com-
merce on trade missions" because disclosure "would compromise
the Secretary's safety, making the Secretary subject to unlaw-
ful attacks"; protecting "guidelines for internal audits of
Commerce expenses and travel vouchers" because disclosure
could "enable Commerce employees to evade the law when pre-
paring expenses for audit."

-2-

## Exemption 3

*City of Chicago v. United States Dep't of Treasury*, 287 F.3d 628 (7th Cir.), *amended upon denial of reh'g en banc*, 297 F.3d 672 (7th Cir. 2002), *vacated & remanded to determine effect of Consolidated Appropriations Resolution sub nom. United States Dep't of Justice v. City of Chicago*, 537 U.S. 1229 (2003), *on remand*, 384 F.3d 429 (7th Cir. 2004), *reh'g en banc granted in part*, No. 01-2167 (7th Cir. Dec. 21, 2004) (oral argument heard Feb. 15, 2005) -- oddly ruling that appropriations act prohibition "preclude[s] the use of federal funds for retrieval of the information but do[es] not substantively change the FOIA."

## Exemption 4

*Kennedy v. DHS*, No. 03-6076, 2004 WL 2295058 (W.D.N.Y. Oct. 8, 2004) -- impairment prong; protecting "ink names and coding" voluntarily submitted to the Secret Service by ink companies on the understanding that they would not be publicly disclosed.

*McDonnell Douglas Corp. v. United States Dep't of the Air Force*, 375 F.3d 1182 (D.C. Cir. 2004), *reh'g en banc denied*, No. 02-5342 (D.C. Cir. Dec. 16, 2004) -- "reverse" FOIA; in 2-1 decision, ruling that disclosure of option year prices and Vendor Pricing Contract Line-items would be likely to cause substantial competitive harm to submitter because release of option year prices would enable competitors to underbid submitter in the event that agency rebids the contract and that price is the only readily quantified criterion among the 6 criteria for awarding government contracts; the Air Force has not sufficiently demonstrated that the markets in which prime contractors purchase vendor goods and services are not "effectively competitive."

## Exemption 5

*Judicial Watch, Inc. v. United States Dep't of Energy*, 310 F. Supp. 2d 271 (D.D.C.), *reconsideration denied & stay pending appeal granted*, 319 F. Supp. 2d 32 (D.D.C. 2004) -- threshold requirement; apparently unaware of *EPA v. Mink*, 410 U.S. 73, 86 (1973), ruling that agency recommendations to presidential-

-3-

ly created National Energy Policy Development Group chaired by
the Vice President were not "inter-agency" communications,
simply because "the President's immediate staff or units in
the Executive Office [including the Office of the Vice Pres-
ident] whose sole function is to advise and assist the Presi-
dent" are not agencies.

*Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Pas-
senger Corp.*, 376 F.3d 1270 (11th Cir. 2004) -- deliberative
process privilege; protecting "internal memoranda, notes, and
other work papers prepared by lower level auditors" in the
Inspector General's decisionmaking process of determining
whether to issue a final audit, even though those documents
were not reviewed by the ultimate decisionmaker; documents
must be viewed with respect to how "they related to the entire
auditing process," not just with respect to the final deci-
sionmaker.

*Nat'l Council of La Raza v. United States Dep't of Justice*,
339 F. Supp. 2d 572 (S.D.N.Y. 2004), *stay pending appeal
granted*, No. 04-5474 (2d Cir. Dec. 20, 2004) -- deliberative
process privilege; finding deliberative process privilege
applicable to Office of Legal Counsel opinion concerning
authority of local police to detain civil immigration viola-
tors, but ruling that most of the opinion was not exempt
because it had been expressly adopted in public statements by
the Attorney General and other senior officials.

