IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICEMEMBERS LEGAL </br> DEFENSE NETWORK, </br></br> Plaintiff, </br></br> v. </br></br> DEPARTMENT OF DEFENSE, *et al.*, </br></br> Defendants. | )</br>)</br>)</br>)</br>)</br>)  Civil Action No. 06-200 (RMC)</br>)</br>)</br>)</br>)</br>) |

**PLAINTIFF'S MOTION TO PROCEED WITHOUT
DISCLOSURE OF FULL RESIDENCE ADDRESS**

On February 6, 2006, Plaintiff Servicemembers Legal Defense Network ("Plaintiff" or "SLDN") initiated the above-entitled action seeking the release of agency records under the Freedom of Information Act, 5 U.S.C. § 552.  In doing so, Plaintiff filed with the Clerk of this Court a complaint for injunctive relief, the caption of which included Plaintiff's Post Office Box address in Washington, D.C.  Local Rules 5.1(e)(1) and 11.1, however, instruct parties that the caption of their first filing should contain a "full residence address" and that failure to provide this information within thirty days of filing may result in dismissal.  As explained more fully below, Plaintiff respectfully requests that this Court allow Plaintiff's case to proceed without requiring Plaintiff to disclose its full residence address, as requiring Plaintiff to do so will create a risk of retaliatory physical or mental harm.  In the alternative, Plaintiff requests that the Court

allow Plaintiff to file its full residence address with the Clerk of this Court under seal pursuant to Local Rule 5.1(j).

## BACKGROUND

### I. SERVICEMEMBERS LEGAL DEFENSE NETWORK

Plaintiff Servicemembers Legal Defense Network ("SLDN") is a non-profit public interest organization dedicated to ending discrimination against, and harassment of, United States military personnel under the congressional policy on gays and lesbians in the military, more commonly known as "Don't Ask, Don't Tell." (Declaration of C. Dixon Osburn ¶ 3 (Feb. 22, 2006) ("Osburn Decl.") [copy attached as Exhibit A].) As the most prominent organization in the United States dedicated to protecting the rights of lesbian, gay and bisexual servicemembers, SLDN uses multiple means of communication to educate and inform the general public and federal policymakers about the shortcomings of "Don't Ask, Don't Tell." (*Id.* ¶ 4.)

In addition, SLDN provides legal services to individuals impacted by "Don't Ask, Don't Tell." (*Id.* ¶ 5.) For example, SLDN attorneys currently represent twelve former servicemembers in a suit challenging the constitutionality of "Don't Ask, Don't Tell" which is pending in the United States District Court for the District of Massachusetts. (*Id.*)

As an unfortunate byproduct of its advocacy against "Don't Ask, Don't Tell," SLDN periodically receives hate mail from various individuals. (*Id.* ¶6.) As a result, SLDN has a strict policy of not publicly disclosing its full residence address. (*Id.*) SLDN's policy of not publicly disclosing its full residence address serves several

important purposes. First, the policy helps protect SLDN staff from harassment, intimidation or violence because of their work for the organization. (*Id.* ¶ 8.) Second, because many of SLDN's current and prospective clients have faced intense harassment—including death threats—due to their sexual orientation, SLDN's policy of not disclosing its full residence address allows SLDN to create an environment where current and prospective clients may seek legal advice without fear of intimidation or violence. (*Id.* ¶ 9.) Third, because SLDN's current and prospective clients often fear being discharged from the military for merely associating with SLDN, the organization endeavors to protect their confidentiality by not publicly disclosing its full residence address. (*Id.* ¶ 10.) In lieu of a full residence address, SLDN's website (www.sldn.org) provides the public with a Post Office Box address, toll-free telephone number and e-mail address that may be used to communicate with the organization. (*Id.* ¶ 7.)

