IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 06-200 (RMC) |
| v. | ) ) | |
| DEPARTMENT OF DEFENSE, et al. | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME IN WHICH TO OPPOSE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND IN WHICH TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Plaintiff's Complaint in this matter was filed February 6, 2006 against the United States Departments of Defense and Justice, and raises claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relating to a FOIA request that was sent to several different components of the defendant agencies on or about January 5, 2006. On February 24, 2006, plaintiff filed a Motion for Preliminary Injunction. Whereas, as required by the Local Rules of this Court, counsel for plaintiff contacted the undersigned to confer regarding the relief requested in a separate motion that was ultimately filed on behalf of plaintiff on February 27, 2006, see Docket No. 12, counsel for plaintiff did not confer with undersigned counsel prior to filing the Motion for Preliminary Injunction. Under the Local Rules, defendants' response to Plaintiff's Motion for Preliminary Injunction would ordinarily be due March 6, 2006. Defendants' answer or other response to plaintiff's Complaint would ordinarily be due March 15, 2006.

On March 2, 2006, undersigned counsel for defendants contacted plaintiff's counsel to

request his concurrence in an extension of time in which to respond to Plaintiff's Motion for Preliminary Injunction. In subsequent communications, undersigned counsel also sought an extension of time in which to answer or otherwise respond to Plaintiff's Complaint. On March 3, 2006, plaintiff's counsel advised that he would not consent to any extension of time in which to respond to plaintiff's pending motion for Preliminary Injunction, but that he would consent to extending the deadline for defendants' answer or other response to plaintiff's Complaint from March 15 until March 29, on the condition that the motion seeking such relief notify the Court that plaintiff's consent should not be construed as an abandonment of its assertion that the timeliness of Defendants' processing of plaintiff's FOIA requests is a matter of urgency, as reflected in plaintiff's pending motion for preliminary injunction.

      Defendants hereby seek an extension of time of ten business days, through and including March 20, 2006, in which to oppose plaintiff's motion for a preliminary injunction. Defendants further seek an extension of time through and including March 29, 2006, in which to answer or otherwise respond to plaintiff's Complaint. In support of this motion, defendant states as follows:

      (1)    Plaintiff's FOIA request seeks documents concerning, <u>inter alia</u>, the surveillance of "meetings involving people and/or organizations discussing, considering, or stating opposition to "Don't Ask, Don't Tell." Pltf's PI Mot. at 6-7. Plaintiff's request, which was dated January 5, 2006, is apparently founded on information that it alleges was reported on NBC Nightly News on December 13, 2005. <u>See</u> Pltfs' PI Motion at 2-3. Plaintiff claims that it is entitled to expedited processing of its FOIA request and a fee waiver. The fact that plaintiff waited nearly two months from the date of the news report which it claims made it aware of the subject of its request before seeking documents relating to the report belies plaintiff's contention that it is immediately and

irreparably harmed by any delay in the provision of the information that it seeks.

(2) Moreover, preliminary injunctive relief of the type plaintiff seeks in a FOIA case is decidedly unusual, and has been routinely denied by Courts in this district. See e.g., Electronic Privacy Info. Center v. U.S. Dept. of Justice, slip op., No. 03-2078 (D.D.C., Oct. 20., 2003) (Robertson, J.) (attached as Ex. A) (denying, sua sponte, request for preliminary injunction "enjoining defendant Department of Justice from continuing to deny plaintiff expedited processing of plaintiff's Freedom of Information Act request" because such relief was in nature of a request for mandamus and was without merit); Al-Fayed v. CIA, 2000 WL 34342564 (D.D.C. 2000) (Kollar-Kotelly, J.) (finding that "upon consideration of the parties' arguments, the statutory and regulatory context, and the applicable case law," emergency relief was not warranted despite agency's delay in responding to FOIA requests); Judicial Watch v. U.S. Dept. of Justice, slip op., No. 00-1396 (D.D.C., June 27, 2000) (Robertson, J.) (attached as Ex. B) (denying plaintiff's "emergency motion for expedited treatment" to "compel defendant to respond to plaintiff's FOIA request"); Assassination Archives and Research Ctr. v. CIA, No. 88-2600, 1988 U.S. Dist. LEXIS 18606, *1 (D.D.C., Sept. 29, 1988) (Revercomb, J.) (attached as Ex. C) (rejecting motion for preliminary injunction asking Court to order expedited processing of FOIA request).[1]

