IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICEMEMBERS LEGAL<br>DEFENSE NETWORK, | )<br>)<br>) |  |
| Plaintiff, | )<br>)<br>) |  |
| v. | )<br>) | Civil Action No. 06-200 (RMC) |
| DEPARTMENT OF DEFENSE, *et al.*, | )<br>)<br>) |  |
| Defendants. | )<br>) |  |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR AN EXTENSION OF TIME WITHIN WHICH
TO RESPOND TO PRELIMINARY INJUNCTION MOTION**

Plaintiff respectfully submits this Opposition to the March 3, 2006 motion of Defendants Department of Defense ("DOD") and Department of Justice ("DOJ") (collectively, "Defendants") for an extension of the deadline for their opposition to Plaintiff Servicemembers Legal Defense Network's ("Plaintiff's") Motion for a Preliminary Injunction.[1]  At the eleventh hour—just days before the deadline for their submission—Defendants have requested that the Court *triple* the amount of time normally afforded litigants to oppose a motion for a preliminary injunction.  Although Plaintiff is sympathetic to the fact that defense counsel has "other litigation commitments" (Defs.' Mot. for Extension of Time at 4) Defendants have not shown good cause to justify an extension of the March 6, 2006 opposition deadline provided for in

---

[1] Plaintiff has consented to Defendants' request for an extension of time to answer Plaintiff's February 6, 2006 Complaint for Injunctive Relief.  (*See* Defs.' Mot. for Extension of Time at 2.)

Local Rule 65.1(c). There is no good reason proffered why Defendants should not be required to meet the original March 6, 2006 deadline, especially given the recalcitrance and delay in government action that precipitated the underlying injunction motion. As a result, the Court should deny Defendants' request to extend the opposition deadline.

## BACKGROUND

On February 6, 2006, Plaintiff initiated this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of agency records held by various components of Defendants related to federal government surveillance of groups opposed to the congressional policy on gays and lesbians in the military, more commonly known as "Don't Ask, Don't Tell." On February 22, 2006, co-counsel for Plaintiff inquired of DOJ as to whether the agency had assigned counsel and learned of opposing counsel's identity. On February 24, 2006, co-counsel for Plaintiff notified opposing counsel via electronic mail that Plaintiff would be filing a motion for a preliminary injunction later that day requesting that Defendants be ordered to (1) expedite their processing of Plaintiff's FOIA requests and (2) waive all fees associated with processing the FOIA requests. Co-counsel for Plaintiff attached an electronic copy of Plaintiff's motion and all supporting exhibits. Co-counsel for Plaintiff also volunteered to provide opposing counsel with a paper copy of Plaintiff's motion and its supporting exhibits, an offer that opposing counsel did not accept until February 27, 2006. In accordance with Local Rule 65.1(c), Defendants' have until March 6, 2006, in which to file an opposition to Plaintiff's motion.

Despite the fact that counsel for Defendants was first notified of Plaintiff's motion on February 24, 2006, it was not until late in the afternoon on March 2, 2006—some six calendar days later—that opposing counsel telephoned Plaintiff's co-counsel and requested his consent to extend the March 6, 2006 opposition deadline. The next morning, co-counsel for Plaintiff notified opposing counsel that, because of the time-sensitivity of the issues raised by Plaintiff's Motion for a Preliminary Injunction, Plaintiff could not consent to extending the deadline for Defendants' opposition. However, co-counsel for Plaintiff informed opposing counsel that Plaintiff would consent to a two-week extension for Defendants to file an answer to Plaintiff's complaint.

Late in the evening on March 3, 2006—some seven calendar days after Defendants' counsel was first notified of Plaintiff's motion—Defendants filed a motion with this Court seeking to extend the deadline for Defendants' opposition by ten business days (i.e., until March 20, 2006). In so doing, Defendants requested that the Court triple the five-day period for an opposition provided for in Local Rule 65.1(c).

## ARGUMENT

Defendants cite various grounds in support of their request to extend the March 6, 2006 opposition deadline, none of which establish good cause justifying an extension in this case. As a result, the Court should deny Defendants' request to extend the opposition deadline.

