# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:06-CV-00200 (RMC) ) |
| DEPARTMENT OF DEFENSE, et al. | ) ) |
| Defendants. | ) ) ) |

**DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C.  I have held this position since August 1, 2002.  Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.  I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 257 employees who staff a total of ten (10) Units and a field operational service center unit whose collective

mission is to effectively plan, develop, direct and manage responses to requests for access to FBI

records and information pursuant to FOIA; Privacy Act; Executive Order 12958, as amended;

Presidential; Attorney General and FBI policies and procedures, judicial decisions, and other

Presidential and Congressional directives. The statements contained in this declaration are based upon

my personal knowledge, upon information provided to me in my official capacity and upon conclusions

and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the

FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5

U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment

which has been afforded the January 5, 2006 FOIA request of plaintiff, Servicemembers Legal Defense

Network ("SLDN").

(4)    This declaration is being submitted in support of the FBI's response to plaintiff's motion

for a preliminary injunction.

## CORRESPONDENCE RELATED TO PLAINTIFF'S REQUEST

(5)    By facsimile letter dated January 5, 2006, Christopher Wolf, on behalf of plaintiff,

submitted a FOIA request to FBIHQ for:

  1. Any and all documents concerning the FBI's surveillance of :

       A. meetings involving people and/or organizations discussing, considering or stating
          opposition to "Don't Ask, Don't Tell";

       B. SLDN meetings, including, but not limited to, reports, video recordings, audio
          recordings and photographs;

-2-

C. communications involving, but not necessarily between, SLDN directors, staff, clients, prospective clients, members and /or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

D. meetings involving LGBT organizations, which include the following:

    i. a February 2005 protest at New York University involving the LGBT organization known as "OUTlaw"; and

    ii. an April 2005 demonstration at the University of California-Santa Cruz.

E. communications involving, but not necessarily between, LGBT organizations and/or their employees, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

2. Any and all documents related to or concerning how the FBI selected the targets of surveillance described in paragraph 1 above;

3. Any and all documents related to or concerning what entities or personnel the FBI distributed information gathered under the surveillance described in paragraph 1 above;

4. Any and all documents related to or concerning in any way the FBI's actual or supposed authority to engage in the surveillance described in paragraph 1 above, including, but not limited to, presidential orders, statutes, regulations or legal reviews conducted by DOJ or any other government agency;

5. Any policies, procedures or manuals related to the surveillance described in paragraph 1 above;

6. Any and all documents related to or concerning in any way investigations, inquiries or disciplinary proceedings initiated in response to any actual or potential violations of, or deviations from, any policy, procedure or manual related to the surveillance described in paragraph 1 above; and

7. Any and all documents related to or concerning a proposal authored by the presidential commission on intelligence chaired by Laurence H. Silberman and former Senator Charles S. Robb (D-VA) urging that the federal government be given greater authority to carry out domestic criminal investigations and clandestine operations against potential threats inside the United States, and all documents responding or relating thereto.
(See Attachment A.)

(6)    Plaintiff requested expedited processing under 28 C.F.R. §§ 16.5(d)(1)(ii), (iii), and

(iv). (See Attachment A.)

(7)    Pursuant to 5 U.S.C.§ 552(a)(4)(A)(iii) and 28 C.F.R.§ 16.11 (k), plaintiff requested a

waiver of all fees associated with this request. Plaintiff also stated that if the FBI determined that

SLDN's FOIA request did not qualify for a fee waiver, plaintiff requested "news media

representative" fee status pursuant to 5 U.S.C.§ 552(a)(4)(A)(ii)(II) and 28 C.F.R.§ 16.11(d)(1).

(See Attachment A.)

(8)    By letter dated January 6, 2006, FBIHQ returned plaintiff's letter and advised that the

FOIA provides for access to "reasonably described" Government records. Plaintiff was further

advised that his letter did not contain enough descriptive information to permit a search of the FBI's

records. Plaintiff was asked to provide information such as complete names of individuals,

organizations or events, dates and places of birth and the approximate time frame of the information

sought. (See Attachment B.)

(9)    By letter dated January 19, 2006, plaintiff responded to FBIHQ setting forth the

reasons plaintiff's FOIA request easily satisfied the standard of specificity required of a request for

records under FOIA. Plaintiff pointed-out that he requested expedited processing and asked the FBI

-4-

to advise him as soon as possible regarding its determination.  (See Attachment C.)

(10)     On February 8, 2006, FBIHQ acknowledged receipt of plaintiff's request in three letters that assigned a FOIA Request Number to three subject areas contained requests in requests 1 through 6 of plaintiff's request: FOIA Request Number 1037963 concerns the subject "Don't Ask, Don't Tell";  FOIA Request Number 1037964 concerns the subject "OUTlaw/2005 Protest at NY University";  FOIA Request Number 1037965 concerns the subject "University of California Demonstration-Santa Cruz 2005/Gay/Homosexual."  (See Attachments D, F, H.)

**SUBSEQUENT CORRESPONDENCE FOR FOIA REQUEST NUMBER 1037963**

(11)     By letter dated February 8, 2006, FBIHQ acknowledged receipt of plaintiff's request for information pertaining to the subject "Don't Ask, Don't Tell."   Plaintiff was advised that the FBI was searching its indices to the Central Records System ("CRS") at FBIHQ for information pertaining to plaintiff's request and that plaintiff would be informed of the results of this search as soon as possible. Plaintiff was advised that his FOIA request was assigned Request Number 1037963.  (See Attachment D.)

