# EXHIBIT 9

LEXSEE 1988 USDISTLEXIS 18606

ASSASSINATION ARCHIVES AND RESEARCH CENTER, INC., Plaintiff v.
CENTRAL INTELLIGENCE AGENCY, Defendant.

Civil Action No. 88-2600

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*1988 U.S. Dist. LEXIS 18606*

September 29, 1988, Decided
September 29, 1988, Filed

**DISPOSITION:** [*1] ORDERED that plaintiff's petition for preliminary injunction and for expedited treatment is denied.

**COUNSEL:** NATHAN DODELL, Assistant United States Attorney, 555 4th Street, N.W. Fourth Floor, Washington, D.C. 20001.

JAMES H. LESAR, 918 F. Street N.W., Suite 509, Washington, D.C. 20004.

DANIEL S. ALCORN, Fensterwald, Alcorn & Vangellow, 1000 Wilson Boulevard, Suite 900, Arlington, VA 22209.

**JUDGES:** REVERCOMB

**OPINIONBY:** GEORGE H. REVERCOMB

**OPINION:**

ORDER

Plaintiff seeks a preliminary injunction to expedite the processing of a FOIA request. In order to grant a preliminary injunction, plaintiff must 1) make a strong showing that it is likely to prevail on the merits; 2) show that it will be irreparably harmed in the absence of the relief sought; 3) show that issuance of the stay would not substantially harm others; and 4) show that the public interest would not be harmed by the injunctive relief. *Virginia Petroleum Jobbers Association v. Federal Power Comm'n, 104 U.S. App. D.C. 106, 259 F.2d 921, 925 (D.C. cir. 1958); American Federation of Government Employees v. O.P.M., 618 F. Supp. 1254, 1258 (1985).* The Court concludes that plaintiff has not met this burden.

As to likelihood of [*2] success on the merits, the Court entertains strong misgivings about whether plaintiff has exhausted its administrative remedies. See *Spannaus v. Dept. of Justice, 262 U.S. App. D.C. 325, 824 F.2d 52, 59 (D.C. Cir. 1987).* Furthermore, the Court is unpersuaded that plaintiff has shown that circumstances exist which are so exceptional as to justify expediting its FOIA application.

As to irreparable harm, plaintiff has not shown that it would suffer injury. "The movant must show that the alleged harm will directly result from the actions which the movant seeks to enjoin." *Wisconsin Gas Co. v. Federal Energy Regulatory Comm'n, 244 U.S. App. D.C. 349, 758 F.2d 669, 673-74 (D.C. Cir. 1985).* The injury which plaintiff claims will occur is speculative and indirect.

Clearly, granting plaintiff expedited treatment would injure others who have filed FOIA requests ahead of plaintiff.

As to the public interest, the Court finds that the public interest in an orderly processing of FOIA requests is not outweighed by the "urgency" of the request plaintiff has made. Therefore, it is by the Court, this 29th day of September, 1988,

ORDERED that plaintiff's petition for a preliminary injunction [*3] and for expedited treatment is denied.

GEORGE H. REVERCOMB

United States District Judge