

# Department of Defense (DoD)
# Freedom of Information Act Program Report for Fiscal Year (FY) 2005



**Prepared By:**

**The Defense Freedom of Information Policy Office (DFOIPO)**



# FREEDOM OF INFORMATION ACT
# ANNUAL REPORT
# FISCAL YEAR 2005
(Report Period: October 1, 2004 through September 30, 2005)

## EXECUTIVE SUMMARY

During fiscal year (FY) 2005, a total of 78,775 public requests for records under the Freedom of Information Act (FOIA) were completed by the Department of Defense (DoD). In the processing of these cases, the Department of Defense fully denied 1,765 and partially denied 15,307 on the basis of FOIA exemptions. Of those exemptions, 4% were for classified information; 9% for internal rules and practices; 6% for statutory exemptions; 7% for proprietary data; 7% for deliberative material; 43% for privacy information; and 23% for law enforcement investigations. Twenty five thousand, one hundred and sixteen (25,116) requests could not be filled in whole or in part for other reasons, such as lack of records, referral to another agency, or lack of specificity sufficient to identify the requested records. There were 798 actions taken on appeals of denied requests (25 granted, 149 partially denied, 370 fully denied, and 254 not filled for other reasons, as mentioned earlier).

      The total DoD operating cost associated with the processing of requests during this report period was $47,876,973. The average cost of processing a single case during this period was approximately $607.69. Fee collections for records provided to the public amounted to $470,829.00 (1.0% of total program cost).

# Table of Contents

| Basic Report | Page |
|---|---|
| Item I. Basic Information Regarding the Report | 1 |
| Item II. How to Make a FOIA Request | 1 |
| Item III. Definitions of Terms and Acronyms Used in the Report | 2 |
| Item IV. Exemption 3 Statutes | 5 |
| Item V. Initial FOIA/PA Requests | 8 |
|     Part A. Numbers of Initial Requests | 8 |
|     Part B. Disposition of Initial Requests | 8 |
|     Part B. Number 1. Exemptions Invoked on Initial Denials | 8 |
|     Part B. Number 2. Other Reasons Cited on Initial Determinations for Nondisclosure | 9 |
| Item VI. Appeals of Initial Denials of FOIA/PA Requests | 9 |
|     Part A. Numbers of Appeals | 9 |
|     Part B. Disposition of Appeals | 9 |
|     Part B. Number 1. Exemptions Invoked on Appeal Denials | 10 |
|     Part B. Number 2. Other Reasons Cited on Initial Determinations for Nondisclosure | 10 |
| Item VII. Compliance with Time Limits/Status of Pending Requests | 11 |
|     Part A. Median Processing Times for Initial Requests Processed During the Year | 11 |
|     Part B. Status of Pending Requests | 11 |
| Item VIII. Comparison With Previous Year | 12 |
| Item IX. FOIA Staffing/Costs | 12 |
| Item X. Fees Collected From Public | 13 |
| Item XI. FOIA Regulation, Including Fee Schedule | 13 |

# Item I.

## Basic Information Regarding the Report

A. Title, address, and telephone number of person to be contacted with questions about the report:

    Write to:    Chief, FOIA Appeals/Policy Branch
                     Office of Freedom of Information & Security Review
                     1155 Defense Pentagon
                     Washington, DC 20301-1155

    Telephone:    (703) 696-4689

Name of Incumbent Chief, FOIA Appeals/Policy Branch: Mr. James P. Hogan

Name of Person who prepared this Report: Mr. Stephen L. Fisher

B. The electronic address (Universal Resource Line, URL) for this report is:

    http://www.defenselink.mil/pubs/foi/

C. You may obtain a paper copy of DoD's Annual FOIA Report for Fiscal Year 20052005 by writing to the above address and asking for a copy. A FOIA request is not necessary. Please include a mailing address.

# Item II.

## How to Make a FOIA Request

    The Department of Defense (DoD) Freedom of Information Act Handbook provides basic information about how to make a Freedom of Information Act (FOIA) request and general information about the Freedom of Information Act Program within the Department of Defense (DoD). This document also contains DoD component addresses, a brief description of response times, and the reason why some requests are not granted. The DoD Freedom of Information Act Handbook can be found at:

    http://www.defenselink.mil/pubs/foi/foiapam3.pdf

1

# Item III.

## Definitions of Terms and Acronyms Used in the Report

A. Agency-specific acronyms.

   1. Defense Intelligence Agency: DIA.

   2. National Geospatial-Intelligence Agency (formerly National Imagery and Mapping Agency or NIMA): NGIA.

   3. National Security Agency: NSA.

   4. National Reconnaissance Office: NRO.

   5. Prisoner of War/Missing in Action: POW/MIA.

B. Other agency acronyms.

   1. Central Intelligence Ageny: CIA.

C. "Other Reasons" Cited on Initial and Appeal Determinations.

   1. <u>No Records</u>. A reasonable search of files failed to identify records responsive to the request.

