UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SERVICEMEMBERS LEGAL DEFENSE        )
NETWORK,                            )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )    06-cv-200 (RMC)
                                    )
DEPARTMENT OF DEFENSE,              )
*et al.*                            )
                                    )
       Defendants.                  )
_____ )

**ANSWER OF DEFENDANT DEPARTMENT OF DEFENSE**

Defendant, the Department of Defense ("DOD"), submits the following answer to plaintiff's complaint for declaratory and injunctive relief. In response to the correspondingly numbered paragraphs of plaintiff's complaint, defendant answers as follows:

    1.    Admit the first two sentences. With respect to the third sentence, defendant is without knowledge sufficient to form a belief as to what prompted plaintiff's FOIA requests. The fourth sentence is a characterization to which no response is required. To the extent that a response is required, deny.

    2.    The allegation in this paragraph is a conclusion of law to which no response is required.

    3.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, except admit that plaintiff "maintains a website on the World Wide Web" and hosts a weblog on that website.

4.     Admit the first sentence. Deny the second sentence except to admit that DOD is comprised of various components. Deny the third sentence except to admit that DOD is responsible for its components' compliance with FOIA. Admit the fourth sentence.

5.     Admit the first sentence. Deny the second sentence except to admit that DOJ is comprised of various components. Deny the third sentence except to admit that DOJ is responsible for its components' compliance with FOIA. Admit the fourth sentence, but deny insofar as OIP processes FOIA requests for various other DOJ offices, including the Office of the Attorney General.

6.     The allegations in this paragraph contain only plaintiff's characterizations of articles to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents. Insofar as a response is required, deny except admit that the second sentence is a correct characterization of statements made in the article.

7.     The allegations in this paragraph contain only plaintiff's characterizations of news reports to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents. Insofar as one is required, deny except admit that the article refers to a document that lists what the article refers to as "1,500 'suspicious incidents.'"

8.     The allegations in this paragraph contain only plaintiff's characterizations of news reports to which no response is required, except that the Court is respectfully referred to the articles for an accurate and complete statement of their contents. Insofar as a response is required, deny, except admit that the article reports that one senator wrote a letter to Donald Rumsfeld about what the article referred to as "a previously secret Pentagon database," and that another cited article states that Undersecretary of Defense for Intelligence Stephen Cambone ordered a review of a program referred to in the article as Talon.

9. The allegations in this paragraph contain only plaintiff's characterizations of an article to which no response is required, except that the Court is respectfully referred to the article (which is attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of its contents.

10. The allegations in this paragraph contain only plaintiff's characterizations of the impact of articles to which no response is required. Insofar as one is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

11. The allegations in this paragraph contain only plaintiff's characterizations of articles to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents.

12. The allegations in this paragraph contain only plaintiff's characterizations of the impact of articles to which no response is required. The allegation is also vague in that it is unclear to which "news reports" the allegation is referring, and so no response is required for that reason as well. Insofar as one is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

13. The allegations in this paragraph contain only plaintiff's characterizations of articles to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents.

14. The allegations in this paragraph contain only plaintiff's characterizations of reports of statements by members of Congress to which no response is required. The characterization is also vague insofar as it is unclear what plaintiff means by "domestic surveillance." Insofar as a response

is required, deny, except admit that articles cited by plaintiffs report the intent of members of Congress to hold hearings on issues related to the National Security Agency.

15. Defendant is without knowledge sufficient to form a belief as to what "prompted" plaintiff's Freedom of Information Act requests. The remainder of the paragraph consists of characterizations of plaintiff's FOIA requests to which no response is required, except that the Court is respectfully referred to those FOIA requests (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. To the extent a response is required, deny the accuracy of the characterization "surveillance," and deny insofar as the paragraph suggests that the excerpts accurately represent the entire request.

16. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any agency other than DOD or a component thereof. The allegation as applied to DOD is a characterization of plaintiff's FOIA requests as to which no response is required except that the Court is respectfully referred to those FOIA requests (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. Insofar as a response is required, deny insofar as the paragraph suggests that the excerpts in paragraph 15 accurately represent the entire request or that all of the requests were identical.

17. Admit, except that defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any recipient other than DOD or any component thereof.

18. With respect to DOD, CIFA, NSA, and DIA, admit that plaintiff requested expedited processing in their FOIA requests. The remainder of the allegations as applied to defendant DOD and its components is a characterization of plaintiff's expedited processing request to which no response is required, except that the Court is respectfully referred to those letters (which are attached

as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. To the extent a response is required, deny with respect to defendant DOD except admit that plaintiff attempted to justify its request for expedited processing. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any recipient other than DOD or any component thereof.

