UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
SERVICEMEMBERS LEGAL DEFENSE       )
NETWORK,                           )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     06-cv-200 (RMC)
                                   )
DEPARTMENT OF DEFENSE,             )
*et al.*                           )
                                   )
          Defendants.              )
_____)

**ANSWER OF DEFENDANT DEPARTMENT OF JUSTICE**

Defendant, the Department of Justice ("DOJ"), submits the following answer to plaintiff's complaint for declaratory and injunctive relief. In response to the correspondingly numbered paragraphs of plaintiff's complaint, defendant answers as follows:

1. Admit the first two sentences. Defendant is without knowledge sufficient to form a belief as to the truth of the third sentence. The fourth sentence is a characterization to which no response is required. To the extent that a response is required, deny.

2. The allegation in this paragraph is a conclusion of law to which no response is required.

3. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, except admit that plaintiff "maintains a website on the World Wide Web" and hosts a weblog on that website.

4. Admit the first sentence. Deny the second sentence except to admit that DOD is comprised of various components. Deny the third sentence except to admit that DOD is responsible for its components' compliance with FOIA. Admit the fourth sentence.

5. Admit the first sentence. Deny the second sentence except to admit that DOJ is comprised of various components. Deny the third sentence except to admit that DOJ is responsible for its components' compliance with FOIA. Admit the fourth sentence, except deny insofar as OIP processes FOIA requests for various other DOJ offices, including the Office of the Attorney General.

6. The allegations in this paragraph contain only plaintiff's characterizations of articles to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents. Insofar as a response is required, deny except admit that the second sentence is a correct characterization of statements made in the article.

7. The allegations in this paragraph contain only plaintiff's characterizations of news reports to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents. Insofar as one is required, deny except admit that the article refers to a document that lists what the article refers to as "1,500 'suspicious incidents.'"

8. The allegations in this paragraph contain only plaintiff's characterizations of news reports to which no response is required, but insofar as one is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, except admit that the article reports that one senator wrote a letter to Donald Rumsfeld about what the article referred to as "a previously secret Pentagon database," and that another cited article states that Undersecretary of Defense for Intelligence Stephen Cambone ordered a review of a program referred to in the article as Talon.

9. The allegations in this paragraph contain only plaintiff's characterizations of an article to which no response is required, except that the Court is respectfully referred to the article

(which is attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of its content.

10. The allegations in this paragraph contain only plaintiff's characterizations of the impact of articles to which no response is required. Insofar as one is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

11. The allegations in this paragraph contain only plaintiff's characterizations of articles to which no response is required, except that the Court is respectfully referred to the articles for an accurate and complete statement of their contents.

12. The allegations in this paragraph contain only plaintiff's characterizations of the impact of articles to which no response is required. The allegation is also vague in that it is unclear to which "news reports" the allegation is referring, and so no response is required for that reason as well. Insofar as one is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

13. The allegations in this paragraph contain only plaintiff's characterizations of articles to which no response is required, except that the Court is respectfully referred to the articles (which are attached to plaintiff's motion for preliminary injunction) for an accurate and complete statement of their contents.

14. The allegations in this paragraph contain only plaintiff's characterizations of reports of statements by members of Congress to which no response is required. The characterization is also vague insofar as it is unclear what plaintiff means by "domestic surveillance." Insofar as a response is required, deny, except admit that articles cited by plaintiffs report the intent of members of Congress to hold hearings on issues related to the National Security Agency.

15. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

16.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any agency or component other than OIP, OIPR, and F.B.I. The allegation as applied to those components is a characterization of plaintiff's FOIA requests as to which no response is required except that the Court is respectfully referred to those FOIA requests (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. Insofar as a response is required, deny insofar as the paragraph suggests that the excerpts in paragraph 15 accurately represent the entire request or that all of the requests were identical.

17.     Admit, except deny that plaintiff submitted a proper FOIA request to OIP on that date. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to any defendant other than DOJ and any component thereof.

18.     With respect to OIP, OIPR, and the F.B.I., admit that plaintiff requested expedited processing on that date, except deny that plaintiff submitted a proper FOIA request to OIP on that date. The allegation as applied to defendant DOJ is a characterization of plaintiff's expedited processing request to which no response is required, except that the Court is respectfully referred to those letters (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. To the extent a response is required, deny except admit that plaintiff attempted to justify its request for expedited processing. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to recipients other than DOJ or any component thereof.

19.     With respect to the first sentence, admit with respect to defendant DOJ and its components that plaintiff requested a fee waiver in a document that purported to be a FOIA request, but deny that the letter submitted to OIP was a proper FOIA request. The allegation as applied to defendant DOJ and its components is a characterization of plaintiff's fee-waiver request to which no

response is required, except that the Court is respectfully referred to those letters (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. To the extent a response is required, admit that plaintiff attempted to justify its request for a fee waiver, but otherwise deny. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to recipients other than DOJ or any component thereof.

