# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.  06-200 (RMC) |
| UNITED STATES DEPARTMENT OF DEFENSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIRD DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Deputy Director of the Office of Information and Privacy (OIP), United States Department of Justice.  In this capacity, I am the final decision-making authority for the Initial Request (IR) Staff.  The IR Staff is responsible for searching for and reviewing records within the senior leadership offices of the Department of Justice – specifically – the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, Legal Policy, Intergovernmental and Public Liaison, Public Affairs, and OIP itself, in response to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. III 2003).  The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released consistent with the FOIA.  In processing such requests, my staff and I consult with personnel in the above-mentioned Offices, and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.

2

2)  I make the statements herein on the basis of personal knowledge, as well as on

information acquired by me in the course of performing my official duties.  This declaration

incorporates my prior two declarations and contains a complete description of the handling of

plaintiff's FOIA request in OIP.

<u>**Processing of Plaintiff's Request**</u>

3)  By letter dated January 5, 2006, plaintiff, the Servicemembers Legal Defense Network

(SLDN), submitted a request to OIP for records concerning the "surveillance" of organizations

representing the interests of lesbian, gay, bisexual and/or transgendered people (items 1-6 of the

request) as well as records concerning a proposal authored by the Commission on the Intelligence

Capabilities of the United States Regarding Weapons of Mass Destruction, chaired by Laurence

H. Silberman and former Senator Charles S. Robb (item 7 of the request).  (A copy of plaintiff's

letter to OIP is attached hereto as Attachment A.)

4)  In its letter, plaintiff requested expedited processing of this request based on the

statutory and Department of Justice standard permitting expedition for requests involving "[a]n

urgency to inform the public about an actual or alleged federal government activity, if made by a

person primarily engaged in disseminating information," 28 C.F.R. § 16.5(d)(1)(ii) (2005).

Plaintiff also requested expedited processing pursuant to the Department's standard involving

"the loss of substantial due process rights," <u>id.</u> § 16.5(d)(iii), as well as the standard permitting

expedition for requests involving "[a] matter of widespread and exceptional media interest in

which there exist possible questions about the government's integrity which affect public

confidence," <u>id.</u> § 16.5(d)(1)(iv).  Additionally, plaintiff requested a fee waiver pursuant to

3

5 U.S.C. § 552(a)(4)(A)(iii), which provides that a fee waiver is appropriate when disclosure of

the requested information is in the public interest because it is likely to contribute significantly to

the public's understanding of the operations or activities of the government, and is not primarily

in the commercial interest of the requester. Plaintiff based its fee waiver request on the assertion

that "[d]isclosure of the records requested will help the general public understand the full scope

and extent to which DOJ has been collecting information against [plaintiff] and other [lesbian,

gay, bisexual, and transgender] organizations within the United States."

     5) By letter dated January 12, 2006, OIP responded to plaintiff's request and informed

plaintiff that OIP, the Office to which plaintiff had directed its request, processes FOIA and

Privacy Act (PA) requests for records it maintains, as well as those maintained by the Offices of

the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy,

Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs. In addition, our

letter informed plaintiff that OIP adjudicates appeals from denials of FOIA/PA requests made to

the Department of Justice. As a result, we informed plaintiff, the records maintained by OIP

consist of administrative case files for the initial requests and administrative appeals OIP

processes. Therefore, we advised plaintiff that OIP would not maintain the records that plaintiff

sought. Our letter also explained to plaintiff that the Department has a decentralized system for

processing FOIA/PA requests and that plaintiff needed to indicate which specific component(s) it

believed would have records responsive to its request. In an effort to aid plaintiff in this regard

we enclosed a list of Department components, which included descriptions of their functions and

the types of records each maintains, and advised plaintiff that it could write directly to those

components it believed would have responsive records. In particular, we provided plaintiff with

4

the proper address for the Federal Bureau of Investigation (FBI), given that plaintiff appeared to be seeking FBI documents. We also explained that plaintiff could, as an alternative, submit a request to the Justice Management Division's Mail Referral Unit (MRU) which would then forward plaintiff's request to those components that the MRU believed would be most likely to maintain responsive records.

6) Regarding plaintiff's requests for expedited processing, in our January 12, 2006 letter we advised plaintiff that once its request was received by the proper component a determination to grant or deny expedition would be made. (A copy of OIP's letter to plaintiff is attached hereto as Attachment B.)

7) By letter to OIP dated January 19, 2006, plaintiff incorrectly claimed that, in its January 12, 2006 letter, OIP had asserted that the Offices of the Attorney General, Deputy Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs "would not" maintain responsive records. As already noted, our January 12, 2006 letter simply stated that OIP would not maintain the records requested. This letter made no mention of whether the other components for which OIP processes requests would have such records. Plaintiff's letter went on to explain that media reports had indicated that decisions regarding the legality of government wiretapping and surveillance programs were made "at the highest levels of the Department of Justice, including the Office of the Attorney General." Because this letter for the first time identified the Office of the Attorney General as a component that plaintiff believed might have responsive records, we reopened plaintiff's request as seeking records from that office. (A copy of plaintiff's letter to OIP is attached hereto as Attachment C.)

5

8) By letter dated January 26, 2006, OIP advised plaintiff that a search for responsive

records had been initiated in the Office of the Attorney General.  This letter also advised plaintiff

that its request for expedited processing pursuant to 28 C.F.R. § 16.5(d)(1)(ii) had been denied,

because plaintiff's primary activity did not appear to be information dissemination, which is

required for a requester to qualify for expedited processing under this standard.  In addition, we

informed plaintiff that its request for expedited processing pursuant to the Department's standard

involving the loss of substantial due process rights, 28 C.F.R. § 16.5(d)(iii), likewise had been

denied, because we did not find plaintiff's due process rights to be substantially at risk.  We then

explained to plaintiff that we had forwarded its request for expedited processing under 28 C.F.R.

§ 16.5(d)(1)(iv) to the Director of the Office of Public Affairs (PAO), who decides whether to

grant or deny expedition under this standard.

9) Finally, as is customary, our January 26, 2006 letter advised plaintiff that we were

deferring a decision on its fee waiver request until we determined whether any fees would be

incurred in the processing of plaintiff's request.  This is OIP's standard practice and is done

because non-commercial requesters are entitled to two hours of free search time per component.

In the event the searches pursuant to plaintiff's request were completed within that two-hour

period, there would be no fees charged to plaintiff.  In the absence of fees to charge, there would

be no need to adjudicate plaintiff's request for a fee waiver.  Accordingly, we deferred our

decision on plaintiff's fee waiver request until the time when we determined that any of our

searches would exceed two hours.  (A copy of OIP's letter to plaintiff is attached hereto as

Attachment D.)

6

10)  By letter dated February 7, 2006, OIP advised plaintiff that the Director of PAO had denied its request for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv) because, although the subject of plaintiff's request raised questions about the government's integrity which affect public confidence, it was not a matter of widespread and exceptional media interest.  (A copy of OIP's letter to plaintiff is attached hereto as Attachment E.)

