# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>) Case No. 1:06-CV-00200 (RMC)<br>)<br>)<br>)<br>)<br>) |

**THIRD DECLARATION OF WILLIAM T. KAMMER**

I, William T. Kammer, declare the following information to be true and correct:

1. I am the Chief, Office of Freedom of Information (OFOI), Executive Services Directorate, Washington Headquarters Services (WHS), Department of Defense (DoD), and have held that position since August 2005. As Chief, I am responsible for implementation of the DoD Freedom of Information Act (FOIA) Program and issuance of agency-wide policy guidance and instruction on FOIA matters. See 32 C.F.R. § 286. Additionally, OFOI processes initial FOIA requests for documents within the possession and control of the Office of the Secretary of Defense (OSD) and the Joint Staff. I also supervise the processing of FOIA appeals for the OSD and the Joint Staff. Prior to my current position, I have been in several management positions within the office since 1993. I am familiar with the procedures followed in responding to FOIA requests received by OFOI, including the request that forms the basis of this litigation.

1

2. I am familiar with the subject litigation. The statements made in this declaration are based on my personal knowledge and information I have received in my official capacity. The purpose of this declaration is to explain the processing of the January 5, 2006, FOIA requests to the Counterintelligence Field Activity (CIFA) and to OFOI from the Servicemembers Legal Defense Network (SLDN), through its attorneys Christopher Wolf and James Segroves of Proskauer Rose, LLP. Because CIFA is a component of the OSD, and this Office processes FOIA cases for components of the OSD, as explained in paragraph 1, this Office processed these requests as a single request.

3. By letter dated January 5, 2006, plaintiff sent two identical FOIA requests to OFOI and CIFA asking primarily for all records "concerning CIFA's surveillance" of different organizations, as well as "policies, procedures or manuals related to [CIFA's] surveillance" and "documents related to or concerning in any way investigations, inquiries or disciplinary proceedings initiated in response to any actual or potential violations of, or deviations from, any policy, procedure or manual related to the surveillance..." In its request, plaintiff requested expedited processing. By letter dated January 12, 2006, I denied plaintiff's request for expedited processing.

4. CIFA conducted a thorough search for documents responsive to plaintiff's request. Specifically, CIFA has conducted a computer search of the Cornerstone database, which is the repository of TALON reports, for records responsive to this request. By that time, however, CIFA had removed the reports related to protests from the database in accordance with the January 13, 2006, directive from Deputy Secretary of Defense England entitled "Retention and Use of Information for the TALON System." Accordingly, CIFA has also conducted a search of the TALON reports that had been removed from Cornerstone. In addition, CIFA personnel searched all other files that could reasonably be expected to have documents responsive to

2

plaintiff's request, including searches of all e-mail and documents in its communications office. In addition, CIFA conducted manual searches of its shared file network using search criteria that were based upon the FOIA request. No applicable fees were incurred in conducting these searches.

5. Additionally, the requests were sent to the Office of the Under Secretary of Defense for Intelligence [USD(I)] to search for documents responsive to plaintiff's request. USD(I) is the DoD office responsible for the implementation, direction and guidance for DoD Counterintelligence collection reporting, and through the Deputy Under Secretary of Defense for Counterintelligence and Security establishes and sustains DoD Counterintelligence collection reporting programs. USD(I) searched its files for documents responsive to plaintiff's request and located responsive documents, one of which could be immediately released to the plaintiff. On March 20, 2006, OFOI made an interim release to plaintiff of a two page document with the subject, "Background Paper, Department of Defense Counterintelligence Field Activity," and also advised him searches and reviews were still underway.

6. The CIFA search resulted in the finding of three three-page TALON reports. While 'surveillance' is not an accurate term to describe these reports (or indeed, the TALON program as a whole), CIFA treated these documents as responsive because plaintiff's entire request had identified two of the events addressed in those reports in its request. Because information within these documents originated with two other Federal agencies, the reports were referred by OFOI to those agencies for their release recommendations. One of those agencies, U.S. Immigration and Customs Enforcement (ICE), withheld information under 5 USC § 552(b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(E).

7. By letter dated April 3, 2006, OFOI made a second interim release to plaintiff, this time providing the three TALON reports with redactions made by ICE along with a three page

3

letter concerning the TALON program located by USD(I) from Robert W. Rogalski, Deputy Under Secretary of Defense (Counterintelligence and Security) to Senator John Warner dated January 26, 2006 and a two page October 24, 2005, memo signed by Stephen A. Cambone concerning "Mission Tasking Authority."

8. By April 28, 2006, all searches and reviews were complete and OFOI made the final release to plaintiff. By letter dated May 1, OFOI provided four additional documents to plaintiff responsive to items 8 and 9 of his request. A no record response was given for items 1A, 1B, 1C, 1E, 2, 3, 5, 6 and 10. A three page document responsive to item 4 of the request was withheld in its entirety under 5 USC § 552(b)(5). The documents provided included a two-page December 19, 2005 letter from Stephen A. Cambone, Under Secretary of Defense (Intelligence), to Senator John Warner concerning the TALON system; a two-page memo from Deputy Secretary of Defense England dated January 13, 2006 concerning "Retention and Use of Information for the TALON System; a two-page memo from Deputy Secretary Wolfowitz concerning "Collection, Reporting, and Analysis of Terrorist Threats to DoD Within the United States" with a four-page attachment; and a one-page memo from Stephen A. Cambone concerning "The TALON/CORNERSTONE Database."

9. On May 13, 2006, counsel for plaintiff sent a letter to litigation counsel inquiring as to why TALON reports for certain events had not been included in DOD's production. DOD explained in response through litigation counsel that plaintiff had not requested all TALON reports related to LGBT – *i.e.*, lesbian, gay, bisexual, and transgender – organizations, but rather had requested all documents related to "surveillance" of meeting and communications regarding those groups. The TALON program in no way involves surveillance of meetings or communications within any reasonable definition of the word "surveillance." Nonetheless, as stated in DOD's response, instead of requiring SLDN to file another FOIA request or litigate the

4

issue, DOD was willing to treat plaintiff's request as if it called for all TALON reports related to meetings or communications involving LGBT groups. It thus searched for reports containing the following terms: "Albany," "discrimination," "discrim," "don't ask don't tell," "gay," "homosexual," "lesbian," "LGBT," and "sexual." That search found five TALON reports, each of which is two or three pages in length.

10. These five TALON reports were sent to the Army and ICE for their coordination. ICE withheld information under 5 USC § 552(b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(E). DOD OFOI provided these reports to Mr. Segroves by letter dated June 15, 2006.

11. It is my understanding that, based on an agreement between the parties, the only redactions or withholdings that potentially remain at issue in this litigation are the redactions of the source, coordinating agencies, and persons briefed locally in the various TALON reports. It is also my understanding that ICE has subsequently withdrawn its objection to release of that information. However, ICE determined that the decision as to a subset of the redactions had to be made by the FBI. The FBI had not yet made the determination as of June 28, 2006. Accordingly, this declaration does not address the justification for any redactions or withholdings, and I will submit a supplemental declaration through counsel as soon as the FBI makes a determination.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated this 28th day of June 2006, in Arlington Virginia.

_William T. Kammer_
William T. Kammer

5