# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>UNITED STATES DEPARTMENT )<br>OF DEFENSE )<br>)<br>Defendant )<br>) | Case No. 1:06-CV-00200(RMC) |

## FIFTH DECLARATION OF WILLIAM T. KAMMER

I, William T. Kammer, declare under penalty of perjury that the following information is true and correct:

1. I am submitting this declaration to supplement the declaration I submitted with defendants' motion for summary judgment.

2. The Freedom of Information Act request of the Servicemembers Legal Defense Network called for two types of documents. The first six items of the request asked for documents related to surveillance of gay and lesbian groups. We agreed to treat these items as calling for all TALON reports related to gay and lesbian groups, even though the language of the request did not call for such documents. The second set of items (items 7-10) asked for specifically identified memoranda, documents responding or relating thereto, and documents related to what plaintiff identified as a recommendation of the Silberman-Robb Commission.

3. As explained previously, CIFA conducted a search for documents

1

responsive to plaintiff's request because it was responsible for maintaining the TALON database and for running the TALON program. In addition, because we believed that the Office of the Under Secretary of Defense for Intelligence (USD(I)) was likely to have documents responsive to at least some of the remaining requested items, we tasked that office to search for such documents. USD(I) was not likely to have documents responsive to items 1-6 because, even accounting for our reformulation of the request to include TALON reports, CIFA was responsible for maintaining the TALON database, and the reports that were collected in that database regarding gay and lesbian groups came from sources around the country, not USD(I).

4. The USD(I) action officer tasked to search for documents responsive to items 7-10 searched all electronic files within the USD(I) Counterintelligence ("CI") Directorate central repository. This repository contains all work accomplished by the directorate. Specifically, he reviewed the title of each file and opened each electronic file in the respective directory that he believed could potentially have contained records responsive to the plaintiff's request.

5. In addition, the action officer searched the directorate's hard-copy file of TALON-related documents, which was assembled in response to the public discussion of the program and the directorate's initiative to assemble files pertaining to TALON in one central location in order to respond to inquires within the Department concerning the program. The employees who assembled the file were already familiar with the documents that existed regarding the program and reinforced their own knowledge by speaking with individuals in various offices, including CIFA, who were knowledgeable

about the TALON program and the documents related thereto. This search located the documents that SLDN's request had specifically identified, as well as related documents discussed in paragraphs 5, 7, and 8 of my declaration submitted in support of defendants' motion for summary judgment.

6. In the course of gathering additional information about USD(I)'s search, USD(I) realized that 5 pages of documents that are exempt under 5 USC § 552(b)(3), (5) were not accounted for in our responses to SLDN's request. Specifically, there was a cover memorandum, and two arguably responsive attachments, to the previously released October 24, 2005 memorandum from Under Secretary of Defense for Intelligence, Dr. Stephen Cambone, that accompanied the document when it was submitted to Dr. Cambone. USD(I) has determined that these documents are exempt from release under 5 USC § 552(b)(3) and (b)(5) and is providing a separate declaration which further explains its justification for withholding the information.

6. I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of September 2006, at Arlington, Virginia.

*William T. Kammer*

William T. Kammer

3