UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICEMEMBERS LEGAL DEFENSE NETWORK | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No: 1:06-CV-00200 (RMC) |
| UNITED STATES DEPARTMENT OF DEFENSE, *et al.* | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF JOHN M. SMITH

I, John M. Smith, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

(1) I am the Deputy General Counsel (Intelligence) in the Office of the General Counsel of the Department of Defense. I have served in this office since May 2004. I serve as the legal advisor to the Office of the Under Secretary of Defense for Intelligence (OUSD(I)), and I am responsible for, among other responsibilities, Freedom of Information Act (FOIA) matters relating to requests submitted to the DoD OUSD(I). I personally review FOIA requests as part of my official duties. The statements in this declaration are based upon my personal knowledge, upon my review of information available to me in my official capacity, and upon my conclusions.

(2) I have prepared this declaration to be filed in this case with the defendants' reply to defendants' motion for summary judgment.

(3)  The FOIA request of plaintiff, Servicemembers Legal Defense Network (SLDN), was directed to me to coordinate a response from the OUSD(I).  In responding to the subject FOIA request, the OUSD(I) action officer conducted a comprehensive search of files reasonably likely to contain records responsive to plaintiff's request.  That search is explained in greater detail in the accompanying declaration of Mr. William T. Kammer, Chief, Office of Freedom of Information (OFOI), Executive Services Directorate, DoD Washington, Headquarters Services.

(4)  In the course of gathering additional information about the OUSD(I)'s search,  I became aware of three documents consisting of 5 pages, total, in relevant files, which were not accounted for in our original responses to the SLDN request.  Specifically, three arguably responsive documents relating to the October 24, 2005, memorandum from the Under Secretary of Defense for Intelligence (USD(I)), Dr. Stephen Cambone, that accompanied that document when it was submitted to Dr. Cambone for his consideration, were inadvertently omitted.  I have reviewed each page of the three documents.  The first document is a one-page memorandum from the Deputy Under Secretary of Defense for Counterintelligence and Security (DUSD(CI&S)) to Dr. Cambone.  The next is a two-page document titled, "Implementation Plan."  The last is a two-page document that contains coordination information.  DoD has determined that it should withhold these three documents in full pursuant to 5 U.S.C. § 552(b)(5) and, in part, pursuant to 5 U.S.C. § 552 (b)(3).

(5)  Each of the documents is described below in greater detail.  FOIA exemption 5 permits the withholding of:

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

5 U.S.C. § 552 (b)(5). This exemption encompasses documents protected by the deliberative-process privilege.

(6) FOIA exemption 3 permits the withholding of information that is exempted by a specific statute. The exemption allows for withholding documents "specifically exempted from disclosure by statute" other than FOIA. Two disjunctive requirements must be met for this exemption to apply: the statute in question either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." A statute thus falls within the exemption's coverage if it satisfies either one of its disjunctive requirements. Organizational and personnel information from several intelligence agencies is exempted from disclosure under 10 U.S.C. § 424.

### Index of Documents

(7) <u>Memorandum, undated</u>. This document is a single-page memorandum from the DUSD(CI&S) addressed to the USD(I) with the subject "Mission Tasking Authority for the Counterintelligence Field Activity (CIFA)." It contains a description of pre-decisional recommendations from DoD components concerning the above subject; the pre-decisional recommendation of the DUSD(CI&S); and identification of an alternate option that was considered but not adopted. There is no segregable information. Accordingly, DoD has withheld this document in full pursuant to the deliberative-process privilege under FOIA exemption (b)(5).

(8) <u>Implementation Plan, undated</u>. This is a two-page document, which outlines DoD's responsibility to develop a course of action in response to a tasking from outside the Department for ultimate submission to the National Security Council. The document was drafted in response to a recommendation of the Silberman-Robb Commission. The two-page document contains a description of a course of action for providing CIFA with mission tasking authority for the

Department, and a description of potential execution of the option by CIFA. The document represents the product of internal deliberations in the form of analysis, estimates, recommendations, and other nonfactual information concerning CIFA. It consists entirely of recommended actions and therefore contains no reasonably segregable information. Accordingly, DoD has withheld this document in full pursuant to the deliberative-process privilege under FOIA exemption (b)(5).

(9) "Coordination" information, undated. This is a two-page document containing the information concerning the coordination of the draft documents prior to the USD(I) review and final decision concerning the mission-taking authority of CIFA. This information is a part of the process by which DoD evaluates drafts and proposals for analysis and recommendations to various offices and components within the Department. These offices provide recommendations, analysis, or legal review to aid the ultimate decision-maker. The coordination sheet contains the names of officials whose recommendations and opinions the USD(I) and those advising him evaluate when considering the pre-decisional options. These pages are an integrated requirement of any pre-decisional option memorandum submitted for consideration. These pages reveal the decision maker's thought process when providing analysis and recommendations. More specifically, these pages reveal the action officer's assessment of where each of the pre-decisional courses of action regarding mission tasking authority have an impact, as well as those entities which would be most significant to the decision-maker. In this instance, given the limited commentary, the presence of the offices and employees on the list reveals their pre-decisional recommendations by identifying those who agreed with the proposed policy. In addition, certain of the names are exempt from disclosure under 10 U.S.C. § 424, which exempts organizational and personnel information from certain organizations in the Department of

Defense.  Accordingly, DoD has withheld this document in full pursuant to the deliberative-process privilege under FOIA exemption (b)(5), and in part, pursuant to exemption (b)(3).

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of September 2006, at Arlington, Virginia.

JOHN M. SMITH
Deputy General Counsel
(Intelligence)
Department of Defense