*Judicial Watch, Inc. v. United States Dep't of Justice*, No.
02-348 (D.D.C. Mar. 31, 2004), *reconsideration denied & stay
granted*, 337 F. Supp. 2d 183 (D.D.C. 2004), *stay pending
appeal granted* (D.D.C. Oct. 7, 2004) -- attorney work-product
privilege; after in camera inspection, finding that nine e-
mail messages were properly withheld under the attorney work-
product and deliberative process privileges, but mistakenly
concluding that the defendant agency has not made a good-faith
effort to provide plaintiff with "reasonably segregable" por-
tions of each document -- and inexplicably ordering it to do
so.

*Mone v. Dep't of the Navy*, No. 04-11009, 2005 WL 225587 (D.
Mass. Jan. 26, 2005) (motion for reconsideration pending) --
attorney work-product privilege; "reasonably segregable";
ruling that agency's litigation report concerning injuries to
requester's clients was created in reasonable anticipation of

-4-

litigation and thus constitutes attorney work-product; erroneously ruling that the report must be submitted in camera for court's determination as to whether it "contains factually segregable material."


## Exemption 6

*Judicial Watch, Inc. v. United States*, 84 Fed. Appx. 335 (4th Cir.), *cert. denied sub nom. Judicial Watch, Inc. v. IRS*, 125 S. Ct. 32 (2004) -- 2-1 decision holding that names of lower-level IRS clerical workers contained in an audit-related correspondence log and correspondence pertaining to requester and its founder consist of "similar files"; ruling that IRS employees have a privacy interest in not having their names connected with IRS audit files and that disclosure of these names would not reveal anything about government operations.


## Exemption 7

*Ctr. for Nat'l Sec. Studies v. United States Dep't of Justice*, 331 F.3d 918 (D.C. Cir. 2003), *cert. denied*, 124 S. Ct. 1041 (2004) -- 2-1 decision ruling that the names of post-9/11 detainees were compiled for the law enforcement purpose of pursuing a "heinous violation of federal law as well as a breach of national security"; relation among homeland security, law enforcement, and national security.


## Exemption 7(A)

*Judicial Watch, Inc. v. United States Dep't of Commerce*, 337 F. Supp. 2d 146 (D.D.C. 2004) -- protecting the "identity of a company subject to export enforcement investigation and specifics of the transaction that would tip [off] the company if released."


## Exemption 7(C)

*NARA v. Favish*, 124 S. Ct. 1570 (2004) -- recognizing "survivor privacy" interest in close family members of former Deputy White House Counsel Vincent Foster justifies nondisclosure of his death-scene photographs; subject's public figure status

-5-

did not diminish his family's privacy interest; where "the
public interest being asserted is to show that responsible
officials acted negligently or otherwise improperly in the
performance of their duties, the requester must establish more
than a bare suspicion in order to obtain disclosure.  Rather,
the requester must produce evidence that would warrant a
belief by a reasonable person that the alleged Government
impropriety might have occurred."

*Perlman v. United States Dep't of Justice*, 312 F.3d 100 (2d
Cir. 2002), *cert. granted, vacated & remanded*, 124 S. Ct. 1874
(2004), *on remand*, 380 F.3d 110 (2d Cir. 2004) -- initially
ordering disclosure of details of IG investigative report con-
cerning allegations of misconduct by INS General Counsel,
except "for minor personal background information"; finding
that the public interest in disclosure substantially outweighs
the official's privacy interests, but that there is insuffi-
cient public interest in the disclosure of the names of "cer-
tain witnesses and third parties"; following *Favish*, refusing
to order disclosure of any additional information.


### Exemption 7(E)

*Judicial Watch, Inc. v. United States Dep't of Commerce*, 337
F. Supp. 2d 146 (D.D.C. 2004) -- protecting techniques used to
identify parties and transactions that should be monitored for
violations of Export Administration regulations; disclosure
would allow circumvention of the system by giving potential
violators a key to what kinds of actions the agency deems of
greater or lesser significance, which could permit potential
violators to decide to risk violations that are of lower
enforcement priority.