## II.     LOCAL RULES 5.1(e)(1) AND 11.1

As noted above, Local Rules 5.1(e)(1) and 11.1 instruct parties that the caption of their first filing should contain a "full residence address" and that failure to provide this information within thirty days of filing may result in dismissal. These rules require more information than the Federal Rules of Civil Procedure, which only require that every pleading contain a caption setting forth the court's name, the title of the action, the case file number and the parties' names. *See* Fed. R. Civ. P. 10(a). Although research has revealed no decision of this Court or the D.C. Circuit addressing when a party's case may proceed without the filing of a full residence address, this Court recently addressed an analogous issue—whether to allow the use of pseudonyms by parties. *See Qualls v.*

3

*Rumsfeld*, 228 F.R.D. 8 (D.D.C. 2005) (Lamberth, J.).  The *Qualls* court described considerations that are relevant to the question of whether Plaintiff should be granted leave to proceed without publicly disclosing its full residence address.

In *Qualls*, several unnamed American soldiers brought suit challenging the involuntary extension of their terms of service by the Department of Defense ("DOD"). *See Qualls*, 228 F.R.D. at 9.  DOD subsequently brought a motion to compel the unsealing of the plaintiffs' names.  *Id.*  In deciding DOD's motion, Judge Lamberth used precedent from outside this circuit in determining whether to permit the use of pseudonyms.  *See id.* at 10.  After noting the requirements of Federal Rule of Civil Procedure 10(a), as well as Local Rules 5.1(e)(1) and 11.1, Judge Lamberth stated that parties should be allowed to use pseudonyms when the district court determines that the need for anonymity outweighs the "general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)).  While a plaintiff's desire "merely to avoid the annoyance and criticism that may attend any litigation" would not be sufficient to justify the use of pseudonyms, *id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)), the use of pseudonyms would be allowed in those cases where "identification creates a risk of retaliatory physical or mental harm," *id.* at 10-11 (quoting *Advanced Textile*, 214 F.3d at 1068).  Moreover, Judge Lamberth noted that courts are generally more inclined to permit the use of pseudonyms when the government is the defendant.  *Id.* (citing *James*, 6 F.3d at 238 and *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

The Fifth Circuit's decision in *Stegall* deserves further discussion given its similarity to the matter currently before this Court. In *Stegall*, an unnamed mother and her two minor children brought an action in federal district court challenging the constitutionality of prayer in Mississippi public schools. *See Stegall*, 653 F.2d at 181. The district court denied the plaintiffs' motion to proceed using pseudonyms even after they had agreed to disclose their identities to the court and to the defendants. *See id.* The district court found that it would not have jurisdiction over an action brought by persons who "wished to shield themselves from hostile public reaction to their controversial lawsuit by maintaining their anonymity." *Id.* On appeal, the Fifth Circuit reversed the district court's decision, citing evidence in the record that if the plaintiffs' identities were publicly disclosed, they would have been subjected to harassment and potential violence. *See id.* at 186. In reaching its decision, the Fifth Circuit refused to advance a "hard and fast formula for ascertaining whether a party may sue anonymously," finding instead that such decisions require a "balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded [sic] presumption of openness in judicial proceedings." *Id.*

## ARGUMENT

As set forth below, the need for partial anonymity in this matter—allowing Plaintiff to proceed without publicly disclosing its full residence address—outweighs the general presumption that parties' identities are public information. In addition, because granting Plaintiff's motion creates no risk of unfairness to Defendants, the Court should

5

allow Plaintiff's case to proceed without requiring the disclosure of Plaintiff's full residence address.

I.   **PLAINTIFF'S NEED FOR PARTIAL ANONYMITY OUTWEIGHS THE GENERAL PRESUMPTION THAT PARTIES' IDENTITIES ARE PUBLIC INFORMATION**