---

[1] Plaintiff relies extensively on the recent opinion of Judge Kennedy in Electronic Privacy Information Center v. Dept. of Justive, Civil Action No. 06-0096, awarding preliminary injunctive relief. Defendant in that case, also represented by undersigned counsel, intends shortly to seek relief from that order, as described further herein. In any event, the opinion in that case hinged on the fact that the agency defendants had granted the plaintiff's request for expedited processing. Plaintiff's request for similar treatment here has been denied, and although plaintiff has the right to challenge that denial through this lawsuit, his case differs factually from that before Judge Kennedy and he cannot rely on the opinion issued by Judge Kennedy as support for his request for preliminary injunction. Instead, the opinions cited above, particularly those of Judge Robertson, are more closely on point.

(3) Undersigned counsel has extensive other litigation commitments in cases related to the terrorist surveillance program discussed in plaintiff's Complaint and Motion for Preliminary Injunction[2] which prevent her from preparing an adequate and fulsome opposition to plaintiff's Motion in the time allowed by the Local Rules. Undersigned counsel is the attorney assigned primary responsibility for responding to the FOIA allegations in six pending lawsuits involving a multitude of federal agency defendants, including this one; Electronic Privacy Information Center v. Dept. of Justice, Civil Action No. 06-0096 (D.D.C.) (HHK); People for the American Way v. National Security Agency, Civil Action No. 06-00206 (D.D.C.) (ESH); American Civil Liberties Union and National Security Archive Fund v. Dept. of Justice, Civil Action No. 06-00214 (D.D.C.) (HHK); Tooley v. Bush, et al., Civil Action No. 06-00306 (D.D.C.) (CKK); and New York Times v. Dept. of Defense, Civil Action No. 06-1553 (S.D.N.Y.).[3]

(4) Each of these pending lawsuits had immediate deadlines which must be met, and undersigned counsel has been actively engaged in consulting with the various client agencies and preparing to defend their interests in these lawsuits. In the five days since plaintiff's motion for preliminary injunction was filed, undersigned counsel has had to prepare for and participate in a telephone conference with Judge Huvelle in Civil Action No. 06-00206, which resulted in withdrawal of a pending motion for preliminary injunction; and has been engaged in preparing a

[2] It should be noted that although plaintiff extensively discusses the terrorist surveillance program which was reported in the New York Times on December 16, 2005, its FOIA request, in fact, is only tangentially, if at all, related to that program, but is instead related to separate allegations that plaintiff alleges were reported by NBC Nightly News on December 13, 2005.

[3] As described, supra, note 2, because this case is only tangentially related to the other cases assigned to undersigned counsel, and in light of undersigned counsel's heavy workload related to those cases, it is possible that this case will be reassigned.

memorandum and supporting declarations for purposes of seeking relief from the order entered by Judge Kennedy in Civil Action No. 06-0096.  In the next several days, undersigned counsel must prepare and file that motion for relief (to be filed March 6, 2006), comply with certain provisions of an order entered by Judge Kennedy in Civil Action No. 06-0096; and prepare and file an answer or other response in Civil Action No. 06-0096 (to be filed March 9, 2006), and an answer or other response in Civil Action No. 06-00214 (to be filed March 9, 2006).

(5)   Moreover, undersigned counsel must continue to consult with and advise the various agency defendants which have been sued in each of these cases, including attempting to ascertain from the agency components which are the subject of plaintiff's pending motion the status of their response to plaintiff's pending FOIA request.  Absent the extension of time requested herein, undersigned counsel cannot complete these consultations and adequately respond to plaintiff's pending motion.

Wherefore, in light of these considerations, defendants respectfully request an extension of ten business days time, through and including March 20, 2006, in which to prepare and file an opposition to plaintiffs' motion for preliminary injunction.  Moreover, in a request for relief that is unopposed on the condition stated above, defendants respectfully request an extension through and including March 29, 2006, in which to answer or otherwise respond to plaintiff's Complaint in this matter.  A proposed order is attached for the convenience of the Court.

    Resepctfully submitted,

    PETER D. KEISLER
    Assistant Attorney General, Civil Division

    KENNETH J. WAINSTEIN
    United States Attorney

    JOSEPH H. HUNT
    Director, Federal Programs Branch

- 6 -

                                                                ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593
Email: rupa.bhattacharyya@usdoj.gov

Dated:   March 3, 2006.