I. **DEFENDANTS POINT TO A NONEXISTENT DELAY BETWEEN THE NEWS REPORT GIVING RISE TO PLAINTIFF'S FOIA REQUESTS AND THE SUBMISSION OF THOSE REQUESTS**

In support of their request for an extension, Defendants first assert that Plaintiff waited for two months to file its FOIA requests following the December 13, 2005 *NBC Nightly News* report that first gave rise to Plaintiff's belief that groups opposed to "Don't Ask, Don't Tell" had been surveilled by the federal government. (*See* Defs.' Mot. for Extension of Time at 2.) According to Defendants, this length of time shows that the matters at issue in Plaintiff's Motion for a Preliminary Injunction are not time-sensitive and that extending the deadline for Defendants' opposition is appropriate. (*See id.*)

The record clearly reflects that Plaintiff filed its FOIA requests very shortly after the December 13, 2005 *NBC Nightly News* report. (*See* Mem. of P. & A. in Supp. of Pl.'s Mot. for Prelim. Inj. Ex. 25 ¶ 3 [hereinafter "Pl.'s Mem. in Supp"].) More specifically, Plaintiff filed its FOIA requests on January 5, 2006. (*Id.*) Given Plaintiff's need to retain experienced counsel, the intervening holiday season and the detailed nature of the FOIA requests subsequently produced by counsel for Plaintiff, even this brief period of time does not "belie[] [P]laintiff's contention that it is immediately and irreparably harmed by any delay in the provision of the information it seeks." (Defs.' Mot. for Extension of Time at 2-3.)

II.  **DEFENDANTS' SUMMARY OF THEIR OPPOSITION ON THE MERITS IS IRRELEVANT TO THE QUESTION OF WHETHER DEFENDANTS SHOULD BE GRANTED AN EXTENSION TO FILE AN OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION MOTION**

In further support of their request for an extension, Defendants question the appropriateness of the type of relief requested in Plaintiff's Motion for a Preliminary Injunction.  (*See id.* at 3.)  Not only is such an argument more appropriately made in the form of an opposition to Plaintiff's motion, it is irrelevant to the question of whether Defendants should be granted an extension to file an opposition to Plaintiff's Motion for a Preliminary Injunction.

Even if it were relevant to the question currently before this Court, Defendants' contention that preliminary injunctive relief is inappropriate in FOIA cases such as this one was specifically rejected by this Court in a soon-to-be-published opinion issued by Judge Kennedy, *see Electronic Privacy Information Center v. Department of Justice*, No. 06-96 (HHK), 2006 WL 357831, at *2 (D.D.C. Feb. 16, 2006) ("*EPIC*") [copy attached as Exhibit 27 to Pl.'s Mem. in Supp.], a fact that opposing counsel knows well since she was counsel of record for the defendant-agency in that proceeding. (*See* Defs.' Mot. for Extension of Time at 3 n.1.)

The cases cited by Defendants in support of their assertion regarding the propriety of preliminary injunctive relief in FOIA cases are easily distinguishable.  For example, Defendants cite and attach an order issued by this Court in *Judicial Watch, Inc. v. Department of Justice*, No. 00-1396 (D.D.C. June 17, 2000), in which Judge Robertson rejected a plaintiff's request for "emergency expedited treatment" of its FOIA request.

5

(*See* Defs.' Mot. for Extension of Time at 3.)  Defendants fail to point out that the plaintiff in that case did not request expedited treatment in its FOIA request, thereby rendering judicial review of the expedited treatment issue inappropriate.  *See Judicial Watch*, slip op. at 2.  In reaching his decision, Judge Robertson also relied upon decisions issued well before Congress amended FOIA to provide for judicial enforcement of a requester's right to expedited processing.  *See id.* at 1-2; *see also* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, § 8(a), 110 Stat. 3047, 3052-53 (codified at 5 U.S.C. § 552(a)(6)(E)).  Thus, apart from the fact that it is an unpublished two-page slip opinion, *Judicial Watch* is of questionable precedential value and has no bearing on the question of whether Defendants should be granted an extension to file an opposition to Plaintiff's Motion for a Preliminary Injunction.