(12)     By letter dated February 15, 2006, FBIHQ advised plaintiff that in order to promptly respond to requests, the FBI concentrates on identifying main files in the CRS.   Plaintiff was advised that a search of the automated indices to the CRS at FBIHQ had located no responsive records for his request for information pertaining to "Don't Ask, Don't Tell."  Plaintiff was advised that a search of the automated indices was also conducted for "Servicemembers Legal Defense Network (SLDN)" and no records were located.  Plaintiff was advised that it could file an administrative appeal by writing to the

-5-

Office of Information and Privacy ("OIP") at the United States Department of Justice. (**See Attachment E.**)

### SUBSEQUENT CORRESPONDENCE FOR FOIA REQUEST NUMBER 1037964

(13)    By letter dated February 8, 2006, FBIHQ acknowledged receipt of plaintiff's request for information pertaining to the subject of "OUTlaw/2005 Protest at NY University," that is designated as FOIA Request Number 1037964. Plaintiff was advised that the FBI was searching the indices to its CRS at FBIHQ for information pertaining to plaintiff's request and that plaintiff would be informed of the results as soon as possible. (**See Attachment F. )**

(14)    By letter dated February 17, 2006, FBIHQ advised plaintiff that in order to promptly respond to requests, the FBI concentrates on identifying main files in the CRS. Plaintiff was advised that no records responsive to his request were located by a search of the automated indices. Plaintiff was advised that it could file an administrative appeal by writing to OIP. (**See Attachment G.**)

### SUBSEQUENT CORRESPONDENCE FOR FOIA REQUEST NUMBER 1037965

(15)    By letter dated February 8, 2006, FBIHQ acknowledged receipt of plaintiff's FOIA request for information pertaining to the subject "University of California/April 2005 Demonstration/Gay/Homosexual," that is designated as FOIA Request Number 1037965. Plaintiff was advised that the FBI was searching the indices to its CRS at FBIHQ for information pertaining to plaintiff's request and that plaintiff would be informed of the results as soon as possible. (**See Attachment H. )**

(16)    By letter dated February 9, 2006, FBIHQ advised plaintiff that in order to promptly

respond to requests, the FBI concentrates on identifying main files in the CRS.   Plaintiff was advised that no records responsive to its request were located through a search of the automated indices. Plaintiff was advised that it could file an administrative appeal by writing to OIP.   (See **Attachment I.)**

### SUBSEQUENT CORRESPONDENCE FOR FOIA REQUEST NUMBER 1041231

(17)    Request for records designated as #7 in plaintiff's January 5, 2006 letter was inadvertently overlooked by the FBI.  Accordingly, by letter dated March 20, 2006, FBIHQ acknowledged receipt of plaintiff's FOIA request for information pertaining to the subject "Presidential Commission on Intelligence/Specific Documents,"  that is designated as FOIA Request Number 1041231.  (**See Attachment J.)**

### EXPEDITED PROCESSING

(18)    Plaintiff requested expedited processing pursuant to 28 C.F.R. §§ 16.5 (d)(i),(ii), (iii), and (iv). (**See Attachment A.)**  In light of the no records responses dated February 9, 2006, February 15, 2006 and February 17, 2006, plaintiff's request for expedited processing and its request for a fee waiver are moot for FOIA Request Number 1037963, 1037964, and 1037965, which cover plaintiff's requests numbered 1 through 6.

(19)    The search for records responsive to records request number 7, however, is incomplete.  By letter dated March 20, 2006, FBIHQ denied plaintiff's request for expedited processing.  Plaintiff was advised that its request for documents responsive to # 7 had been placed in the regular processing queue.

-7-

**SEARCH FOR RESPONSIVE RECORDS**

**A.  EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM**

(20)   The CRS, which is utilized by the FBI to conduct searches in response to FOIA and

Privacy Act requests, enables it to maintain all information which it has acquired in the course of fulfilling

its mandated law enforcement responsibilities.  The records maintained in the CRS consist of

administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes.

This system consists of a numerical sequence of files broken down according to subject matter.  The

subject matter of a file may relate to an individual, organization, company, publication, activity, or

foreign intelligence matter.  Certain records in the CRS are maintained at FBIHQ.  Records that are

pertinent to specific field offices of the FBI are maintained in those field  offices.

(21)   Access to the CRS is obtained through the General Indices, which are arranged in

alphabetical order.  The General Indices consist of index cards on various subject matters that are

searched either manually or through the automated indices.  The entries in the General Indices fall into

two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name
> corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry --"Reference" entries, sometimes called "cross-
> references," are generally only a mere mention or reference to an individual,
> organization, or other subject matter, contained in a document located in
> another "main" file on a different subject matter.

(22)   Access to the CRS files in FBI Field Offices is also obtained through the General Indices

(automated and manual), which are likewise arranged in alphabetical order, and consist of an index on

-8-

various subjects, including the names of individuals and organizations. Searches made in the General

Indices to locate records concerning a particular subject, such as "Don't Ask, Don't Tell," are made by

searching the subject requested in the index. FBI Field Offices have automated indexing functions.

(23)    On or about October 16, 1995, the Automated Case Support ("ACS") system was

implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ. Over 105 million records

were converted from automated systems previously utilized by the FBI. The ACS consists of three

integrated, yet separately functional, automated applications that support case management functions for

all FBI investigative and administrative cases:

(a)  Investigative Case Management ("ICM") – ICM provides the ability to open,

assign, and close investigative and administrative cases as well as set, assign, and track leads.

The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case.

The field offices that receive leads from the OO are referred to as Lead Offices ("LOs") – formerly

known as Auxiliary Offices. When a case is opened, it is assigned a Universal Case File Number

("UCFN"), which is utilized by all FBI field offices, Legats, and FBIHQ that are conducting or assisting

in the investigation. Using a fictitious file number "70-PX-12345" as an example, an explanation of the

UCFN is as follows: "70" indicates the classification for the specific type of investigation, which in this

instance is "Crime on a Government Reservation"; "PX" is the abbreviated form used for the OO of the

investigation, which in this instance is the Phoenix Field Office; and "12345" denotes the individual case

file number for the particular investigation.

(b) Electronic Case File ("ECF") – ECF serves as the central electronic repository for

the FBI's official text-based documents. ECF supports the universal serial concept, in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All <u>original</u> serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 92.8 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(24)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, <u>i.e.</u>,

-10-

"Don't Ask, Don't Tell."