   2. <u>Referrals</u>. The request was referred to another DoD Component or Federal Agency for action.

   3. <u>Withdrawn</u>. The request was withdrawn by the requester.

   4. Fee-Related Reason. The requester is unwilling to pay fees associated with the request; the requester is past due in the payment of fees associated with a previous FOIA request; or the requester disagrees with a fee estimate.

   5. Records not Reasonably Described. The request could not be acted upon since the record had not been described with sufficient particularity to enable the DoD Component to locate it by conducting a reasonable search.

   6. Not a Proper FOIA Request for Some Other Reason. The requester has failed unreasonably to comply with legitimate procedural requirements which are not not fee-related.

   7. Not an Agency Record. The requested information was not a record within the meaning of the FOIA.

2

8. <u>Duplicate Request</u>. A request for the same information by the same requester. This includes identical requests received via different means (e.g., electronic mail, facsimile, mail, courier) at the same or different times.

9. <u>Other</u>. Any other reason a requester does not comply with published rules, other than those mentioned above.

D. Basic terms, expressed in common terminology.

1. Freedom of Information Act/Privacy Act (FOIA/PA) request: A FOIA request is generally a request for access to records concerning a third party, an organization, or a particular topic of interest. A Privacy Act request is a request for records concerning oneself; such requests are also treated as FOIA requests.

2. <u>Initial Request</u>: A request to a federal agency for access to records under the Freedom of Information Act (FOIA).

3. <u>Appeal</u>: A request to a federal agency asking that it review at a higher administrative level a full denial or partial denial of access to records under the Freedom of Information Act, or any other adverse FOIA determination.

4. Processed Request or Appeal: A request or appeal for which an agency has taken a final action on the request or the appeal in all respects.

5. Multi-track processing: A system in which simple requests requiring relatively minimal review are placed in one processing track and more voluminous and complex requests are placed in one or more other tracks. Requests in each track are processed on a first-in/first out basis. A requester who has a compelling need for records may request expedited processing (see below).

6. Expedited processing: An agency will process a FOIA request on an expedited basis when a requester has shown a compelling need or urgency for the records which warrants prioritization of his or her request over other requests that were made earlier.

7. <u>Simple request</u>: A FOIA request that an agency using multi-track processing places in its fastest (nonexpedited) track based on the volume and/or simplicity of records requested.

8. <u>Complex request</u>: A FOIA request that an agency using multi-track processing places in a slower track based on the volume and/or complexity of records requested.

9. <u>Grant</u>: An agency decision to disclose all records in full in response to a FOIA request.

10. <u>Partial denial</u>: An agency decision to disclose a record in part in response to a FOIA request, deleting information determined to be exempt under one or more of the FOIA's

3

exemptions; or a decision to disclose some records in their entireties, but to withhold others in whole or in part.

11. <u>Denial</u>:  An agency decision not to release any part of a record or records in response to a FOIA request because all the information in the requested records is determined by the agency to be exempt under one or more of the FOIA's exemptions, or for some procedural reason (such as because no record is located in response to a FOIA request).

12. <u>Time limits</u>:  The time period in the Freedom of Information Act for an agency to respond to a FOIA request (ordinarily 20 working days from proper receipt of a "perfected" FOIA request).

13. <u>"Perfected" request</u>:  A FOIA request for records which adequately describes the records sought, which has been received by the FOIA office of the agency or agency component in possession of the records, and for which there is no remaining question about the payment of applicable fees.

14. <u>Exemption 3 statute</u>:  A separate federal statute prohibiting the disclosure of a certain type of information and authorizing its with holding under FOIA subsection (b)(3).

15. <u>Median number</u>:  The middle, not average, number. For example, of 3, 7, and 14, the median number is 7.

16. <u>Average number</u>:  The number obtained by dividing the sum of a group of numbers by the quantity of numbers in the group. For example, of 3, 7, and 14, the average number is 8.