19. Admit with respect to defendant DOD that plaintiff requested a fee waiver in a FOIA request. The remaining allegations as applied to defendant DOD are characterizations of plaintiff's fee-waiver request to which no response is required, except that the Court is respectfully referred to those letters (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. To the extent a response is required, admit that plaintiff attempted to justify its request for a fee waiver, but otherwise deny. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any recipient other than DOD or any component thereof.

20. The first sentence is a legal conclusion to which no response is required. To the extent that a response is required, deny. As to the second sentence, the allegation as applied to defendant DOD is a characterization of plaintiff's letters to which no response is required, except that the Court is respectfully referred to those letters (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any recipient other than defendant DOD and its components.

21. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations within this paragraph.

22. Defendant is without knowledge sufficient to form a belief as to when plaintiff received the letter in question. The remainder of the allegations consists of characterizations of the

letter and legal conclusions about those characterizations to which no response is required, except that the Court is respectfully referred to the letter (which is attached as an exhibit to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to its contents. To the extent that a response is required, deny the third and fifth sentences except admit that the fifth sentence accurately quotes certain words from defendant's letter.

23.    Defendant is without knowledge sufficient to form a belief in the truth of the allegations in this paragraph.

24.    Defendant is without knowledge sufficient to form a belief in the truth of the allegations in this paragraph.

25.    Defendant is without knowledge sufficient to form a belief as to when plaintiff received the letter in question. The remainder of the allegations consists of characterizations of the letter to which no response is required, except that the Court is respectfully referred to the letter for an accurate and complete statement as to its contents. Insofar as a response is required, admit except deny that the word "refused" is appropriate.

26.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

27.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

28.    Defendant is without knowledge sufficient to form a belief as to the truth of the first sentence. The remainder of the allegations consists of characterizations of the letter to which no response is required, except that the Court is respectfully referred to the letter (which is attached as an exhibit to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to its contents. To the extent a response is required, deny the third sentence, except admit that the

sentence quotes certain words used in a letter sent from DIA to plaintiff's counsel dated January 12, 2006.

29. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

30. Admit with respect to the NSA. Defendant is without knowledge sufficient to form a belief as to the truth of the assertions with respect to the CIA and OIPR.

31. Admit.

32. The first sentence is a legal conclusion to which no response is required. Defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to any agency or component that is not DOD or a component of DOD. Admit the second sentence with respect to the second clause. The first clause is vague as to what plaintiff' means by a "substantive response," and so no response is required. Both DIA and DOD sent letters regarding plaintiff's FOIA requests to plaintiff prior to the date of the Complaint. Defendant is without knowledge sufficient to form a belief as to the truth of the third sentence.

33. Defendant repeats its answers with respect to paragraphs 1-32.

34. The allegations in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, deny.

35. The allegations in this paragraph are legal conclusions to which no response is required.

36. The allegations in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

37. The allegations in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

38. The allegations in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, deny with respect to DOD and DIA, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to the F.B.I.

39. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent that a response is required, deny with respect to defendant DOD and any component thereof, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to any other defendant or component thereof.

40. Defendant repeats its answers with respect to paragraphs 1-32.

41. The allegation in this paragraph is a legal conclusion to which no response is required. Defendant is also without knowledge sufficient to form a belief as to the truth of the allegation with respect to the F.B.I.

42. The allegation in this paragraph is a legal conclusion to which no response is required. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation with respect to any component or agency other than DOD and its components.

43. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny with respect to DIA, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to the F.B.I.

44. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny with respect to defendant DOD and any

component thereof, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to any component or agency other than DOD and its components.

45.  Defendant repeats its answers with respect to paragraphs 1-32.

46.  The allegation in this paragraph is a legal conclusion to which no response is required.  Defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to the F.B.I.

47.  The allegation in this paragraph is a legal conclusion to which no response is required.  Defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to any component or agency other than DOD and its components.

48.  The allegation in this paragraph is a legal conclusion to which no response is required.  To the extent a response is required, deny with respect to DOD and DIA, and defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to the F.B.I.

49.  The allegation in this paragraph is a legal conclusion to which no response is required.  To the extent a response is required, deny with respect to DOD and any component thereof, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to defendant DOJ or any component thereof.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim with respect to those components without responsive records.

Defendant DOD denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

Respectfully submitted,

PETER D. KEISLER

Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


/s/
SAMUEL C. KAPLAN (D.C. Bar No. 463350)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Rm. 7302
Washington, D.C.  20044
(202) 514-4686 phone
(202) 616-8202 fax
samuel.kaplan@usdoj.gov
Attorneys for Defendants