20. The first sentence is a legal conclusion to which no response is required. To the extent that a response is required, deny. The second sentence is a characterization of the letters in question to which no response is required, except that the Court is respectfully referred to those letters (which are attached as exhibits to plaintiff's motion for preliminary injunction) for a complete and accurate statement as to their contents. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as to the other recipients mentioned that are not DOJ or components thereof.

21. Defendant is without knowledge sufficient to form a belief as to the truth of the first sentence. The remainder of the paragraph consists of characterizations of the letter to which no response is required, except that the Court is respectfully referred to the letters (which are attached as exhibits to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to their contents. To the extent that a response is required, deny the third and fourth sentences.

22. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Admit that plaintiff sent a letter to OIP dated January 19, 2006. The remainder of the allegations consists of characterizations of the letter to which no response is required, except that the Court is respectfully referred to the letter (which is attached as an exhibit to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to its contents. To the extent that

a response is required, deny the first sentence, except admit that plaintiff accurately characterizes one sentence of the letter, and deny the second sentence, except admit that the first clause accurately characterizes certain sentences of the letter.

24.     Admit that plaintiff sent a letter to the F.B.I. that was dated January 19, 2006. The remainder of the allegations consists of characterizations of the letter to which no response is required, except that the Court is respectfully referred to the letter (which is attached as an exhibit to plaintiff's motion for preliminary injunction) for an accurate and complete statement as to its contents. To the extent that a response is required, deny.

25.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     Defendant is without knowledge sufficient to form a belief as to when the letter was received. The second sentence is a characterization of the letter to which no response is required, except that the Court is respectfully referred to the letter for an accurate and complete statement as to its contents. Insofar as a response is required, deny that the word "refused" is appropriate and deny that the allegations in the second sentence are correct as to request number seven.

27.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

28.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     Admit the first sentence, except that defendant is without knowledge sufficient to form a belief as to the precise date of the call. The second sentence is unclear, and so no response is required.

30.     Admit with respect to OIPR. Defendant is without knowledge sufficient to form a belief as to the truth of the assertions with respect to the NSA and CIA.

31.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

32.     The first sentence is a legal conclusion to which no response is required.  To the extent that a response is required, deny with respect to OIP, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to any agency or component that is not DOJ or a component of DOJ.  Defendant is without knowledge sufficient to form a belief as to the truth of the second sentence.  Admit the third sentence insofar as "to date" refers to the date of the complaint, but, as to all but one of plaintiff's requests, aver that the F.B.I. has since provided a substantive determination and effectively resolved plaintiff's fee waiver and expedition requests, and also resolved the expedition request with respect to the remaining request.

33.     Defendant repeats its answers with respect to paragraphs 1-32.

34.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent that a response is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

35.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent that a response is required, defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

36.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent that a response is required, deny.

37.      The allegations in this paragraph are legal conclusions to which no response is required.

38.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent that a response is required, deny with respect to the F.B.I., and defendant is

without knowledge sufficient to form a belief as to the truth of the allegations with respect to DOD and DIA.

39. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent that a response is required, deny with respect to defendant DOJ and any component thereof, and defendant is without knowledge sufficient to form a belief as to the truth of the allegation with respect to any other agency or component thereof.

40. Defendant repeats its answers with respect to paragraphs 1-32.

41. The allegation in this paragraph is a legal conclusion to which no response is required. Defendant is also without knowledge sufficient to form a belief as to the truth of the assertion with respect to DIA.

42. The allegation in this paragraph is a legal conclusion to which no response is required. Defendant is also without knowledge sufficient to form a belief as to the truth of the allegation with respect to any component or agency other than DOJ and its components.

43. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny with respect to the F.B.I., and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to DIA.

44. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny with respect to defendant DOJ and any component thereof, and defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to any component or agency other than DOJ and its components.

45. Defendant repeats its answers with respect to paragraphs 1-32.

46. The allegation in this paragraph is a legal conclusion to which no response is required. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations with respect to DOD and DIA.

47. The allegation in this paragraph is a legal conclusion to which no response is required. Defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to defendant DOD or any component thereof.

48. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny with respect to the F.B.I., and defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to DOD and DIA.

49. The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny with respect to DOJ and any component thereof, and defendant is also without knowledge sufficient to form a belief as to the truth of the allegations with respect to defendant DOD and any component thereof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim with respect to those components without responsive records.

Defendant DOJ further denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


/s/
SAMUEL C. KAPLAN (D.C. Bar No. 463350)

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Rm. 7302
Washington, D.C.  20044
(202) 514-4686 phone
(202) 616-8202 fax
samuel.kaplan@usdoj.gov
Attorneys for Defendants