11)  By letter dated February 14, 2006, plaintiff clarified that it had not intended its request be limited to the Office of the Attorney General and asked that OIP consider its request as seeking records from all components for which OIP processes requests.  (A copy of plaintiff's letter to OIP is attached hereto as Attachment F.)

12)  By letter dated March 6, 2006, OIP informed plaintiff that we would open its request and initiate searches for all of the offices for which OIP processes requests.  (A copy of OIP's letter to plaintiff is attached hereto as Attachment G.)

## Records Searches

13) On January 23, 2006, and March 13, 2006, the OIP FOIA Specialist assigned to plaintiff's request searched the electronic database of the Departmental Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General.  This electronic database search was performed using the Internet Quorum (IQ) system, which covers the period of January 1, 2001 through the present. The Departmental Executive Secretariat uses IQ to control and track certain incoming and outgoing correspondence for the Department's senior management offices.  Records received by the Departmental Executive Secretariat are entered into its electronic database by trained

analysts. Data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record. To further facilitate location of the records, key words are also included. Key word searches of the electronic database may then be conducted by utilizing a single search parameter or combinations of search parameters. Search parameters may include the subject, organization, date, name, type of correspondence, or other key words.

14) The search terms used in combination to search the IQ system were "Silberman and Robb," "Servicemembers and legal and defense," "don't ask and don't tell," "outlaw and protest," "new york and university and protest," "demonstration and santa cruz," "gay and protest," "gay and surveillance," "gay and military." Individual search terms used were "servicemembers" and "sldn." As a result of these searches, OIP located two records in the Departmental Executive Secretariat, both of which originated with the FBI and pertained generally to the Silberman-Robb Commission.[1] OIP did not locate any additional records responsive to plaintiff's request in the Departmental Executive Secretariat.

15) On March 10, 2006, OIP staff searched PAO's press releases electronically. No responsive records were located.

16) In addition to the electronic searches of the Departmental Executive Secretariat and PAO's press releases, OIP also initiated records searches directly in the eight Offices for which we were processing plaintiff's request. OIP initiated a search for records in the Office of the Attorney General by memorandum dated February 14, 2006. By memoranda dated March 6,

---

[1] By memorandum dated March 16, 2006, these documents were referred to the FBI for processing. The FBI ultimately determined that the documents were not responsive to plaintiff's request.

8

2006, OIP initiated records searches in the Offices of the Deputy Attorney General and Associate

Attorney General. Further, by memoranda dated March 8, 2006, OIP initiated records searches in

PAO and the Offices of Legal Policy (OLP) and Intergovernmental and Public Liaison (OIPL).

With the exception of the Office of Legislative Affairs (OLA) and OIP itself (the searches of

which are discussed below) these components conduct their searches in the same manner. The

practice for the Offices of the Attorney General, Deputy Attorney General, and Associate

Attorney General, as well as PAO, OLP, and OIPL is to notify all staff members in the Office of

the receipt of OIP's memoranda requesting that a search be conducted, and to provide the staff

members with a copy of the request. The individuals in these Offices, based on their experience

and knowledge of their files, then determine whether they might have records responsive to the

request. If an individual determines that it is possible he or she might have records, that

individual will either personally search his or her paper or electronic files, or that individual will

ask that an IR Staff FOIA Specialist perform the search for the individual. In this case, all of the

individuals in these six Offices determined that they had no records responsive to plaintiff's

request.

        17) As to OLA, by memorandum dated March 8, 2006, OIP initiated a records search in

OLA. Each staff member in OLA was advised of plaintiff's request by electronic mail and was

asked to respond regarding whether or not they had responsive records. By memorandum dated

April 4, 2006, OLA forwarded records to OIP for its review. OIP reviewed the records and

determined that they were not responsive to plaintiff's request. Additionally, OIP reviewed the

search terms used by the individual in OLA who is responsible for searching that component's

electronic database which is used to track legislative history files and related correspondence.

9

The search terms initially used were "don't ask," "don't tell," "gay," "lesbian," and

"homosexual." Given that item 7 of plaintiff's request pertained generally to the Silberman-

Robb Commission, on April 5, 2006, the OIP analyst responsible for processing plaintiff's

request contacted the OLA staff member who had performed the electronic database search and

asked her to conduct an additional search using terms that more precisely connected to item 7.

The OLA staff member completed the additional search using the terms "silberman" and "robb"

and found no responsive records.

    18) As to OIP, on March 13, 2006, we conducted a search within OIP for responsive

records by forwarding a copy of plaintiff's request by electronic mail to all OIP staff members

and asking that a search of their files be conducted as necessary. We determined that none of the

individuals in OIP had records responsive to plaintiff's request. Additionally, on March 10,

2006, and March 13, 2006, the OIP analyst responsible for processing plaintiff's request

conducted a search for responsive records within OIP's electronic FOIA case tracking database.

This database is used to track initial FOIA requests made to the Offices mentioned in paragraph 1

above, as well as to track administrative appeals of denials of FOIA requests made to the entire

Department of Justice. Data elements entered into this system include such items as the date of

the request, the date of receipt, the requester's name, the name of the requester's or appellant's

attorney, as well as a brief description of the subject of the request. The following key words

were used to conduct this search within the "subject" field: "servicemembers," "don't ask,"

"don't tell," "lgbt," "sldn," "outlaw," "lesbian," "gay," "homosexual," "transgender," "bisexual,"

"santa cruz," "silberman," and "robb." OIP did not locate any records responsive to plaintiff's

request in its case-tracking database.

10

19) By memorandum dated March 9, 2006, the Office of the Attorney General informed us that it located no records responsive to plaintiff's request.

20) By memoranda dated March 20, 2006, the Offices of the Associate Attorney General and Legal Policy each informed us that they had located no records responsive to plaintiff's request.

21) By memorandum dated March 22, 2006, the Office of Intergovernmental and Public Liaison informed us that it had located no records responsive to plaintiff's request.

22) By memorandum dated April 18, 2006, the Office of the Deputy Attorney General informed us that it had located no records responsive to plaintiff's request.

23) Finally, by voice message on April 25, 2006, and by follow-up memorandum dated April 28, 2006, PAO informed us that it had located no records responsive to plaintiff's request.

### OIP's Responses to Plaintiff

24) By letter dated March 16, 2006, OIP provided plaintiff with the first interim response to its FOIA request. In this interim response, we advised plaintiff that no responsive records had been located in OIP. Additionally, we explained that two documents, totaling ten pages, had been located as a result of our search of the Executive Secretariat electronic database and that we had referred these documents to the FBI for processing and direct response to plaintiff. (A copy of OIP's letter to plaintiff is attached hereto as Attachment H.)