### Exemption 7(F)

*Living Rivers, Inc. v. United States Bureau of Reclamation*,
272 F. Supp. 2d 1313 (D. Utah 2003)  -- protecting "inundation
maps" that were compiled as law enforcement records where
their disclosure "could aid in carrying out a terrorist
attack" on Hoover Dam or Glen Canyon Dam, resulting in death
to persons in the potential flood zones.

-6-

### Procedural Issues

*Judicial Watch, Inc. v. United States Dep't of Energy*, 310 F. Supp. 2d 271 (D.D.C.), *reconsideration denied & stay pending appeal granted*, 319 F. Supp. 2d 32 (D.D.C. 2004) -- "agency records"; erroneously concluding that documents "created or obtained" by agency employees on detail assignments to the presidentially created National Energy Policy Development Group chaired by the Vice President were "agency records" on the theory that they were in the "constructive control" of the employing agency, despite the fact that the agency never physically possessed the records nor were the records integrated into the agency's recordkeeping systems.

*United We Stand Am. v. IRS*, 359 F.3d 595 (D.C. Cir. 2004) -- "agency records"; 2-to-1 decision concluding that only certain portions of any agency-created response to a confidential congressional inquiry were "congressional records" not subject to the FOIA, because "Congress manifested its intent [to exert control] with respect to at most only a part" of those records; congressional letter contained only its own "clear" and "contemporaneous" reservation of congressional control and did not reserve control over the agency's response, except to the extent that any portion of the agency response revealed the congressional inquiry; remands case to the district court to determine whether there are any portions of the agency-created records that are not subject to congressional control -- in this case, because they do not reveal the Committee's request -- and if so, whether any exemptions apply to those portions.

*Bloomberg, L.P. v. SEC*, No. 02-1582, 2004 U.S. Dist. LEXIS 15111 (D.D.C. July 28, 2004) -- "agency records"; ruling that former SEC chairman's appointment calendar was a "personal record" because it was created for the chairman's own use, contained business and personal entries, was accessed only by the chairman, his chief of staff, and his deputy chief of staff, and was not circulated to others in the agency, even though it was maintained on the agency's computer system.

*Elec. Privacy Info. Ctr. v. DOD*, No. 04-1219, 2004 U.S. Dist. LEXIS 24809 (D.D.C. Dec. 8, 2004) -- denying expedited processing of plaintiff's FOIA request concerning its use of a software program known as "Verity K2 Enterprise," data-mining technology that can detect potential terrorist activity; plaintiff has not demonstrated an "urgency to inform the pub-

-7-

lic" about or a "substantial interest" in the specific use of
the software program, but instead has shown only a general
public interest in the "umbrella" subject of data-mining pro-
grams (of which there are a significant number) in general;
DIA's use of the Verity software has been a matter of public
knowledge since at least December 2002 and yet major news
organizations have not published any articles addressing the
software's possible data-mining capabilities.

*Maydak v. United States Dep't of Educ.*, No. 03-1901 (W.D. Pa.
Sept. 29, 2004) (appeal pending) -- "fugitive disentitlement
doctrine"; dismissing FOIA suit where "there is a connection
between the plaintiff's fugitive status and the civil action";
ruling that TSA "no fly list" records "could be of assistance
to Plaintiff in evading capture or avoiding detection in con-
nection with air travel."

*Lion Raisins Inc. v. USDA*, 354 F.3d 1072 (9th Cir. 2004) --
necessary access to sensitive information by FOIA personnel.



US OFFICIAL MAIL
$300 Penalty
For Private Use

**U.S. Department of Justice**

OIP/570 FLAG

*Washington, D.C. 20530*

Official Business
Penalty for Private Use $300

**U.S. Department of Justice**

*Washington, D.C. 20530*

Mr. Christopher Wolf
Proskauer Rose LLP
1233 20th Street, NW
Suite 800
Washington, DC  20036-2396