Plaintiff has not filed this motion "merely to avoid the annoyance and criticism that may attend any litigation." *Qualls*, 228 F.R.D. at 10 (quoting *James*, 6 F.3d at 238). Plaintiff has already identified itself publicly and has provided a Post Office Box address in the caption of its complaint for injunctive relief. Instead, Plaintiff has filed the instant motion because of a reasonable belief that should it be required to disclose its full residence in this case, persons and/or groups opposed to Plaintiff's advocacy against "Don't Ask, Don't Tell" may threaten, harm or intimidate Plaintiff's staff, clients or prospective clients. Plaintiff's belief is reasonable when one considers that not only has Plaintiff received threatening messages in the past (*see* Osburn Decl. ¶ 6) the ability of one to search court records in this digital age now makes it much easier to discover information about litigants from otherwise mundane court filings, *see* Jayne S. Ressler, *Privacy, Plaintiffs and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 Kan. L. Rev. 195 (2004) (suggesting that, in the age of Internet search engines and electronic access to court dockets, it may be in the public interest to limit disclosure of personal information in court records). Moreover, the fact that Defendants are federal government agencies counsels in favor of this Court allowing Plaintiff's case to proceed without the disclosure of its full residence address. *See James*, 6 F.3d at 238; *Stegall*, 653 F.2d at 185; *Qualls*, 228 F.R.D. at 10.

## II. ALLOWING PLAINTIFF'S CASE TO PROCEED WITHOUT REQUIRING THE PUBLIC DISCLOSURE OF PLAINTIFF'S FULL RESIDENCE ADDRESS PRESENTS NO RISK OF UNFAIRNESS TO DEFENDANTS

Defendants are already aware of Plaintiff's identity and are not being asked to defend against an action brought by an unknown party.  Moreover, in accordance with Federal Rule of Civil Procedure 5(b)(1), Defendants must serve all papers upon Plaintiff's counsel, whose "full residence address" has been publicly disclosed.  As a result, not having Plaintiff's full residence address will in no way impede Defendants' ability to defend themselves in this action.  Granting the instant motion therefore presents no risk of unfairness to Defendants.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order permitting Plaintiff's case to proceed without requiring Plaintiff to disclose its full residence address.  In the alternative, Plaintiff requests that it be allowed to file its full residence address with the Clerk of this Court under seal in accordance with Local Rule 5.1(j).  Proposed orders granting either form of relief are attached hereto as Exhibits B and C, respectively.  In accordance with Local Rule 7(m), counsel for Plaintiff conferred with opposing counsel by electronic mail on February 27, 2006, who stated that

she does not oppose the relief sought herein.

Dated: February 27, 2006                                Respectfully submitted,

                                                   Christopher Wolf
                                                   (D.C. Bar No. 335885)


                                                     /s/
                                                  James F. Segroves
                                                  (D.C. Bar No. 480360)
                                                  Meredith C. Bailey
                                                  (D.C. Bar No. 494476)[*]
                                                  PROSKAUER ROSE LLP
                                                  1001 Pennsylvania Avenue, N.W.
                                                  Suite 400 South
                                                  Washington, D.C. 20004-2533
                                                  202.416.6800
                                                  202.416.6899 (fax)

                                                  Jerry L. Dasti
                                                  (Not Admitted in D.C.)
                                                  PROSKAUER ROSE LLP
                                                  1585 Broadway
                                                  New York, N.Y. 10036-8299
                                                  212.969.3000
                                                  212.969.2900 (fax)

                                                  *Attorneys for Plaintiff Servicemembers*
                                                  *Legal Defense Network*

---

[*]    Application for admission to the United States District Court for the District of Columbia pending.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2006, a copy of Plaintiff Servicemembers Legal Defense Network's Motion to Proceed Without Disclosure of Full Residence Address and all exhibits thereto was served on the following via electronic mail:

>  Rupa Bhattacharyya
>  Senior Trial Counsel
>  Federal Programs Branch, Civil Division
>  U.S. Department of Justice
>  20 Massachusetts Ave., N.W., Room 7338
>  Washington, D.C. 20001
>  (202) 514-3146
>  (202) 318-7593 (fax)
>  rupa.bhattacharyya@usdoj.gov

>  _____/s/_____
>  James F. Segroves
>  (D.C. Bar No. 480360)
>  PROSKAUER ROSE LLP
>  1001 Pennsylvania Avenue, N.W.
>  Suite 400 South
>  Washington, D.C. 20004-2533
>  202.416.6800
>  202.416.6899 (fax)
>
>  *Attorney for Plaintiff Servicemembers Legal Defense Network*