Defendants also cite two cases that actually *support* Plaintiff's contention that preliminary injunctive relief is appropriate in FOIA cases such as this one.  (*See* Defs.' Mot. for Extension of Time at 3 (citing *Al-Fayed v. CIA*, No. 00-2092, 2000 WL 34342564 (D.D.C. Sept. 20, 2000) and *Assassination Archives & Research Ctr. v. CIA*, No. 88-2600, 1988 U.S. Dist. LEXIS 18606 (D.D.C. Sept. 29, 1988)).)  Neither of theses cases stand for the proposition that preliminary injunctive relief is wholly inappropriate in FOIA cases.  Instead, they show that in certain cases preliminary injunctive relief is appropriate, as in both opinions this Court reached the merits of the preliminary injunction issue only after it applied the familiar four-factor test applicable to requests for preliminary injunctive relief.  *See Al-Fayed*, 2000 WL 34342564, at *6; *Assassination*

6

*Archives*, 1988 U.S. Dist. LEXIS 18606, at *2; *see also Al-Fayed v. CIA*, 254 F.3d 300, 303-4 (D.C. Cir. 2001) (affirming district court's use of four-part analysis).

### III. DEFENSE COUNSEL'S "OTHER LITIGATION COMMITMENTS" DO NOT ESTABLISH GOOD CAUSE TO EXTEND DEFENDANTS' OPPOSITION DEADLINE

Lastly, counsel for Defendants cites her "other litigation commitments" as a reason why this Court should grant the Defendants' request to triple the amount of time normally afforded litigants who wish to oppose a motion for a preliminary injunction. (*See* Defs.' Mot. for Extension of Time at 4-5). Plaintiff sympathizes with the fact that opposing counsel has been asked by her DOJ superiors to defend every FOIA action related to recent revelations regarding domestic surveillance by the federal government. But the fact that the government has chosen not to adequately staff its matters is not a proper basis for delaying the adjudication of serious and important motions for emergency injunctive relief.[2]

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request to extend the deadline for filing an opposition to Plaintiff's Motion for a Preliminary Injunction. In accordance with Local Rule 7(c), a proposed order to

---

[2] Plaintiff fully expects that Defendants will repeat many of the same unsuccessful arguments asserted in opposition to the motion for a preliminary injunction filed in *EPIC*. The recycling of those arguments makes Defendants' opposition in this matter less time-consuming to draft, thereby making the March 6, 2006 deadline easier to meet than Defendants' counsel would suggest.

7

this effect is attached.

Dated: March 5, 2006                                  Respectfully submitted,

                                                          /s/
                                    Christopher Wolf
                                    (D.C. Bar No. 335885)

                                                          /s/
                                    James F. Segroves
                                    (D.C. Bar No. 480360)
                                    Meredith C. Bailey
                                    (D.C. Bar No. 494476)[3]
                                    PROSKAUER ROSE LLP
                                    1001 Pennsylvania Avenue, N.W.
                                    Suite 400 South
                                    Washington, D.C. 20004-2533
                                    202.416.6800
                                    202.416.6899 (fax)

                                    Jerry L. Dasti
                                    (Not Admitted in D.C.)
                                    PROSKAUER ROSE LLP
                                    1585 Broadway
                                    New York, N.Y. 10036-8299
                                    212.969.3000
                                    212.969.2900 (fax)

                                    *Attorneys for Plaintiff Servicemembers*
                                    *Legal Defense Network*

---

[3]    Application for admission to the United States District Court for the District of Columbia pending.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2006, a true and correct copy of Plaintiff's Opposition to Defendants' Motion for an Extension of Time Within Which to Respond to Preliminary Injunction Motion and the exhibit thereto was served on the following using the Court's Electronic Case Filing System:

>Rupa Bhattacharyya
>Senior Trial Counsel
>Federal Programs Branch, Civil Division
>U.S. DEPARTMENT OF JUSTICE
>20 Massachusetts Ave., N.W., Room 7338
>Washington, D.C. 20001
>202.514.3146
>202.318.7593 (fax)
>rupa.bhattacharyya@usdoj.gov
>
>*Attorney for Defendants Department of Defense and Department of Justice*

>             /s/
>James F. Segroves
>(D.C. Bar No. 480360)
>PROSKAUER ROSE LLP
>1001 Pennsylvania Avenue, N.W.
>Suite 400 South
>Washington, D.C. 20004-2533
>202.416.6800
>202.416.6899 (fax)
>
>*Attorney for Plaintiff Servicemembers Legal Defense Network*