## B. **THE SEARCHES**

(25)     In response to plaintiff's FOIA request, the FBIHQ initiated multiple searches of its

Automated Indices to the CRS to identify any investigatory files maintained at FBIHQ.  For example,

the terms searched in the CRS for records responsive to subject "Don't Ask, Don't Tell," FOIA

Request Number 1037963, were: "Don't Ask, Don't Tell," "Servicemembers Legal Defense

Network," and "SLDN."  This search failed to locate any investigatory files or references responsive to

plaintiff's request.  Similar key word searches were conducted in FOIA Request Numbers 1037964,

and 1037965.  These searches failed to locate any investigatory files or references responsive to

plaintiff's request.

(26)     The search for documents pursuant to FOIA request Number 1041231 is currently in

progress.

(27)     Plaintiff's request for fee waiver is presently under consideration.  **(See**

**Attachment K.)**  It is unclear at this point whether it will be necessary to consider plaintiff's fee waiver

request for this search because it is unclear whether the necessary search time and copying costs will

exceed the amounts to which all non-commercial FOIA requesters are entitled without payment of fees.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Attachments A through K attached hereto are true and correct copies.

Executed this 20th day of March, 2006.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

-12-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICEMEMBERS LEGAL          )
DEFENSE NETWORK               )
                              )
        Plaintiff,            )
                              )
        v.                    )       Civil Action No. 1:06CV00200
                              )
DEPARTMENT OF DEFENSE, et al. )
                              )
        Defendants.           )
                              )

# ATTACHMENT   A

JAN 05 2006 12:33 FR PROSKAURE ROSE LLP 202 338 1479 TO 0824#00019#041#3 P.01

**PROSKAUER ROSE LLP**

1233 Twentieth Street NW, Suite 800
Washington DC 20036-2396
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

| | | | |
|---|---|---|---|
| Date | January 5, 2006 | Client-Matter | 00019-041 |

**Fax Transmittal**

Total Pages (Including Cover)    10

From                             Christopher Wolf

Sender's Voice Number            202.416.6818        Sender's Room Number    DC

Sender's Email Address           cwolf@proskauer.com    Main Fax Number    202.416.6899

To:        Service Request Unit, Record Information/Dissemination Section    Fax No.:    (202) 324-3752

Company:   Federal Bureau of Investigation                                    Voice No.:  (202) 324-5520

Message


*FREEDOM OF INFORMATION ACT REQUEST*

*(EXPEDITED PROCESSING REQUESTED)*

**Confidentiality Note:** This message is confidential and intended only for the use of the addressee(s) named above. It may contain legally privileged material. Dissemination, distribution or copying of this message, other than by such addressee(s), is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and return the original to us at the address above. We will reimburse you for the cost of the telephone call and postage. Thank you.

# PROSKAUER ROSE LLP

1233 Twentieth Street NW
Suite 800
Washington, DC 20036-2396
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Christopher Wolf
Member of the Firm

Direct Dial 202.416.6818
cwolf@proskauer.com

January 5, 2006

**Via Telecopy & Certified Mail, Return Receipt Requested**

Federal Bureau of Investigation
Record Information/Dissemination Section
Service Request Unit, Room 6359
935 Pennsylvania Avenue, NW
Washington, DC 20535

Re:    Freedom of Information Act Request (Expedited Processing Requested)

Dear Sir or Madam:

This letter constitutes a request for records on behalf of the Servicemembers Legal Defense
Network pursuant to the Freedom of Information Act, 5 U S.C. § 552, and regulations
promulgated thereunder by the Department of Justice, 28 C.F.R. part 16.  In addition, other
organizations have asked that the Servicemembers Legal Defense Network submit this request
on their behalf.  These groups include Gay & Lesbians Against Defamation; the Gay and Lesbian
Medical Association; the International Gay and Lesbian Human Rights Commission; the LA
Lesbian & Gay Center; the Lambda Legal Defense and Education Fund; Lambdas, Chicago-
Kent College of Law; the Mautner Project; the National Coalition of Anti-Violence Projects; the
National Youth Advocacy Coalition; Outlaws, University of Michigan School of Law; Pride at
Work, AFL-CIO; QLaw, University of Wisconsin School of Law; OUTLAW, Stanford Law
School; and the Human Rights Campaign.

## I.    DEFINITIONS

As used throughout this request:

1.    "FBI" means the Federal Bureau of Investigation, a component of the Department
of Justice;

2.    "Document" and/or "record" includes all handwritten, typed or printed material,
and all magnetic, electronic or other records or documentation of any kind or
description including, without limitation, agreements, contracts, correspondence,
issuances, instructions, ledger entries or non-ledger bookkeeping documentation,

**PROSKAUER ROSE LLP**

Service Request Unit
January 5, 2006
Page 2

letters, memoranda, e-mails, notations of telephone conversations, notes, and any other records, including drafts and copies not identical to the originals, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your possession, custody or control, including those in the possession, custody or control of any and all Department of Justice personnel, administrators, attorneys, agents or contractors, whether or not prepared by Department of Justice personnel, administrators, attorneys, agents or contractors;

3.      "DOJ" means the Department of Justice;

4.      "Don't Ask, Don't Tell" means the homosexual conduct policy enacted by Congress in 1993, which is currently codified at 10 U.S.C. § 654 and implemented through Department of Defense Directives 1304.26, 1332.14, 1332.30, and 1332.40;

5.      "FOIA" means the Freedom of Information Act, 5 U.S.C. § 552;

6.      "LGBT organizations" means organizations representing the interests of lesbians, gay men, bisexuals and/or transgendered people;

7.      "Meeting(s)" includes meetings, symposia, conferences, demonstrations and/or rallies, whether in-person or conducted via electronic or other means;

8.      "SLDN" means the Servicemembers Legal Defense Network; and

9.      "VoIP" means Voice over Internet Protocol.

II.     **RECORDS REQUESTED**

1.      Any and all documents concerning the FBI's surveillance[1] of:

        A.      meetings involving people and/or organizations discussing, considering or stating opposition to "Don't Ask, Don't Tell"

---

[1]     This request includes surveillance conducted, directed, supervised or recommended by FBI personnel, as well as surveillance performed by non-FBI personnel (e.g., military personnel or local law enforcement), the products of which were forwarded to the FBI. This request also includes any and all documents concerning proposed surveillance of the groups listed in paragraph 1.