4

# Item IV.
# Exemption 3 Statutes Invoked

| Court Upheld? | Statute | Types of Material Withheld Under Statute |
|---|---|---|
| No | 5 USC §574(j) | Administrative Dispute Resolution Act |
| No | 10 USC §128 | Authority to Withhold Unclassified Special Nuclear Weapons Information |
| Yes[1] | 10 USC §130 | Authority to Withhold Unclassified Technical Data with Military or Space Application |
| No | 10 USC §130(b) | Personnel in Overseas, Sensitive or Routinely Deployable Units |
| No | 10 USC §130(c) | Nondisclosure of Information: Certain Sensitive Information on Foreign Governments and International Organizations |
| Yes[2] | 10 USC §424 | Protection of Organizational and Personnel Information for DIA, NRO, and NGIA |
| No | 10 USC §455 | Maps, Charts, and Geodetic Data; Public Availability |
| No | 10 USC §457 | NGIA Operational Files |
| No | 10 USC §618(f) | Action on Reports of Selection, Generally for Promotion, Boards |
| No | 10 USC §1102 | Confidentiality of Medical Records |
| No | 10 USC §2305(g) | Protection of Contractor Proposals |
| No | 10 USC §2371(i) | Research Projects: Transactions Other Than Contracts and Grants |
| No | 16 USC §470w-3 | National Historic Preservation |
| Yes[3] | 18 USC §798(a) | Communications Intelligence |
| No | 2222 USC §2778(e) Sec 38(e) | Control of Arms Export |
| No | 31 USC §3729(d) | False Claims Act Civil Action for False Claims against the U.S. |
| Yes[4] | 41 USC §253b(m)(1) | Disclosure of Contractor Proposals |
| No | 42 USC §290dd-2 | Confidentiality of Patient Records |
| Yes[5] | 42 USC §2162(a) | Restricted Data (Atomic Energy), Atomic Energy Act of 1954 |

5

| Court Upheld? | Statute | Types of Material Withheld Under Statute |
|---|---|---|
| No | 42 USC §2168(a)(1)(C) | Formerly Restricted Data (Atomic Energy), Atomic Energy Act of 1954 |
| Yes[6] | 50 USC §402 Note Sec 6 | NSA Functions and Information |
| Yes[7] | 50 USC §403-3(c)(7) National Security Act of 1947, Subsection 102(d)(3), as amended | Intelligence Sources and Methods |
| Yes[8] | 50 USC §403(g), Section 6 of the CIA Act of 1949 | CIA Functions and Information |
| No | 50 USC §421 | Protection of Identities of U.S. Undercover Intellignce officers, agents, informants, and sources |
| No | 50 USC §435 Note Sec 1082 | Disclosure of Information Concerning US Personnel Classified as POW/MIA During Vietnam Conflict (McCain "Truth Bill") |

## Item IV. Endnotes

[1] Chenkin v. Department of the Army, No. 93-494, 1994 U.S. Dist. LEXIS 20907, at *8 (E.D. Pa. Jan. 14, 1994), aff'd, 61 F.3d 894 (3d Cir. 1995) (unpublished table decision); Colonial Trading Corp. v. Department of the Navy, 735 F. Supp. 429, 431 (D.D.C. 1990); see also American Friends Serv. Comm. v. DOD, No. 83-4916, 1986 WL 10659, at *4(E.D. Pa. Sept. 25, 1986), rev'd on other grounds, 831 F.2d 441 (3d Cir. 1987).

[2] Larson v. Department of State et al. No. 1:02CV01937, (D.D.C. Aug. 10, 2005).

[3] Winter v. NSA, 569 F. Supp. 545, 548 (S.D. Cal. 1983); see also Gilmore v. NSA, No. C 92-3646, 1993 U.S. Dist. LEXIS 7694, at **26-27 (N.D. Cal. May 3, 1993) (finding that information on cryptography currently used by NSA "integrally related" to function and activity of intelligence gathering and thus protected).

[4] Hornbostel v. Department of Interior, 305 F. Supp. 2d 21 (D.D.C. 2003)

[5] Meeropol v. Smith, No. 75-1121, slip op. at 53-55 (D.D.C. Feb. 29, 1984), aff'd in relevant part & remanded in part sub nom. Meeropol v. Meese, 790 F.2d 942 (D.C. Cir. 1986). But see General Elec. Co. v. NRC, 750 F.2d 1394, 1401 (7th Cir. 1984) (concluding that provision concerning technical information furnished by license applicants lacked sufficient specificity to qualify as Exemption 3 statute).

[6] Founding Church of Scientology v. NSA, 610 F.2d 824, 828 (D.C. Cir. 1979); Hayden v. NSA, 452 F. Supp. 247, 252 (D.D.C. 1978), aff'd, 608 F.2d 1381 (D.C. Cir. 1979).