25) By letter dated March 23, 2006, OIP provided plaintiff with our second interim response to its FOIA request. In this interim response, we advised plaintiff that no responsive records had been located in the Offices of the Associate Attorney General, Legal Policy, and

11

Intergovernmental and Public Liaison. (A copy of OIP's letter to plaintiff is attached hereto as Attachment I.)

26) By letter dated April 7, 2006, OIP provided plaintiff with our third interim response to its FOIA request. In this interim response, we advised plaintiff that no responsive records had been located in OLA. (A copy of OIP's letter to plaintiff is attached hereto as Attachment J.)

27) By letter dated April 18, 2006, OIP provided plaintiff with our fourth interim response to its FOIA request. In this interim response, we advised plaintiff that no responsive records had been located in the Office of the Deputy Attorney General. (A copy of OIP's letter to plaintiff is attached hereto as Attachment K.)

28) By letter dated April 26, 2006, OIP provided plaintiff with the final response to its FOIA request. In this final response, we advised plaintiff that no responsive records had been located in the Office of Public Affairs. (A copy of OIP's letter to plaintiff is attached hereto as Attachment L.)

29) In sum, after completion of searches in the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, OLA, OLP, OIPL, PAO, and OIP, no records responsive to plaintiff's request for records concerning the "surveillance" of organizations representing the interests of lesbian, gay, bisexual and/or transgendered people (items 1-6 of plaintiff's request) were located. As to item 7 of plaintiff's request, although two documents were located that referred generally to the Commission and were referred to the FBI, the FBI determined that they were not responsive to plaintiff's request. We conclude that by using the search mechanisms described above in the eight Offices identified by plaintiff, our searches

12

would have reasonably captured any records responsive to plaintiff's request maintained by those

Offices.

    30)  I declare under penalty of perjury that the foregoing is true and correct.

                                   MELANIE ANN PUSTAY

Executed this 9th day of June, 2006.

# ATTACHMENT A

# PROSKAUER ROSE LLP

1233 Twentieth Street NW
Suite 800
Washington, DC 20036-2396
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

**Christopher Wolf**
Member of the Firm

Direct Dial 202.416.6818
cwolf@proskauer.com

January 5, 2006

**Via Telecopy & Certified Mail, Return Receipt Requested**

Office of Information and Privacy
Department of Justice
Suite 570, Flag Building
Washington, DC 20530-0001

Re:    Freedom of Information Act Request (Expedited Processing Requested)

Dear Sir or Madam:

This letter constitutes a request for records on behalf of the Servicemembers Legal Defense
Network pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and regulations
promulgated thereunder by the Department of Justice, 28 C.F.R. part 16.  In addition, other
organizations have asked that the Servicemembers Legal Defense Network submit this request
on their behalf.  These groups include Gay & Lesbians Against Defamation; the Gay and Lesbian
Medical Association; the International Gay and Lesbian Human Rights Commission; the LA
Lesbian & Gay Center; the Lambda Legal Defense and Education Fund; Lambdas, Chicago–
Kent College of Law; the Mautner Project; the National Coalition of Anti-Violence Projects; the
National Youth Advocacy Coalition; Outlaws, University of Michigan School of Law; Pride at
Work, AFL-CIO; QLaw, University of Wisconsin School of Law; OUTLAW, Stanford Law
School; and the Human Rights Campaign.

## I.    DEFINITIONS

As used throughout this request:

1.    "FBI" means the Federal Bureau of Investigation, a component of the Department
of Justice;

2.    "Document" and/or "record" includes all handwritten, typed or printed material,
and all magnetic, electronic or other records or documentation of any kind or
description including, without limitation, agreements, contracts, correspondence,
issuances, instructions, ledger entries or non-ledger bookkeeping documentation,
letters, memoranda, e-mails, notations of telephone conversations, notes, and any

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 2

other records, including drafts and copies not identical to the originals, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your possession, custody or control, including those in the possession, custody or control of any and all Department of Justice personnel, administrators, attorneys, agents or contractors, whether or not prepared by Department of Justice personnel, administrators, attorneys, agents or contractors;

3.    "DOJ" means the Department of Justice and its various components;

4.    "Don't Ask, Don't Tell" means the homosexual conduct policy enacted by Congress in 1993, which is currently codified at 10 U.S.C. § 654 and implemented through Department of Defense Directives 1304.26, 1332.14, 1332.30, and 1332.40;

5.    "FOIA" means the Freedom of Information Act, 5 U.S.C. § 552;

6.    "LGBT organizations" means organizations representing the interests of lesbians, gay men, bisexuals and/or transgendered people;

7.    "Meeting(s)" includes meetings, symposia, conferences, demonstrations and/or rallies, whether in-person or conducted via electronic or other means;

8.    "SLDN" means the Servicemembers Legal Defense Network; and

9.    "VoIP" means Voice over Internet Protocol.

## II.    RECORDS REQUESTED

1.    Any and all documents concerning DOJ's surveillance[1] of:

A.    meetings involving people and/or organizations discussing, considering or stating opposition to "Don't Ask, Don't Tell";

B.    SLDN meetings, including, but not limited to, reports, video recordings, audio recordings and photographs;

---

[1]    This request includes surveillance conducted, directed, supervised or recommended by DOJ personnel, as well as surveillance performed by non-DOJ personnel (e.g., military personnel or local law enforcement), the products of which were forwarded to DOJ. This request also includes any and all documents concerning proposed surveillance of the groups listed in paragraph 1.

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 3

     C.     communications involving, but not necessarily between, SLDN directors, staff, clients, prospective clients, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

     D.     meetings involving LGBT organizations, which include the following:

          i.     a February 2005 protest at New York University involving the LGBT organization known as "OUTlaw"; and

          ii.     an April 2005 demonstration at the University of California-Santa Cruz.

     E.     communications involving, but not necessarily between, LGBT organizations and/or their employees, members and/or prospective members, including, but not limited to, in-person communications, letters or communications carried out via telephone, e-mail, instant messaging, VoIP or other Internet-based technologies;

2.     Any and all documents related to or concerning how DOJ selected the targets of surveillance described in paragraph 1 above;

3.     Any and all documents related to or concerning what entities or personnel DOJ distributed information gathered under the surveillance described in paragraph 1 above;

4.     Any and all documents related to or concerning in any way DOJ's actual or supposed authority to engage in the surveillance described in paragraph 1 above, including, but not limited to, presidential orders, statutes, regulations or legal reviews conducted by DOJ or any other government agency;

5.     Any policies, procedures or manuals related to the surveillance described in paragraph 1 above;

6.     Any and all documents related to or concerning in any way investigations, inquiries or disciplinary proceedings initiated in response to any actual or potential violations of, or deviations from, any policy, procedure or manual related to the surveillance described in paragraph 1 above; and

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 4

> 7.    Any and all documents related to or concerning a proposal authored by the presidential commission on intelligence chaired by Laurence H. Silberman and former Senator Charles S. Robb (D-VA) urging that the federal government be given greater authority to carry out domestic criminal investigations and clandestine operations against potential threats inside the United States, and all documents responding or relating thereto.