**PROSKAUER ROSE LLP**

Service Request Unit
January 5, 2006
Page 3

    B.    SLDN meetings, including, but not limited to, reports, video recordings, audio recordings and photographs;

    C.    communications involving, but not necessarily between, SLDN directors, staff, clients, prospective clients, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

    D.    meetings involving LGBT organizations, which include the following:

        i.    a February 2005 protest at New York University involving the LGBT organization known as "OUTlaw"; and

        ii.    an April 2005 demonstration at the University of California-Santa Cruz.

    E.    communications involving, but not necessarily between, LGBT organizations and/or their employees, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

2.    Any and all documents related to or concerning how the FBI selected the targets of surveillance described in paragraph 1 above;

3.    Any and all documents related to or concerning what entities or personnel the FBI distributed information gathered under the surveillance described in paragraph 1 above;

4.    Any and all documents related to or concerning in any way the FBI's actual or supposed authority to engage in the surveillance described in paragraph 1 above, including, but not limited to, presidential orders, statutes, regulations or legal reviews conducted by DOJ or any other government agency;

5.    Any policies, procedures or manuals related to the surveillance described in paragraph 1 above;

6.    Any and all documents related to or concerning in any way investigations, inquiries or disciplinary proceedings initiated in response to any actual or

**PROSKAUER ROSE LLP**

Service Request Unit
January 5, 2006
Page 4

potential violations of, or deviations from, any policy, procedure or manual related to the surveillance described in paragraph 1 above; and

7.  Any and all documents related to or concerning a proposal authored by the presidential commission on intelligence chaired by Laurence H. Silberman and former Senator Charles S. Robb (D-VA) urging that the federal government be given greater authority to carry out domestic criminal investigations and clandestine operations against potential threats inside the United States, and all documents responding or relating thereto.

## III.    EXPEDITED PROCESSING REQUEST

Expedited processing of this FOIA request is warranted because (1) the records being requested are urgently needed and (2) SLDN is an organization "primarily engaged in disseminating information." *See* 5 U.S.C. § 552(a)(6)(E)(i)(II), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii).  In addition, expedited processing should be granted because this FOIA request concerns a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence, and because failure to grant expedited processing may result in an imminent loss of due process rights. *See* 28 C.F.R. § 16.5(d)(1)(iii)-(iv).

### A.    The Records Requested Are Urgently Needed

Under DOJ regulations, this FOIA request implicates an urgent matter of public concern about activity of the federal government—namely, the federal government's warrantless surveillance of citizens and activist groups within the United States. *See ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2004) (finding that section 215 of the Patriot Act, which substantially expanded the powers of the FBI under the Foreign Intelligence Surveillance Act of 1978, "unquestionably implicates important individual liberties and privacy concerns which are of immediate public interest"). Such surveillance has not only included LGBT organizations, *see, e.g.*, Anthony Glassman, *The Pentagon is spying on 'don't ask' protestors*, Gay People's Chron., Dec. 23, 2005; David Yaffett, *Pentagon calls gay student groups 'credible threat'*, Dallas Voice, Dec. 23, 2005; Andrew Keegan, *Peeping Pentagon?*, Wash. Blade, Dec. 23, 2005, it also appears to have encompassed other types of organizations critical of federal government policies, *see, e.g.*, Kevin Deutsch, *Activist group plans to sue over spying*, Miami Herald, Dec. 23, 2005, at B8; Mike Clary, *Target of Spying Demands Inquiry*, Sun-Sentinel (Fort Lauderdale, Fla.), Dec. 21, 2005, at 1B; Eric Lichtblau, *F.B.I. Watched Activist Groups, New Files Show*, N.Y. Times, Dec. 20, 2005, at A1.

Moreover, the recent widespread and sustained media coverage of the federal government's domestic surveillance activities provides further evidence that the information sought by SLDN

# PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 5

is "urgently needed" and of current public concern. *See, e.g.,* Carol D. Leonnig, *Surveillance Court Is Seeking Answers,* Wash. Post, Jan. 5, 2006, at A2; Scott Shane, *Key Democrat Says Spying Violated Law,* N.Y. Times, Jan. 5, 2006, at A16; Dafna Linzer, *Secret Surveillance May Have Occurred Before Authorization,* Wash. Post, Jan. 4, 2006, at A3; Eric Lichtblau & Scott Shane, *Files Say Agency Initiated Growth of Spying Effort,* N.Y. Times, Jan. 4, 2006, at A1; Lisa Rein, *Bush Defends Spying Program As 'Necessary' to Protect U.S.,* Wash. Post, Jan. 2, 2006, at A2; Eric Lichtblau, *Bush Defends Spy Program and Denies Misleading Public,* N.Y. Times, Jan. 2, 2006, at A11; Eric Lichtblau & James Risen, *Justice Deputy Resisted Parts of Spy Program,* N.Y. Times, Jan. 1, 2006, at A1; Eric Lichtblau & James Risen, *Defense Lawyers in Terror Cases Plan Challenges Over Spy Efforts,* N.Y. Times, Dec. 28, 2005, at A1; David Ignatius, Op-Ed, *Eavesdropping and Evading the Law,* Wash. Post, Dec. 28, 2005, at A21; Eric Lichtblau & James Risen, *Spy Agency Mined Vast Data Trove, Officials Report,* N.Y. Times, Dec. 24, 2005, at A1; Eric Mink, Editorial, *Who's Listening out there?,* St. Louis Post-Dispatch, Dec. 21, 2005, at C13; Walter Pincus, *Pentagon's Intelligence Authority Widens,* Wash. Post, Dec. 19, 2005, at A10; Lisa Myers et al., *Senator Demands Investigation of Spy Database,* MSNBC.com, Dec. 15, 2005, http://www.msnbc.msn.com/id/10481600; Walter Pincus, *Pentagon Will Review Database on U.S. Citizens,* Wash. Post, Dec. 15, 2005, at A1; Lisa Meyers et al., *Is the Pentagon spying on Americans?,* MSNBC.com, Dec. 14, 2005, http://msnbc.msn.com/id/10454316; *Pentagon May Be Tracking Activists,* L.A. Times, Dec. 14, 2005, at A22; Walter Pincus, *Defense Facilities Pass Along Reports of Suspicious Activity,* Wash. Post, Dec. 11, 2005, at A12; Walter Pincus, *Pentagon Expanding Its Domestic Surveillance Activity,* Wash. Post, Nov. 27, 2005, at A6.