[7] CIA v. Sims, 471 U.S. 159, 167 (1985); see also Minier v. CIA, 88 F.3d 796, 801 (9th Cir. 1996) (finding that agency properly refused to confirm or deny existence of records concerning deceased person's alleged employment relationship with CIA); Maynard v. CIA, 986 F.2d 547, 554 (1st Cir. 1993) (stating that under § 403(d)(3) it is responsibility of Director of CIA to determine whether sources or methods should be disclosed); Krikorian v. Department of State, 984 F.2d 461, 465 (D.C. Cir. 1993) (same); Fitzgibbon v. CIA, 911 F.2d 755, 761 (D.C. Cir. 1990) (same); Hunt v. CIA, 981 F.2d 1116, 1118 (9th Cir. 1992) (upholding agency's "Glomar" response to request on foreign national, because acknowledgement of any records would reveal sources and methods); Knight v. CIA, 872 F.2d 660, 663 (8th Cir. 1989) (same); Levy v. CIA, No. 95-1276, slip op. at 14-17 (D.D.C. Nov. 16, 1995) (same), aff'd, No. 96-5004 (D.C. Cir. Jan. 15, 1997); Roman v. Dailey, No. 97-1164, 1998 U.S. Dist. LEXIS 6708, at **10-11 (D.D.C. May 11, 1998) (concluding that agency properly refused to confirm or deny existence of records pertaining to agency personnel and spy satellite programs); Blazy v. Tenet, 979 F. Supp. 10, 23-24 (D.D.C. 1997) (protecting intelligence sources and methods located in requester's personnel file), summary affirmance granted, No. 97-5330 (D.C. Cir. May 12, 1998); Andrade v. CIA, No. 95-1215, 1997 WL 527347, at **3-5 (D.D.C. Aug. 18,

6

1997) (holding intelligence methods used in assessing employee fitness protectible); Earth Pledge Found. v. CIA, 988 F. Supp. 623, 627 (S.D.N.Y. 1996) (finding agency's "Glomar" response proper because acknowledgement of records would generate "danger of revealing sources"), aff'd per curiam, 128 F.3d 788 (2d Cir. 1997) (unpublished table decision); Campbell v. United States Dep't of Justice. No. 89-CV-3016, 1996 WL 554511, at *6 (D.D.C. Sept. 19, 1996) ("CIA director is to be afforded 'great deference' by courts determining the propriety of nondisclosure of intelligence sources"); cf. Linder v. DOD, 133 F.3d 17, 25 (D.C. Cir. 1998) ("[C]ourts must give 'great deference' to the Director of Central Intelligence's determination that a classified document could reveal intelligence sources and methods and endanger national security.") (non-FOIA case).

[8] Minier, 88 F.3d at 801; Roman, 1998 U.S. Dist. LEXIS 6708, at **10-11; Blazy, 979 F. Supp. at 23-24; Earth Pledge Found., 988 F. Supp. at 627-28; Campbell, 1996 WL 554511, at *6; Kronisch v. United States, No. 83-2458, 1995 WL 303625, at **4-6 (S.D.N.Y. May 18, 1995); Hunsberger v. CIA, No. 92-2186, slip op. at 3 (D.D.C. Apr. 5, 1995); Rothschild v. CIA, No. 91-1314, 1992 WL 71393, at *2 (D.D.C. Mar. 25, 1992); Lawyers Comm. for Human Rights v. INS, 721 F. Supp. 552, 567 (S.D.N.Y. 1989); Pfeiffer v. CIA, 721 F. Supp. 337, 341-42 (D.D.C. 1989).

# Item V.

# Initial FOIA/PA Access Requests

A. Numbers of initial requests.

    1. Number of requests pending as of end of preceding fiscal year (1 Oct 04):    12,424[1]

    2. Number of requests received during current fiscal year (FY 2005):    81,304

    3. Number of requests processed during current fiscal year (FY 2005):    78,775

    4. Number of requests pending as of end of current fiscal year (30 Sep 05):    14,953

B. Disposition of initial requests.

    1. Number of grants:    36,587

    2. Number of partial denials:  15,307

    3. Number of total denials:    1,765

        a. Number of times each FOIA exemption used (counting each exemption once per request).

            (1) Exemption 1:    923

            (2) Exemption 2:    2,258

            (3) Exemption 3:    1,551

            (4) Exemption 4:    1,704

            (5) Exemption 5:    1,607

            (6) Exemption 6:    10,327

            (7) Exemption 7(A):    449

            (8) Exemption 7(B):    279

            (9) Exemption 7(C):    4,305

            (10) Exemption 7(D):    312

---

[1] This number differs from the number reported at the end of the 2004 report due to more sophisticated counting methods. This figure is believed to be more accurate than that reported last year.