## III.    EXPEDITED PROCESSING REQUEST

Expedited processing of this FOIA request is warranted because (1) the records being requested are urgently needed and (2) SLDN is an organization "primarily engaged in disseminating information." *See* 5 U.S.C. § 552(a)(6)(E)(i)(II), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). In addition, expedited processing should be granted because this FOIA request concerns a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence, and because failure to grant expedited processing may result in an imminent loss of due process rights. *See* 28 C.F.R. § 16.5(d)(1)(iii)-(iv).

### A.    The Records Requested Are Urgently Needed

Under DOJ regulations, this FOIA request implicates an urgent matter of public concern about an actual federal government activity—namely, the federal government's warrantless surveillance of citizens and activist groups within the United States. *See ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2004) (finding that section 215 of the Patriot Act, which substantially expanded the powers of the FBI under the Foreign Intelligence Surveillance Act of 1978, "unquestionably implicates important individual liberties and privacy concerns which are of immediate public interest"). Such surveillance has not only included LGBT organizations, *see, e.g.*, Anthony Glassman, *The Pentagon is spying on 'don't ask' protestors*, Gay People's Chron., Dec. 23, 2005; David Yaffett, *Pentagon calls gay student groups 'credible threat'*, Dallas Voice, Dec. 23, 2005; Andrew Keegan, *Peeping Pentagon?*, Wash. Blade, Dec. 23, 2005, it also appears to have encompassed other types of organizations critical of federal government policies, *see, e.g.*, Kevin Deutsch, *Activist group plans to sue over spying*, Miami Herald, Dec. 23, 2005, at B8; Mike Clary, *Target of Spying Demands Inquiry*, Sun-Sentinel (Fort Lauderdale, Fla.), Dec. 21, 2005, at 1B; Eric Lichtblau, *F.B.I. Watched Activist Groups, New Files Show*, N.Y. Times, Dec. 20, 2005, at A1.

Moreover, the recent widespread and sustained media coverage of the federal government's domestic surveillance activities provides further evidence that the information sought by SLDN is "urgently needed" and of current public concern. *See, e.g.*, Carol D. Leonnig, *Surveillance Court Is Seeking Answers*, Wash. Post, Jan. 5, 2006, at A2; Scott Shane, *Key Democrat Says Spying Violated Law*, N.Y. Times, Jan. 5, 2006, at A16; Dafna Linzer, *Secret Surveillance May*

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 5

*Have Occurred Before Authorization*, Wash. Post, Jan. 4, 2006, at A3; Eric Lichtblau & Scott
Shane, *Files Say Agency Initiated Growth of Spying Effort*, N.Y. Times, Jan. 4, 2006, at A1; Lisa
Rein, *Bush Defends Spying Program As 'Necessary' to Protect U.S.*, Wash. Post, Jan. 2, 2006, at
A2; Eric Lichtblau, *Bush Defends Spy Program and Denies Misleading Public*, N.Y. Times, Jan.
2, 2006, at A11; Eric Lichtblau & James Risen, *Justice Deputy Resisted Parts of Spy Program*,
N.Y. Times, Jan. 1, 2006, at A1; Eric Lichtblau & James Risen, *Defense Lawyers in Terror
Cases Plan Challenges Over Spy Efforts*, N.Y. Times, Dec. 28, 2005, at A1; David Ignatius, Op-
Ed, *Eavesdropping and Evading the Law*, Wash. Post, Dec. 28, 2005, at A21; Eric Lichtblau &
James Risen, *Spy Agency Mined Vast Data Trove, Officials Report*, N.Y. Times, Dec. 24, 2005,
at A1; Eric Mink, Editorial, *Who's Listening out there?*, St. Louis Post-Dispatch, Dec. 21, 2005,
at C13; Walter Pincus, *Pentagon's Intelligence Authority Widens*, Wash. Post, Dec. 19, 2005, at
A10; Lisa Myers et al., *Senator Demands Investigation of Spy Database*, MSNBC.com, Dec. 15,
2005, http://www.msnbc.msn.com/id/10481600; Walter Pincus, *Pentagon Will Review Database
on U.S. Citizens*, Wash. Post, Dec. 15, 2005, at A1; Lisa Meyers et al., *Is the Pentagon spying on
Americans?*, MSNBC.com, Dec. 14, 2005, http://msnbc.msn.com/id/10454316; *Pentagon May
Be Tracking Activists*, L.A. Times, Dec. 14, 2005, at A22; Walter Pincus, *Defense Facilities Pass
Along Reports of Suspicious Activity*, Wash. Post, Dec. 11, 2005, at A12; Walter Pincus,
*Pentagon Expanding Its Domestic Surveillance Activity*, Wash. Post, Nov. 27, 2005, at A6.

Any delay in processing this FOIA request may decrease the value of the information sought.
For example, members of the Senate Judiciary Committee have made clear their intention to
raise the issue of domestic surveillance in their upcoming hearings on the nomination of Judge
Samuel A. Alito to the position of Associate Justice of the United States Supreme Court, which
are scheduled to begin on January 9, 2006. *See* Jo Becker & Christopher Lee, *Alito Urged
Wiretap Immunity*, Wash. Post, Dec. 24, 2005, at A1 (noting Senate Judiciary Committee
Chairman Arlen Specter's (R-PA) intention to "press Alito for his views" on domestic
wiretapping); Adam Liptak & David E. Rosenbaum, *Alito Memo in '84 Favored Immunity for
Top Officials*, N.Y. Times, Dec. 24, 2005, at A12 (noting Senator Charles Schumer's (D-NY)
intention to question Judge Alito on the issue of warrantless domestic wiretapping). This same
committee has also indicated that it will hold separate hearings on the issue of domestic
surveillance. *See* Charles Hurt, *Democrats to hit White House, Republicans on privacy issues*,
Wash. Times, Jan. 3, 2006, at A1; Eric Lichtblau & James Risen, *Justice Deputy Resisted Parts
of Spy Program*, N.Y. Times, Jan. 1, 2006, at A1; Eric Lichtblau, *Officials Want to Expand
Review of Domestic Spying*, N.Y. Times, Dec. 25, 2005, at A28. Therefore, the records sought
by this FOIA request are needed in a timely fashion to help produce an informed debate in
Congress about the proper scope of domestic surveillance activities by entities such as the FBI.
*See ACLU*, 321 F. Supp. 2d at 30-31 (noting that the need for informed congressional debate
may justify expedited processing).