Any delay in processing this FOIA request may decrease the value of the information sought. For example, members of the Senate Judiciary Committee have made clear their intention to raise the issue of domestic surveillance in their upcoming hearings on the nomination of Judge Samuel A. Alito to the position of Associate Justice of the United States Supreme Court, which are scheduled to begin on January 9, 2006. *See* Jo Becker & Christopher Lee, *Alito Urged Wiretap Immunity,* Wash. Post, Dec. 24, 2005, at A1 (noting Senate Judiciary Committee Chairman Arlen Specter's (R-PA) intention to "press Alito for his views" on domestic wiretapping); Adam Liptak & David E. Rosenbaum, *Alito Memo in '84 Favored Immunity for Top Officials,* N.Y. Times, Dec. 24, 2005, at A12 (noting Senator Charles Schumer's (D-NY) intention to question Judge Alito on the issue of warrantless domestic wiretapping). This same committee has also indicated that it will hold separate hearings on the issue of domestic surveillance. *See* Charles Hurt, *Democrats to hit White House, Republicans on privacy issues,* Wash. Times, Jan. 3, 2006, at A1; Eric Lichtblau & James Risen, *Justice Deputy Resisted Parts of Spy Program,* N.Y. Times, Jan. 1, 2006, at A1; Eric Lichtblau, *Officials Want to Expand Review of Domestic Spying,* N.Y. Times, Dec. 25, 2005, at A28. Therefore, the records sought by this FOIA request are needed in a timely fashion to help produce an informed debate in Congress about the proper scope of domestic surveillance activities by entities such as the FBI.

## PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 6

*See ACLU,* 321 F. Supp. 2d at 30-31 (noting that the need for informed congressional debate may justify expedited processing).

**B.    SLDN Qualifies as an Organization "Primarily Engaged in Disseminating Information to the Public"**

SLDN is a national, non-profit watchdog and policy organization dedicated to ending discrimination against, and harassment of, United States military personnel under "Don't Ask, Don't Tell." As the most prominent organization in the United States dedicated to protecting the rights of LGBT servicemembers, SLDN publishes periodic "action alerts" that are distributed electronically to over 50,000 persons. Among other things, these "action alerts" apprise SLDN members of developments in the fight to overturn "Don't Ask, Don't Tell."

SLDN also maintains a website on the World Wide Web, which is located at http://www.sldn.org. SLDN's website includes resources for servicemembers and the press explaining the history of "Don't Ask, Don't Tell" and its legal and lobbying efforts to see it overturned. For a two-day period following recent revelations regarding the federal government's domestic surveillance activities, traffic on SLDN's website swelled to 45,000 "hits," up from normal monthly traffic of 25,000 hits.

SLDN also hosts a weblog, or "blog," that allows individuals to follow SLDN's efforts to end discrimination in the armed forces. The official SLDN blog includes articles by SLDN staff, supporters and clients impacted by "Don't Ask, Don't Tell." In addition, SLDN disseminates numerous informational releases to the public and the press on the aforementioned issues via its website and otherwise, and is a frequent source of information on these issues for both the news media and the federal government itself. *See* U.S. Gov't Accountability Office, *Military Personnel: Financial Costs and Loss of Critical Skills Due to DOD's Homosexual Conduct Policy Cannot Be Completely Estimated* 6 n.17 (2005) (citing SLDN statistics for the number of servicemembers separated from military service under "Don't Ask, Don't Tell" and directing readers to SLDN's website). SLDN also publishes more than 6,000 copies of its quarterly reports detailing the organization's progress in overturning "Don't Ask, Don't Tell." The fact that SLDN does not publish a newspaper or broadcast a television news report does not disqualify it from receiving expedited processing. *See ACLU,* 321 F. Supp. 2d at 29 n.5; *cf. Nat'l Sec. Archive v. Dep't of Defense,* 880 F.2d 1381, 1385-86 (D.C. Cir. 1989); *EPIC v. Dep't of Defense,* 241 F. Supp. 2d 5, 14 (D.D.C. 2003).

**PROSKAUER ROSE LLP**

Service Request Unit
January 5, 2006
Page 7

> C.  **The Records Requested Concern a Matter of Widespread and Exceptional Media Interest in Which There Exist Possible Questions About the Government's Integrity**

As evidenced by the numerous media reports cited above, the records sought by this FOIA request concern a matter of widespread and exceptional media interest—specifically, the federal government's alleged warrantless surveillance of United States citizens, residents and domestic organizations. These alleged surveillance activities taken by the federal government raise numerous questions about the government's integrity that could significantly affect public confidence in the federal government, since, as again noted in the media reports cited above, any such warrantless surveillance may have been carried out in violation of federal law and in violation of rights guaranteed by the United States Constitution. The existence of widespread media interest, and the questions these issues raise about the integrity of the federal government, provide another independent basis upon which our request for expedited processing should be granted. *See* 28 C.F.R. § 16.5(d)(1)(iv).