  (11) Exemption 7(E): 123

  (12) Exemption 7(F): 37

  (13) Exemption 8: 0

  (14) Exemption 9: 0

4. Other reasons for nondisclosure (total): 25,116

 a. No records: 6,693

 b. Referrals: 8,589

 c. Request withdrawn: 2,508

 d. Fee-related reason: 914

 e. Records not reasonably described: 1,060

 f. Not a proper FOIA request for some other reason: 1,680

 g. Not an agency record: 619

 h. Duplicate request: 990

 i. Other [2](specify): 2,063

# Item VI.

## Appeals of Initial Denials of FOIA/PA Requests

A. Numbers of appeals.

 1. Number of appeals received during fiscal year (FY 2005): 563

 2. Number of appeals processed during fiscal year (FY 2005): 798

B. Disposition of appeals.

---

[2] Other reasons are: electronic referral, insufficient address/info, lacked 3rd party waiver, and publicly sold documents.

1. Number denied in full: 370

2. Number denied in part: 149

3. Number completely reversed (granted): 25

   a. Number of times each FOIA exemption used (counting each exemption once per appeal).

      (1) Exemption 1: 33

      (2) Exemption 2: 41

      (3) Exemption 3: 65

      (4) Exemption 4: 16

      (5) Exemption 5: 97

      (6) Exemption 6: 181

      (7) Exemption 7(A): 26

      (8) Exemption 7(B): 7

      (9) Exemption 7(C): 114

      (10) Exemption 7(D): 4

      (11) Exemption 7(E): 6

      (12) Exemption 7(F): 3

      (13) Exemption 8: 0

      (14) Exemption 9: 0

4. Other reasons for nondisclosure (total): 254

   a. No records: 74

   b. Referrals: 29

   c. Appeal withdrawn: 63

   d. Fee-related reason: 7

   e. Records not reasonably described: 11

  f. Not a proper FOIA request for some other reason:  10

  g. Not an agency record:  4

  h. Duplicate request:  29

  i. Other[3] (specify):  27

# Item VII.

## Compliance With Time Limits/Status of Pending Requests

A. Median processing time for requests processed during the year (FY 2005).

 1. Simple requests.

  a. Number of requests processed:  66,979

  b. Median number of days to process:  15.5

 2. Complex requests.

  a. Number of requests processed:  11,385

  b. Median number of days to process:  85.0

 3. Requests accorded expedited processing.

  a. Number of requests processed:  411

  b. Median number of days to process:  0

B. Status of pending requests (as of: 30 Sep 04).

 1. Number of requests pending:  14,953

 2. Median age of above cases in days:  74

---

[3] Other reasons were appeals not submitted within required time frame and improper address.

11

# Item VIII.

# Comparison With Previous Year

| | |
|---|---|
| Number of initial expedited requests received (FY 03) | 1358 |
| Number of initial expedited requests received (FY 04) | 1057 |
| Number of initial expedited requests granted (FY 03) | 817 |
| Number of initial expedited requests granted (FY 04) | 841 |
| Number of initial expedited requests received (FY 05) | 528 |
| Number of initial expedited requests granted (FY 05) | 411 |

# Item IX.

# Costs/FOIA Staffing

A. Staffing levels (expressed in work-years).

    1. Number of full-time FOIA personnel: 381.6

    2. Number of personnel with part-time or occasional FOIA duties: 370.61

    3. Total number of personnel: 752.21

B. Total costs (including staff and all resources).

    1. FOIA processing (including appeals): $47,876,973

    2. Litigation-related activities (estimated): $2,180,360

    3. Total costs: $50,057,333

# Item X.

# Fees

A. Total amount of fees collected by the agency for processing requests:    $470,829.

B. Percentage of total costs:    1.0%

# Item XI.

# FOIA Regulations (Including Fee Schedule)

A. The Department of Defense (DoD) Freedom of Information Act Program Regulation, DoD 5400.7-R, September 4, 1998, which provides guidance regarding administration of the Freedom of Information Act (FOIA) Program within the Department of Defense (DoD), can be found at:

   http://www.dtic.mil/whs/directives/corres/html/54007r.htm

B. The Fee Schedule is Chapter 6 of the above regulation and as modified at http://www.defenselink.mil/pubs/foi/foiafees.pdf

C. Additional Department of Defense FOIA documents and hyperlinks can be found by accessing the following Universal Resource Locator (URL):

   http://www.defenselink.mil/pubs/foi/

13