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 6

**B.      SLDN Qualifies as an Organization "Primarily Engaged in Disseminating Information to the Public"**

SLDN is a national, non-profit watchdog and policy organization dedicated to ending discrimination against, and harassment of, United States military personnel under "Don't Ask, Don't Tell." As the most prominent organization in the United States dedicated to protecting the rights of LGBT servicemembers, SLDN publishes periodic "action alerts" that are distributed electronically to over 50,000 persons. Among other things, these "action alerts" apprise SLDN members of developments in the fight to overturn "Don't Ask, Don't Tell."

SLDN also maintains a website on the World Wide Web, which is located at http://www.sldn.org. SLDN's website includes resources for servicemembers and the press explaining the history of "Don't Ask, Don't Tell" and its legal and lobbying efforts to see it overturned. For a two-day period following recent revelations regarding the federal government's domestic surveillance activities, traffic on SLDN's website swelled to 45,000 "hits," up from normal monthly traffic of 25,000 hits.

SLDN also hosts a weblog, or "blog," that allows individuals to follow SLDN's efforts to end discrimination in the armed forces. The official SLDN blog includes articles by SLDN staff, supporters and clients impacted by "Don't Ask, Don't Tell." In addition, SLDN disseminates numerous informational releases to the public and the press on the aforementioned issues via its website and otherwise, and is a frequent source of information on these issues for both the news media and the federal government itself. *See* U.S. Gov't Accountability Office, *Military Personnel: Financial Costs and Loss of Critical Skills Due to DOD's Homosexual Conduct Policy Cannot Be Completely Estimated* 6 n.17 (2005) (citing SLDN statistics for the number of servicemembers separated from military service under "Don't Ask, Don't Tell" and directing readers to SLDN's website). SLDN also publishes more than 6,000 copies of its quarterly reports detailing the organization's progress in overturning "Don't Ask, Don't Tell." The fact that SLDN does not publish a newspaper or broadcast a television news report does not disqualify it from receiving expedited processing. *See ACLU*, 321 F. Supp. 2d at 29 n.5; *cf. Nat'l Sec. Archive v. Dep't of Defense*, 880 F.2d 1381, 1385-86 (D.C. Cir. 1989); *EPIC v. Dep't of Defense*, 241 F. Supp. 2d 5, 14 (D.D.C. 2003).

**C.      The Records Requested Concern a Matter of Widespread and Exceptional Media Interest in Which There Exist Possible Questions About the Government's Integrity**

As evidenced by the numerous media reports cited above, the records sought by this FOIA request concern a matter of widespread and exceptional media interest—specifically, the federal government's alleged warrantless surveillance of United States residents and citizens and domestic organizations. These alleged surveillance activities taken by the federal government

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 7

raise numerous questions about the government's integrity which could significantly affect public confidence in the federal government, since, as again noted in the media reports cited above, any such warrantless surveillance may have been carried out in violation of federal law and in violation of the rights guaranteed by the United States Constitution. The existence of widespread media interest, and the questions these issues raise about the integrity of the federal government, provide another independent basis upon which our request for expedited processing should be granted. *See* 28 C.F.R. § 16.5(d)(1)(iv).

### D.    Failure to Grant Expedited Processing May Result in an Imminent Loss of Due Process Rights

DOJ regulations also provide that expedited processing should be granted in cases involving a loss of substantial due process rights. *See* § 16.5(d)(1)(iii). Domestic surveillance of LGBT organizations such as SLDN may have infringed, and may continue to infringe, upon the free speech, free association and privacy rights of those individuals or entities that were, or currently are, the subject of such surveillance. Any delay in processing SLDN's request for documents may compromise the significant interests at stake by delaying SLDN, and therefore the public at large, from understanding the full scope of any government violations of SLDN's and other LGBT organizations' constitutional rights. *See ACLU*, 321 F. Supp. 2d at 30 ("Because the records that plaintiffs seek relate to current surveillance efforts, the potential invasion of the public's privacy interests is of immediate concern, weighing in favor of a finding of expediency."). Therefore, an imminent loss of due process rights may be suffered if the above FOIA request is not processed on an expedited basis.

## IV.    FEE WAIVER REQUEST

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k), we also request a waiver of all fees associated with responding to this FOIA request. The statute and regulations authorize a waiver of fees where disclosure of the information requested (1) is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of DOJ and (2) is not primarily in the commercial interest of the requestor. SLDN's FOIA request satisfies both criteria.

### A.    Disclosure of the Records Sought Is in the Public Interest

SLDN's FOIA request seeks information regarding domestic surveillance conducted by DOJ that, as noted above, has drawn considerable attention and criticism in the past few weeks from members of Congress and the media. Disclosure of the records requested will help the general public understand the full scope and extent to which DOJ has been collecting information against SLDN and other LGBT organizations within the United States.

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 8

SLDN's FOIA request also seeks meaningful information not already in the public domain. *See* 28 C.F.R. § 16.11(k)(2)(ii). The general public has shown great interest in recent revelations regarding domestic surveillance conducted by the federal government. As noted above, SLDN will use its electronic communication capabilities to disseminate to the general public information collected as a result of its FOIA request. *See* § 16.11(k)(2)(ii). As was also previously noted, SLDN has been asked by numerous other organizations to submit this FOIA request on their behalf. Needless to say, should SLDN discover through its FOIA request that these groups have indeed been the target of domestic surveillance, SLDN will forward such information to these respective groups in a timely fashion.

The public currently understands very little about the extent to which DOJ and its components, such as the FBI, have observed groups and individuals in the United States critical of federal government policies. SLDN's FOIA request, and the subsequent dissemination of the information obtained as a result of that request, counsels in favor of granting a fee waiver. *See* § 16.11(k)(2)(iv).

### B. Disclosure of the Records Sought Is Not Primarily in SLDN's Commercial Interest

In order to qualify for a fee waiver, disclosure of the information sought cannot be "primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k)(1)(ii). In making this determination, DOJ regulations provide that two factors are to be considered: (1) the existence and magnitude of the requestor's commercial interest, and (2) the primary interest in disclosure. 28 C.F.R. § 16.11(k)(3)(ii). As noted above, SLDN is a national, non-profit policy organization dedicated to ending discrimination against, and harassment of, United States military personnel under "Don't Ask, Don't Tell." SLDN has no commercial interest in the records sought by this FOIA request. Instead, by submitting this FOIA request, SLDN hopes to obtain information in order to educate the general public regarding the extent to which domestic surveillance has been used against LGBT organizations and other organizations that disagree with policies of the federal government.

## V.  REQUEST FOR "REPRESENTATIVE OF THE NEWS MEDIA" FEE STATUS

In the event that DOJ determines that SLDN's FOIA request does not qualify for a fee waiver, we would request the SLDN be afforded "representative of the news media" fee status pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 28 C.F.R. § 16.11(d)(1). A "representative of the news media" is an entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *Nat'l Sec. Archive*, 880 F.2d at 1387. SLDN qualifies as a "representative of the news media" because it uses multiple channels, including its website, email lists, newsletters and print media, to educate the general public and federal policymakers about "Don't Ask, Don't

PROSKAUER ROSE LLP

Office of Information and Privacy
January 5, 2006
Page 9

Tell" and its shortcomings.  The fact that its principal means of educating persons is via the
Internet has no bearing on whether SLDN qualifies as a "representative of the news media."  *See*
*EPIC*, 241 F. Supp. 2d at 14 (explaining that the fact that an entity distributes its publication "via
Internet to subscribers' email addresses does not change the [news media] analysis").