> D.  **Failure to Grant Expedited Processing May Result in an Imminent Loss of Due Process Rights**

DOJ regulations also provide that expedited processing should be granted in cases involving a loss of substantial due process rights. *See* § 16.5(d)(1)(iii). Domestic surveillance of LGBT organizations such as SLDN may have infringed, and may continue to infringe, upon the free speech, free association and privacy rights of those individuals or entities that were, or currently are, the subject of such surveillance. Any delay in processing SLDN's request for documents may compromise the significant interests at stake by delaying SLDN, and therefore the public at large, from understanding the full scope of any government violations of SLDN's and other LGBT organizations' constitutional rights. *See ACLU*, 321 F. Supp. 2d at 30 ("Because the records that plaintiffs seek relate to current surveillance efforts, the potential invasion of the public's privacy interests is of immediate concern, weighing in favor of a finding of expediency."). Therefore, an imminent loss of due process rights may be suffered if the above FOIA request is not processed on an expedited basis.

## IV.    FEE WAIVER REQUEST

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k), we also request a waiver of all fees associated with responding to this FOIA request. The statute and regulations authorize a waiver of fees where disclosure of the information requested (1) is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of DOJ and (2) is not primarily in the commercial interest of the requestor. SLDN's FOIA request satisfies both criteria.

**PROSKAUER ROSE LLP**

Service Request Unit
January 5, 2006
Page 8

### A.     Disclosure of the Records Sought Is in the Public Interest

SLDN's FOIA request seeks information regarding domestic surveillance conducted by the
federal government that, as noted above, has drawn considerable attention and criticism in the
past few weeks from members of Congress and the media. Disclosure of the records requested
will help the general public understand the full scope and extent to which the FBI has been
collecting information against SLDN and other LGBT organizations within the United States.

SLDN's FOIA request also seeks meaningful information not already in the public domain. *See*
28 C.F.R. § 16.11(k)(2)(ii). The general public has shown great interest in recent revelations
regarding domestic surveillance conducted by the federal government. SLDN will use its
electronic communication capabilities to disseminate to the general public information collected
as a result of its FOIA request. *See* § 16.11(k)(2)(iii). As previously noted, SLDN has been
asked by numerous other organizations to submit this FOIA request on their behalf. Needless to
say, should SLDN discover through its FOIA request that these groups have indeed been the
target of domestic surveillance, SLDN will forward such information to these respective groups
in a timely fashion.

The public currently understands very little about the extent to which DOJ and its components,
such as the FBI, have observed groups and individuals in the United States critical of federal
government policies. SLDN's FOIA request, and the subsequent dissemination of the
information obtained as a result of that request, counsels in favor of granting a fee waiver. *See*
§ 16.11(k)(2)(iv).

### B.     Disclosure of the Records Sought Is Not Primarily in SLDN's Commercial Interest

In order to qualify for a fee waiver, disclosure of the information sought cannot be "primarily in
the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R.
§ 16.11(k)(1)(ii). In making this determination, DOJ regulations provide that two factors are to
be considered: (1) the existence and magnitude of the requestor's commercial interest, and
(2) the primary interest in disclosure. 28 C.F.R. § 16.11(k)(3)(ii). As noted above, SLDN is a
national, non-profit policy organization dedicated to ending discrimination against, and
harassment of, United States military personnel under "Don't Ask, Don't Tell." SLDN has no
commercial interest in the records sought by this FOIA request. Instead, by submitting this
FOIA request, SLDN hopes to obtain information in order to educate the general public
regarding the extent to which domestic surveillance has been used against LGBT organizations
and other organizations that disagree with policies of the federal government.

PROSKAUER ROSE LLP

Service Request Unit
January 5, 2006
Page 9

## V.    REQUEST FOR "REPRESENTATIVE OF THE NEWS MEDIA" FEE STATUS

In the event that the FBI determines that SLDN's FOIA request does not qualify for a fee waiver, we would request the SLDN be afforded "representative of the news media" fee status pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 28 C.F.R. § 16.11(d)(1). A "representative of the news media" is an entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *Nat'l Sec. Archive*, 880 F.2d at 1387. SLDN qualifies as a "representative of the news media" because it uses multiple channels, including its website, email lists, newsletters and print media, to educate the general public and federal policymakers about "Don't Ask, Don't Tell" and its shortcomings. The fact that its principal means of educating persons is via the Internet has no bearing on whether SLDN qualifies as a "representative of the news media." *See EPIC*, 241 F. Supp. 2d at 14 (explaining that the fact that an entity distributes its publication "via Internet to subscribers' email addresses does not change the [news media] analysis").

* * *

I thank you for your prompt attention to this matter. In accordance with 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(d)(4), we expect your determination of our request for expedited processing within ten (10) calendar days and your determination of our request for records within twenty (20) days. We also expect the release of all segregable portions of otherwise exempt material. If our request for documents is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions under FOIA.

If you have any questions, please feel free to call me at (202) 416-6818. I hereby certify that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully yours,

Christopher Wolf

cc:    C. Dixon Osburn, SLDN Executive Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV00200 |
| DEPARTMENT OF DEFENSE, et al. | ) ) | |
| Defendants. | ) ) ) | |

# ATTACHMENT   B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 6, 2006

Mr. Christopher Wolf
Proskauer Rose LLP
Suite 800
1233 Twentieth Street Northwest
Washington, D. C.  200036-2396

Dear Mr. Wolf:

      This is in further response to your Freedom of Information Act (FOIA).

      The FOIA provides for access to Government records where the records sought are "reasonably described" [Title 5, United States Code, Section 552(a)(3)(A)].  Your letter does not contain enough descriptive information to permit a search of our records. In accordance with Title 28, Code of Federal Regulations, Part 16.3(b), please provide us more specific information.  Any information that would help locate the records, such as complete names of individuals, organizations or events, dates and places of birth and the approximate time frame of the information sought, would be appreciated.

      Your letter is being returned to you.