* * *

I thank you for your prompt attention to this matter.  In accordance with 5 U.S.C.
§ 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(d)(4), we expect your determination of our request for
expedited processing within ten (10) calendar days and your determination of our request for
records within twenty (20) days.  We also expect the release of all segregable portions of
otherwise exempt material.  If our request for documents is denied in whole or in part, we ask
that you justify all deletions by reference to specific exemptions under FOIA.

If you have any questions, please feel free to call me at (202) 416-6818.  I hereby certify that the
foregoing is true and correct to the best of my knowledge and belief.

Respectfully yours,

Christopher Wolf

cc:    C. Dixon Osburn, SLDN Executive Director

# ATTACHMENT B



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JAN 1 2 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1233 20th Street, N.W.
Suite 800                          Re:    OIP/06-R0170
Washinton, DC 20036-2396                  MAP:CLM:SBT

Dear Mr. Wolf:

    This responds to your letter dated January 5, 2006, and received in this Office on January 10, 2005, in which you requested, among other items, documents pertaining to Department of Justice surveillance of meetings involving your client, the Servicemembers Legal Defense Network, and/or other LGBT groups opposing the Department of Defense's policy known as "Don't Ask, Don't Tell." This response is made on behalf of the Office of Information and Privacy.

    You have written to the Office of Information and Privacy which processes Freedom of Information Act and Privacy Act (FOIA/PA) requests for records it maintains as well as records maintained by the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs and adjudicates all appeals of denials of FOIA/PA requests made to the Department of Justice. This Office maintains administrative case files for the initial requests and appeals it processes. Accordingly, this Office would not maintain the records you are requesting.

    For your information, the Department of Justice has a decentralized system for processing FOIA/PA requests and each component of the Department maintains its own records. Accordingly, you need to indicate in your letter which Department component(s) you believe have records pertaining to the subject of your request. I note that you reference the Federal Bureau of Investigation (FBI) in your request letter. To the extent that you are seeking FBI records, you should direct your request to the FBI at the following address:

        David M. Hardy, Chief
        Record/Information Dissemination Section
        Records Management Division
        Federal Bureau of Investigation
        Department of Justice
        935 Pennsylvania Avenue, N.W.
        Washington, DC 20535-0001

-2-

You may write directly to the Department component(s) you believe have records pertaining to your request or you may submit your request to the FOIA/PA Mail Referral Unit, Justice Management Division, and that Office will forward your request to the component(s) it believes most likely to have the records you seek. The address for the FOIA/PA Mail Referral Unit is as follows:

> FOIA/PA Mail Referral Unit
> Justice Management Division
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, DC 20530-0001

You have requested expedited processing of your request pursuant to the Department's categories permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information" 28 C.F.R. § 16.5(d)(1)(ii) (2005) and "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See id. § 16.5(d)(1)(iv). For a determination to be made on your request for expedited processing, it must be received by the proper component that would maintain the records requested. See id. § 16.5(d)(2). The respective component makes the determination whether to grant or deny expedited processing under category ii and the Department's Office of Public Affairs makes the determination regarding category iv.

To be of further assistance, please find enclosed a copy of the *Department of Justice Freedom of Information Act Reference Guide* which provides guidance for making FOIA and Privacy Act requests to the Department of Justice. The *Reference Guide* also contains a listing of the Department of Justice components, with a brief description of their functions and the records they maintain. I hope you find this information useful.

If you consider my response to be a denial of this request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

Enclosure

# ATTACHMENT C

1233 Twentieth Street NW, Suite 800
Washington DC 20036-2396
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

# PROSKAUER ROSE LLP

Christopher Wolf
Member of the Firm

Direct Dial 202.416.6818
cwolf@proskauer.com

January 19, 2006

**Via Telecopy & Certified Mail, Return Receipt Requested**

Melanie Ann Pustay
Deputy Director
Office of Information and Privacy
U.S. Department of Justice
Suite 570, Flag Building
Washington, DC 20530-0001

Re:  FOIA Request OIP/06-R0170

Dear Ms. Pustay:

I write in response to your January 12, 2006 letter concerning my Freedom of Information Act
("FOIA") request of January 5, 2006, which your office has assigned the reference number set
forth above. Specifically, I write in response to your assertion that the Department of Justice's
Office of Information and Privacy ("OIP") "would not" maintain the records I requested on
behalf of my client, the Servicemembers Legal Defense Network ("SLDN").

As you are already aware, my FOIA request sought documents pertaining to any Department of
Justice surveillance of SLDN and other groups opposed to the homosexual conduct policy
enacted by Congress in 1993, more commonly known as "Don't Ask, Don't Tell." In your letter,
you explain that OIP processes FOIA requests for the Offices of the Attorney General, Deputy
Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs,
Intergovernmental and Public Liaison, and Public Affairs. You then assert that these offices
"would not" maintain the records sought by our FOIA request. However, news reports have
made clear that decisions regarding the legality of recently uncovered domestic wiretapping and
surveillance programs were made at the highest levels of the Department of Justice, including the
Office of the Attorney General. *See, e.g.*, Eric Lichtblau & James Risen, *Justice Deputy Resisted*

PROSKAUER ROSE LLP

Melanie Ann Pustay
January 19, 2006
Page 2

*Parts of Spy Program*, N.Y. Times, Jan. 1, 2006. Presumably, some manner of documentation would have precipitated, accompanied or followed these discussions and decisions.[1]

Therefore, if your statement that OIP "would not" maintain the documents we requested means that no search has yet been conducted of the various records maintained by OIP, I would request that such a search now be conducted in light of the above clarification. To the extent that your use of this ambiguous phrase means that OIP is not in possession of any responsive documents, or that OIP has denied our FOIA request on some other ground, please state so clearly in order that we may proceed with a timely administrative appeal of such a determination. In addition, I remind you that OIP's statutory time limit within which to respond to our request for expedited processing of the above-referenced FOIA request has now expired. Therefore, I request and expect a prompt response to the issues set forth in this letter and in my original request.

If you have any questions, please feel free to call me at (202) 416-6818. Please be advised that effective January 23, 2006, our offices will be moving to 1001 Pennsylvania Avenue, NW, Suite 400 South, Washington, DC 20004-2533. Our telephone and facsimile numbers will remain the same.