                    Sincerely yours,

                    David M. Hardy
                    Section Chief
                    Record/Information
                      Dissemination Section
                    Records Management Division

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK )<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | Civil Action No. 1:06CV00200 |
| DEPARTMENT OF DEFENSE, et al. )<br>) | |
| Defendants. )<br>) | |

# ATTACHMENT   C

1233 Twentieth Street NW
Suite 800
Washington, DC 20036-2396
Telephone 202 416 6800
Fax 202 416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

# PROSKAUER ROSE LLP

**Christopher Wolf**
Member of the Firm

Direct Dial 202 416 6818
cwolf@proskauer com

January 19, 2006

**<u>Via Telecopy & Certified Mail, Return Receipt Requested</u>**

David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001

Re:   <u>January 5, 2006 Freedom of Information Act Request</u>

Dear Mr. Hardy:

On January 5, 2006, we submitted to your office a request for records on behalf of the
Servicemembers Legal Defense Network ("SLDN") pursuant to the Freedom of Information Act
("FOIA"), 5 U.S.C. § 552, and regulations promulgated thereunder by the Department of Justice
(the "Department"), 28 C.F.R. part 16.  On January 17, 2006, we received a letter from you dated
January 6, 2006, in which you informed us that our FOIA request did not contain enough
"descriptive information" to permit a search of your records.  You therefore returned our FOIA
request in its entirety and suggested that we provide you with "[a]ny information that would help
locate the records, such as complete names of individuals, organizations or events, dates and
places of birth and the approximate time frame of the information sought . . . ."

As your letter correctly states, a FOIA request must "reasonably describe" the records sought.
*See* 5 U.S.C. § 552(a)(3)(A).  However, a FOIA request need not specify in exacting detail the
records sought in order to satisfy § 552(a)(3)(A), for the "reasonably describes" requirement is a
liberal standard that was not intended to obstruct public access to agency records.  *See Truitt v
Dep't of State*, 897 F.2d 540, 545 n.35 (D.C. Cir. 1990) (citing S. Rep. No. 93-854, at 10 (1974)).
To that end, a description of requested documents is sufficient if it enables a professional
employee of the agency who is familiar with the subject area of the request to locate the records
with a reasonable amount of effort.  *Id.* at 545 n.36 (citing H.R. Rep. No. 93-876, at 5-6 (1974),
reprinted in 1974 U.S.C.C.A.N. 6267, 6271); *see also* 28 C.F.R. § 16.3(b) (instructing that a

PROSKAUER ROSE LLP

David M. Hardy
January 19, 2006
Page 2

request must "describe the records [sought] in enough detail to enable Department personnel to
locate them with a reasonable amount of effort").

Among other things, our FOIA request sought documents relating to the Federal Bureau of
Investigation's ("FBI's") surveillance of meetings and communications involving SLDN and
other persons or organizations opposed to the homosexual conduct policy enacted by Congress in
1993, more commonly known as "Don't Ask, Don't Tell." By identifying a specific
organization (SLDN) and a well-known political issue (opposition to "Don't Ask, Don't Tell"),
our FOIA request contained the requisite specificity to allow the FBI to search its records. In
fact, the copy of our FOIA request you returned bears markings indicating that your staff
recognized these specific identifiers, as the phrase "Don't Ask, Don't Tell" and "SLDN meeting"
were both underlined in green ink. Moreover, in requesting documents related to the FBI's
surveillance of organizations representing the interest of lesbians, gay men, bisexuals and/or
transgendered persons, our FOIA request listed two specific examples to help guide your search:
(1) a February 2005 protest at New York University by a group known as "OUTlaw" and (2) an
April 2005 protest at the University of California-Santa Cruz. In light of the foregoing, your
assertion that we did not include enough "descriptive information" is truly puzzling.

We believe that our FOIA request satisfied § 552(a)(3)(A) by providing your office with
sufficient information to enable a professional employee of the FBI who is familiar with the
subject area of our request to locate the records sought with a reasonable amount of effort. We
therefore ask that you process our request for records as soon as possible. Enclosed please find a
copy of the FOIA request you returned. In addition, because our FOIA request included a
request for expedited processing, we also ask that you advise us as soon as possible regarding
your determination of that request.

If you have any questions, please feel free to call me at (202) 416-6818. Please be advised that
effective January 23, 2006, our offices will be moving to 1001 Pennsylvania Avenue, NW, Suite
400 South, Washington, DC 20004-2533. Our telephone and facsimile numbers will remain the
same. We look forward to learning your decision.

Sincerely,

Christopher Wolf/JH

Christopher Wolf

cc:    C. Dixon Osburn, SLDN Executive Director

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICEMEMBERS LEGAL            )
DEFENSE NETWORK                 )
                                )
        Plaintiff,              )
                                )
        v.                      )        Civil Action No. 1:06CV00200
                                )
DEPARTMENT OF DEFENSE, et al.   )
                                )
        Defendants.             )
                                )

# ATTACHMENT   D



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

*February 8, 2006*

CHRISTOPHER WOLF ESQ
PROSKAUER ROSE LLP
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036 2396

Request No.: 1037963- 000
Subject: DON'T ASK, DON'T TELL

Dear Mr. Wolf:

☒    This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI. The FOIA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV00200 |
| DEPARTMENT OF DEFENSE, et al. | ) ) | |
| Defendants. | ) ) ) | |

# ATTACHMENT   E



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 15, 2006

CHRISTOPHER WOLF ESQ
PROSKAUER ROSE LLP
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036 2396

Request No.: 1037963- 000
Subject: DON'T ASK, DON'T TELL

Dear Mr. Wolf:

This is in response to your Freedom of Information Act (FOIA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the Central Records System at FBI Headquarters. No records responsive to your FOIA request were located by a search of the automated indices. A search was also conducted on Servicemembers Legal Defense Network (SLDN) and no records were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530, within sixty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV00200 |
| DEPARTMENT OF DEFENSE, et al. | ) ) | |
| Defendants. | ) ) | |

# ATTACHMENT   F

U.S. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 8, 2006*

CHRISTOPHER WOLF ESQ
PROSKAUER ROSE LLP
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036 2396

Request No.: 1037964- 000
Subject: OUTLAW/2005 PROTEST AT NY
UNIVERSITY

Dear Mr. Wolf:

☒   This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI. The FOIA number listed above has been assigned to your request.