Sincerely,

*Christopher Wolf*

Christopher Wolf

cc:    C. Dixon Osburn, SLDN Executive Director

---

[1]    In response to that portion of your letter in which you suggested that we contact the Federal Bureau of Investigation directly and request records from their files, please note that a request similar to that sent to OIP was also submitted to the FBI on January 5, 2006, as well as to the Department of Justice's Office of Intelligence Policy and Review.

# ATTACHMENT D



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                              *Washington, D.C. 20530*

JAN 2 6 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1233 20th Street, N.W.
Suite 800                                   Re:    AG/06-R0331
Washington, DC 20036-2396                          MAP:CLM:SBT

Dear Mr. Wolf:

We have received your letter dated January 19, 2005, in response to our January 12, 2006 letter regarding the Freedom of Information Act request of your client, the Servicemembers Legal Defense Network, pertaining to the surveillance of groups opposed to the Department of Defense's policy known as "Don't Ask, Don't Tell." In your letter, you identified the Office of the Attorney General as a component that may have records responsive to your request. Accordingly, this response is made on behalf of the Office of the Attorney General.

You have requested expedited processing of your request pursuant to the Department's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information" 28 C.F.R. § 16.5(d)(1)(ii) (2005). Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied. The primary activity of your client's organization does not appear to be information dissemination, which is required for a requester to qualify for expedited processing under this standard.

You have also requested expedited processing of your request pursuant to the Department's standard involving "the loss of substantial due process rights." See id. § 16.5(d)(iii). Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied, because this Office cannot find that your client's due process rights are substantially at risk. Courts are reluctant to grant expedited processing unless a requester can show (1) "that [he] is facing grave punishment [in a criminal proceeding], and (2) that there is reason to believe information will be produced to aid the individual's defense." Freeman v. United States Dep't of Justice, No. 92-0557, slip op. at 4 (D.D.C. Oct. 2, 1992). Neither of these circumstances is present here.

You have also requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

-2-

See id. § 16.5(d)(1)(iv).  Pursuant to Department of Justice regulations, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard.  See id. § 16.5(d)(2).  Please be advised that as of the date of this letter, that determination is still pending with the Office of Public Affairs.  Once we have received notification of the Director's decision, we will promptly notify you.  Nevertheless, please be advised that your request has been assigned to a FOIA Specialist in this Office and a record search is being initiated in the Office of the Attorney General.

We have not yet made a decision regarding your request for a fee waiver.  We will do so after we determine whether fees will be assessed for this request.

If you have any questions about your request, you may contact Sara Tennant, the analyst handling this request, by telephone at the above number or you may write to Ms. Tennant at the above address.

If you are not satisfied with the denial of your request for expedited processing, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter.  Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

# ATTACHMENT E



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB   7 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1233 20th Street, N.W.
Suite 800                          Re:    AG/06-R0331
Washington, DC 20036-2396                 MAP:CLM:SBT

Dear Mr. Wolf:

This response is a follow-up to our letter to you dated January 26, 2006, regarding the Freedom of Information Act request of your client, the Servicemembers Legal Defense Network, pertaining to the surveillance of groups opposed to the Department of Defense's policy known as "Don't Ask, Don't Tell. This response is made on behalf of the Office of the Attorney General.

You requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See id. § 16.5(d)(1)(iv). Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. See id. § 16.5(d)(2). The Director has determined that, while the subject of your request has raised questions about the government's integrity which affect public confidence, there is not widespread and exceptional media interest. Therefore, she has denied your request for expedited processing. Accordingly, your request has been placed in our regular processing queue. As we advised in our letter dated January 26, 2006, your request has been assigned to a FOIA Specialist in this Office and a record search is being initiated in the Office of the Attorney General.

If you are not satisfied with the action of the Director of Public Affairs on her denial of your request for expedited processing, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

# ATTACHMENT F

1001 Pennsylvania Avenue, NW
Suite 400 South
Washington DC 20004-2533
Telephone 202.416.6800
Fax 202.416.6899

NEW YORK
LOS ANGELES
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

# PROSKAUER ROSE LLP

Christopher Wolf
Member of the Firm

Direct Dial 202.416.6818
cwolf@proskauer.com

February 14, 2006

**Via Telecopy & Certified Mail, Return Receipt Requested**

Sara Tennant
FOIA Specialist
Office of Information and Privacy
U.S. Department of Justice
Suite 570, Flag Building
Washington, DC 20530-0001

Re:   <u>OIP/06-R0170 & AG/06-R0331</u>

Dear Ms. Tennant:

I write in response to the Office of Information and Privacy's ("OIP's") January 26, 2006 letter concerning our Freedom of Information Act ("FOIA") request of January 5, 2006, which OIP originally assigned the first reference number set forth above. Specifically, I write in order to clarify an apparent misunderstanding regarding the intended scope of our FOIA request. OIP's most recent correspondence suggests a belief that our FOIA request only seeks records from the Office of the Attorney General. To be clear, our FOIA request seeks responsive agency records from all offices within OIP's jurisdiction, which include the Offices of the Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs.

As you may remember, our FOIA request sought agency records related to Department of Justice ("DOJ") surveillance of our client, the Servicemembers Legal Defense Network ("SLDN"), as well as other groups opposed to the anti-gay policy enacted by Congress in 1993, more commonly known as "Don't Ask, Don't Tell." At no point in time did our FOIA request narrow its scope to only those records maintained by the Office of the Attorney General. In addition, my January 19, 2006 letter did not narrow the scope of our FOIA request; instead, it merely noted that agency records responsive to our request likely *included* records originating from within the Office of the Attorney General.

## PROSKAUER ROSE LLP

Sara Tennant
February 14, 2006
Page 2

Finally, despite the fact that our January 19, 2006 letter notified OIP of our change in address effective January 23, 2006, OIP's January 26, 2006 letter was improperly addressed, thereby delaying our receipt of OIP's letter until February 7, 2006. Again, please take note that our address has changed since the submission of our FOIA request. All correspondence should be directed to the address on the first page of this letter.

If you have any questions, please feel free to call me at (202) 416-6818. In my absence, you may speak with my colleague, James Segroves, at (202) 416-6871.

Sincerely,

Christopher Wolf

cc:    C. Dixon Osburn, SLDN Executive Director

# ATTACHMENT G



**U.S. Department of Justice**



Office of Information and Privacy

---

*Telephone: (202) 514-3642*                *Washington, D.C. 20530*

**MAR   6 2006**

Mr. Christopher Wolf                Re:    AG/06-R0331; DAG/06-R0387;
Proskauer Rose LLP                          ASG/06-R0388; PAO/06-R0389;
1001 Pennsylvania Ave., N.W.                 OLP/06-R0390; OLA/06-R0391;
Suite 400 South                              OIP/06-R0170; OIPL/06-R0392
Washington, DC 20004-2533

                                     MAP:CLM:SBT

Dear Mr. Wolf:

        This is in response to your letter dated February 14, 2006, in which you clarified that your
Freedom of Information Act (FOIA) request for records pertaining to the surveillance of groups
opposed to the Defense Department's policy known as "Don't Ask, Don't Tell," on behalf of
your client, the Servicemembers Legal Defense Network, was directed to the Office of Informa-
tion and Privacy for processing on behalf of "all offices within OIP's jurisdiction." We have,
accordingly, now opened your request and initiated searches in the Offices of the Deputy
Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovern-
mental and Public Liaison, Public Affairs, and Information and Privacy (OIP). As we advised
you in our letter dated January 26, 2006, we have already initiated a records search in the Office
of the Attorney General.