☐   For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐   To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐   If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒   We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐   Processing delays have been caused by the large number of requests received by the FOIA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICEMEMBERS LEGAL | ) | |
| DEFENSE NETWORK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV00200 |
| | ) | |
| DEPARTMENT OF DEFENSE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ATTACHMENT   G

**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 17, 2006

CHRISTOPHER WOLF ESQ
PROSKAUER ROSE LLP
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036 2396

Request No.:  1037964- 000
Subject: OUTLAW/2005 PROTEST AT NY
UNIVERSITY

Dear Mr. Wolf:

This is in response to your Freedom of Information-Act (FOIA) request noted above.

To promptly respond to our requests, we concentrate on identifying main files in  the Central Records System at FBI Headquarters.  No records responsive to your FOIA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Northwest, Suite 11050, Washington, D.C.  20530-0001, within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICEMEMBERS LEGAL<br>DEFENSE NETWORK )<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV00200 |
| ) | |
| DEPARTMENT OF DEFENSE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

# ATTACHMENT   H



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

*February 8, 2006*

CHRISTOPHER WOLF ESQ
PROSKAUER ROSE LLP
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036 2396

Request No.: 1037965- 000
Subject: UNIVERSITY OF CALIFORNIA/
APRIL 2005 DEMONSTRATION/ GAY/
HOMOSEXUAL

Dear Mr. Wolf:

☒      This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI. The FOIA number listed above has been assigned to your request.

☐      For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐      To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐      If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒      We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐      Processing delays have been caused by the large number of requests received by the FOIA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICEMEMBERS LEGAL          )
DEFENSE NETWORK               )
                              )
        Plaintiff,            )
                              )
        v.                    )        Civil Action No. 1:06CV00200
                              )
DEPARTMENT OF DEFENSE, et al. )
                              )
        Defendants.           )
                              )

# ATTACHMENT   I



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 9, 2006

CHRISTOPHER WOLF ESQ
PROSKAUER ROSE LLP
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036 2396

Request No.: 1037965- 000
Subject: UNIVERSITY OF CA
Demo 2005/Gay/Homosuxual

Dear Mr. Wolf:

This is in response to your Freedom of Information Act (FOIA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the Central Records System at FBI Headquarters. No records responsive to your FOIA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DEPARTMENT OF DEFENSE, et al. | ) ) |
| Defendants. | ) ) ) |

Civil Action No. 1:06CV00200

# ATTACHMENT   J



**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 20, 2006

MR. CHRISTOPHER WOLF
PROSKAUER ROSE LLP.
SUITE 800
1233 TWENTIETH STREET, NORTHWEST
WASHINGTON, DC 20036

Request No.:  1041231- 000
Subject:  PRESIDENTIAL COMMISSION ON
INTELLIGENCE/SPECIFIC DOCUMENTS

Dear Mr. Wolf:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request
to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date
and place of birth for the subject of your request.  Any other specific data you could
provide such as prior addresses, or employment information would also be helpful.  If
your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your
notarized signature or, in place of a notarized signature, a declaration pursuant to Title
28, United States Code 1746.  For your convenience, the reverse side of this letter
contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for
your arrest record, please follow the enclosed instructions in Attorney General Order
556-73.  You must submit fingerprint impressions so a comparison can be made with
the records kept by CJIS.  This is to make sure your information is not released to an
unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the
information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the
FOIPA.  We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above.  Please use this number in all
correspondence with us.  Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV00200 |
| DEPARTMENT OF DEFENSE, et al. | ) ) | |
| Defendants. | ) ) | |

# ATTACHMENT   K



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

March 20, 2006

<u>VIA FACSIMILE AND FIRST CLASS MAIL</u>
(202) 416-6899

Mr. Christopher Wolf
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C. 20004-2533

      Subject:     Presidential Commission on Intelligence/Special Documents
      FOIPA No.:   1041231

Dear Mr. Wolf:

        This letter acknowledges the request for expedited processing made in your January 5, 2006 request for records under the Freedom of Information Act, 5 U.S.C. § 552 on behalf of the Servicemembers Legal Defense Network (SLDN). Specifically, this letter addresses your request for expedited processing related to your Records Request #7,[1] which seeks access to the following information:

> Any and all documents related to or concerning a proposal authored by the presidential commission on intelligence chaired by Laurence H. Silberman and former Senator Charles S. Robb (D-VA) urging that the federal government be given greater authority to carry out domestic criminal investigations and clandestine operations against potential threats inside the United States, and all documents responding or relating thereto.

This response is being made both on behalf of the FBI and the U.S. Department of Justice (DOJ) Office of Public Affairs (OPA).

        In your January 6, 2005 letter, you initially requested expedited processing under the DOJ standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). Based on the information you have provided, I cannot find that there is any particular urgency to inform the public about actual or alleged federal government activity beyond the public's right to know about government activity generally. Additionally, the primary activity of the SLDN is not information dissemination, which is required for a requester to qualify for expedited processing under section 16.5(d)(1)(ii).

---

    [1] Your request for expedited processing for Records Requests #1 through #6 is moot because those requests for records have been processed, and we have identified no responsive records to those requests.

You also requested expedited processing under the DOJ standard permitting expedition for requests involving "[t]he loss of substantial due process rights." 28 C.F.R. § 16.5(d)(1)(iii). After reviewing your submission, I cannot find any loss of rights raised in your Records Request #7, FOIPA No. 1041231.

Finally, you requested expedited processing of your request pursuant to the DOJ standard permitting expedition for requests involving "[a] matter of widespread and exceptional media interest in which there exists possible question about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). Pursuant to DOJ policy, we forwarded your request to the Director of DOJ OPA, who makes the decision whether to grant or deny expedited processing under this standard. 28 C.F.R. § 16.5(d)(2). The Director of OPA did not detect "widespread and exceptional media interest," nor questions concerning the government's integrity regarding the issues raised in your Records Request #7, FOIPA No. 1041231. The Director of OPA has therefore denied your request for expedited processing. Accordingly, your Request #7, FOIPA No. 1041231, has been placed in the FBI's regular processing queue.

With regard to your request for a fee waiver, please be advised that we are in the process of evaluating your fee waiver request, and we will notify you in the near future regarding our decision.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

2