        We apologize for the confusion regarding the designation of which components would be
searched in response to this request. As you know from our correspondence with you, given that
you did not initially identify any component within OIP's jurisdiction, we simply endeavored to
make a reasonable interpretation of your request and to communicate that interpretation to you.
We will be back in touch with you as our searches are completed.

        If you have any questions, please do not hesitate to contact Sara Tennant, the analyst
handling your request, and she will be happy to assist you.

                                     Sincerely,

                                     *Melanie Ann Pustay*

                                     Melanie Ann Pustay
                                     Deputy Director

# ATTACHMENT H

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

MAR 1 6 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1001 Pennsylvania Ave., N.W.
Suite 400 South
Washington, DC 20004-2533

Re:   AG/06-R0331; DAG/06-R0387;
ASG/06-R0388; PAO/06-R0389;
OLP/06-R0390; OLA/06-R0391;
OIP/06-R0170; OIPL/06-R0392

MAP:KDC:SBT

Dear Mr. Wolf:

This is an interim response to your client's Freedom of Information Act (FOIA) request for records pertaining to the alleged surveillance of groups opposed to the Defense Department's policy known as "Don't Ask, Don't Tell," as well as records concerning a proposal authored by the commission on intelligence chaired by Laurence Silberman and Charles Robb. This response is made on behalf of the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, Public Affairs, and Information and Privacy.

A search was conducted in the Office of Information and Privacy and no responsive records were located. Additionally, searches were conducted in the Office of the Attorney General and the electronic database of the Department Executive Secretariat, which is the official records repository of the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and two documents, totaling ten pages, were located which are responsive to your request. Please be advised that we have referred these documents to the Federal Bureau of Investigation for processing and direct response to you. For your information, these documents concern only the portion of your request regarding the Silberman-Robb Commission. No further records were located in the Office of the Attorney General.

We are continuing our searches for responsive records in the Offices of the Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, and Intergovernmental and Public Liaison, and will respond to you again as the searches are completed.

If you consider my response on behalf of the Offices of the Attorney General and Information and Privacy to be a denial of your request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice,

-2-

1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter.  Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

# ATTACHMENT I

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

MAR 2 3 2006

|       |               |
|-------|---------------|
| Re:   | DAG/06-R0387  |
|       | ASG/06-R0388  |

Mr. Christopher Wolf                              PAO/06-R0389
Proskauer Rose LLP                               OLP/06-R0390
1001 Pennsylvania Ave., N.W.                     OLA/06-R0391
Suite 400 South                                  OIPL/06-R0392
Washington, DC  20004-2533                       MAP:KDC:SBT

Dear Mr. Wolf:

This is our second interim response to your client's Freedom of Information Act request for records pertaining to the alleged surveillance of groups opposed to the Defense Department's policy known as "Don't Ask, Don't Tell," as well as records concerning a proposal authored by the commission on intelligence chaired by Laurence Silberman and Charles Robb.  This response is made on behalf of the Offices of the Deputy Attorney General, Associate Attorney General, Public Affairs, Legal Policy, Legislative Affairs, and Intergovernmental and Public Liaison.

Searches were conducted in the Offices of the Associate Attorney General, Legal Policy, and Intergovernmental and Public Liaison and no responsive records were located.  We are continuing our searches for responsive records in the Offices of the Deputy Attorney General, Public Affairs, and Legislative Affairs, and will respond to you again as the searches are completed.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.

Sincerely,

*Melanie Ann Pustay*

Melanie Ann Pustay
Deputy Director

# ATTACHMENT J

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR   7 2006

Mr. Christopher Wolf                    Re:    DAG/06-R0387
Proskauer Rose LLP                             OLA/06-R0391
1001 Pennsylvania Ave., N.W.                   PAO/06-R0389
Suite 400 South                                MAP:SBT
Washington, DC  20004-2533

Dear Mr. Wolf:

   This is our third interim response to your client's Freedom of Information Act request for records pertaining to the alleged surveillance of groups opposed to the Defense Department's policy known as "Don't Ask, Don't Tell," as well as records concerning a proposal authored by the commission on intelligence chaired by Laurence Silberman and Charles Robb.  This response is made on behalf of the Offices of the Deputy Attorney General, Public Affairs, and Legislative Affairs.

   A search was conducted in the Office of Legislative Affairs and no responsive records were located.  We are continuing our searches for responsive records in the Offices of the Deputy Attorney General and Public Affairs, and will respond to you again as the searches are completed.

   Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.

                    Sincerely,

                    Melanie Ann Pustay
                    Deputy Director

# ATTACHMENT K

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR 1 8 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1001 Pennsylvania Ave., N.W.                Re:    DAG/06-R0387
Suite 400 South                                         PAO/06-R0389
Washington, DC 20004-2533                        MAP:KDC:SBT

Dear Mr. Wolf:

      This is our fourth interim response to your client's Freedom of Information Act request for records pertaining to the alleged surveillance of groups opposed to the Defense Department's policy known as "Don't Ask, Don't Tell," as well as records concerning a proposal authored by the commission on intelligence chaired by Laurence Silberman and Charles Robb. This response is made on behalf of the Offices of the Deputy Attorney General and Public Affairs.

      A search was conducted in the Office of the Deputy Attorney General and no responsive records were located. We are continuing our search for responsive records in the Office of Public Affairs, and will respond to you again once the search is completed.

      Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.

                                        Sincerely,

                                        *Melanie Ann Pustay*

                                        Melanie Ann Pustay
                                        Deputy Director

# ATTACHMENT L



**U.S. Department of Justice**

FILE

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR 2 6 2006

Mr. Christopher Wolf
Proskauer Rose LLP
1001 Pennsylvania Ave., N.W.
Suite 400 South                    Re:    PAO/06-R0389
Washington, DC  20004-2533                MAP:SBT

Dear Mr. Wolf:

This is our final response to your client's Freedom of Information Act request for records pertaining to the alleged surveillance of groups opposed to the Defense Department's policy known as "Don't Ask, Don't Tell," as well as records concerning a proposal authored by the commission on intelligence chaired by Laurence Silberman and Charles Robb. This response is made on behalf of the Office of Public Affairs.

A search was conducted in the Office of Public Affairs and no responsive records were located.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.

Sincerely,

*Melanie Ann Pustay*

Melanie Ann Pustay
Deputy Director